PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

United States District Court
Southern District of Texas
FILED

DEC 13 2001

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT

## FOR THE **SOUTHERN** _____ DISTRICT OF TEXAS

**BROWNSVILLE** _____ Division

## B - 01 - 205

## PETITION FOR A WRIT OF HABEAS CORPUS BY A
## PERSON IN STATE CUSTODY

| | |
|---|---|
| **SANTOS MONTOYA** | **ELLIS UNIT, TDCJ/ID** |
| PETITIONER | CURRENT PLACE OF CONFINEMENT |
| (Full name of Petitioner) | |
| | **544493** |
| VS. | PRISONER ID NUMBER |
| **Janie Cockrell, Director** | |
| RESPONDENT | CASE NUMBER |
| (Name of TDCJ Director, Warden, Jailor, or authorized person having custody of petitioner) | (Supplied by the Clerk of the District Court) |

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3. When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6.  Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7.  When you have finished filling out the petition, mail <u>the original and two copies</u> to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody.  A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library.  You may use this list to decide where to mail your petition.

8.  *Petitions that do not meet these instructions may be returned to you.*

## PETITION

### What are you challenging?  (Check <u>only</u> one)

☐   A judgment of conviction or sentence,        (Answer Questions 1-4, 5-12 & 20-23)
     probation or deferred-adjudication probation

☒   A parole revocation proceeding.              (Answer Questions 1-4, 13-14, & 20-23)

☒   A disciplinary proceeding.                   (Answer Questions 1-4, 15-19 & 20-23)

### All petitioners must answer questions 1-4:

1.  Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
    **138th Judicial District, Cameron County, Texas**

2.  Date of judgment of conviction:  **03-26-90**

3.  Length of sentence:  **85 Years, Aggravated**

4.  Nature of offense and docket number (if known):  **Murder**

### Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5.  What was your plea? (Check one)

    ☒   Not Guilty        ☐   Guilty        ☐   Nolo contendere

6.  Kind of trial: (Check one)   ☒   Jury        ☐   Judge Only

- 2 -

CONTINUED ON NEXT PAGE

7.    Did you testify at the trial?    ☐    Yes    ☒    No

8.    Did you appeal the judgment of conviction?    ☒    Yes    ☐    No

9.    If you did appeal, in what appellate court did you file your direct appeal?

_____Cause Number (if known) _____

What was the result of your direct appeal (affirmed, modified or reversed):_____

What was the date of that decision? _____

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Result: _____

Date of result: _____Cause Number (if known):_____

If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

Result: _____

Date of result: _____

10.    Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

☐    Yes    ☐    No

11.    If your answer to 10 is "Yes," give the following information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.

_____

Grounds raised: _____

_____

- 3 -                                                    **CONTINUED ON NEXT PAGE**

<u>Date</u> of final decision: _____

Name of court that issued the final decision: _____

As to any <u>*second*</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

_____ . _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.

_____

Grounds raised: _____

_____

_____

<u>Date</u> of final decision: _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12.   Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?

☐   Yes        ☐   No

(a)   If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

_____

_____

(b)   Give the date and length of the sentence to be served in the future: _____

_____

(c)   Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

☐   Yes        ☐   No

- 4 -        CONTINUED ON NEXT PAGE

**Parole Revocation:**

13.      Date and location of your parole revocation: _____

14.      Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

         ☐    Yes        ☐    No

      If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.      For your original conviction, was there a finding that you used or exhibited a deadly weapon?    ☐ Yes    ☒ No

16.      Are you eligible for mandatory supervised release?    ☐ Yes    ☒ No

17.      Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

      **Ellis Unit** _____

      Disciplinary case number: **20000131974;20000144473;20000149568;** **20000149580;20000137804;20000137808;20000137811;20000160050;** **20000160064;20000229898;20000260865**

18.      Date you were found guilty of the disciplinary violation: **Approx.June 1999-Dec.1999**

      Did you lose previously earned good-time credits?    ☒ Yes    ☐ No

      Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: **Loss of Class from S-3 to L-3,at least 270 days; denial of parole consideration due to loss of class**

19.      Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

         ☒    Yes        ☐    No

      If your answer to Question 19 is "yes," answer the following:

      Step 1  Result: **All Denied** _____

      Date of Result: **See attached** _____

      Step 2  Result: **see attached** _____

        CONTINUED ON NEXT PAGE

**Attachment for question number 19.**

**The following are some of the grievance step one and
two procedures which are available to the court.**
**Grievance Number 20009975**
**Step 1 filed 4-11-2000**
**Denied:05-16-00**
**Step two filed 05-22-00**
**Denied 06-05-00**
**Grievance Number 20000108595**
**Filed 05-04-00**
**Denied 06-02-00**
**Step two filed 06-03-00**
**Denied on 06-22-00**
**Grievance number 2000128241**
**Filed on 06-14-00**
**Denied on 07-06-00**
**Step 2 filed on 07-14-00**
**Denied on 08-02-00**
**Grievance number 2001056408**
**filed 11-24-00**
**Denied   12-29-00**
**Step two missing but was filed**
**Grievance number 2001030779**
**Filed on 10-17-00**
**Denied on 11-21-00**
**Step two filed on 11-25-00**
**Denied on Dec-07-00**
**Grievance number 2001030779**
**Filed on 10-17-2000**
**Denied 11-21-00**
**Step two filed on 11-25-00**
**Denied on ?**

**On October 1, 2000 Petitioner attempted to obtain copies**

**continue on page 2**

**Attachment for question number 19.**

The following are some of the grievance step one and two procedures which are available to the court. ....continue of 12 disciplinary cases from Mr. Wise from the Ellis Unit. See I-60 enclosed. No copies are available of the I-60 and the clerk will, if needed, be required to make copies of the I-60.

I declare that the above is true and correct to the best of my knowledge and under penalty of perjury so declare. Sincerely,


**Santos Montoya**

Date of Result: _____

**All applicants must answer the remaining questions:**

20.    State <u>clearly</u> every ground on which you claim that you are being held unlawfully.
       Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages
       stating additional grounds and facts supporting them.

       **CAUTION:**
       <u>Exhaustion of State Remedies:</u> You must ordinarily present your arguments to the highest
       state court as to each ground before you can proceed in federal court.
       <u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred
       from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each
statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you
have exhausted your state court remedies. However, <u>you should raise in this petition all available grounds</u>
(relating to this conviction) on which you base your belief that you are being held unlawfully.

<u>DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS.</u>  Instead, you must also STATE
the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)    Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or
       made without an understanding of the nature of the charge and the consequences of the plea.

(b)    Conviction obtained by the use of a coerced confession.

(c)    Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)    Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)    Conviction obtained by a violation of the privilege against self-incrimination.

(f)    Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to
       the defendant.

(g)    Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and
       impaneled.

(h)    Conviction obtained by a violation of the protection against double jeopardy.

(i)    Denial of effective assistance of counsel.

(j)    Denial of the right to appeal.

(k)    Violation of my right to due process in a disciplinary action taken by prison officials.

CONTINUED ON NEXT PAGE

A.   GROUND ONE: **Denial of restoration of good time credit**

   **and class status lost.**

   Supporting FACTS (tell your story briefly without citing cases or law):

   **In addition to the arguments presented in the attached**

**memorandum of law the core of the issue revolves around**

**a medical problem unrecognized by TDCJ/ID officials for**

**which eleven disciplinary reports were filed and good time**

**credit and status resulted in addition loss of other privileges.**

**Later a doctor diagnosed that petitioner had indeed chronic**
**lymphedema. See attached memo.**

B.   GROUND TWO: _____ **n/a** _____

   _____

   Supporting FACTS (tell your story briefly without citing cases or law):

   _____

   _____

   _____

   _____

   _____

C.   **GROUND THREE:** _____

   _____

   Supporting FACTS (tell your story briefly without citing cases or law):

   _____

   _____

   _____

   _____

   _____

CONTINUED ON NEXT PAGE

D.   **GROUND FOUR:** _____ **n/a** _____

_____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_____

_____

_____

_____

_____

21.   Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

□    Yes                    ☒    No

If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

_____ **n/a** _____

_____

_____

22.   Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

□    Yes                    ☒    No

If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

- 8 -                              *CONTINUED ON NEXT PAGE*

23.    Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☐    Yes          ☑    No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

**n/a**

_____

_____

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _11 - 29 - 2001_____ (month, date, year).

Executed on _11 - 29 - 2001_____ (date).

_____
Signature of Petitioner (required)

Petitioner's current address:  Santos Montoya   544493

_____  Ellis

_____  Huntsville, Tx. 77343

-9-

# MEMORANDUM OF LAW

**ISSUE: TIME CREDIT**

Seeking restoration of good time credits must proceed in habeas corpus because it challenges the length and duration of confinement. See: Presier v. Rodriquez, 411 U.S. 475, 93 S.Ct. 1827 (1973), this law has not been effected by the adoption of the Good Time Credit Resolution Act which went into effect January 2000.

As previous stated, the Petitioner filed a Time Credit Dispute Resolution with the Texas Department of Criminal Justice pursuant to Government Code Sections 498.003, 498.004, 508.145, 508.17, and 501.0091 to no availed.

The Petitioner times was forfeited due to TDCJ Officials which were determined to assigned job assignments which made medical conditions worst. The medical staff and supervisors including disciplinary officers did not acknowledge that the Petitioner was suffering from a legitimate medical problem although they could see physical evidence. As the results and as a last alternative the Petitioner refused to work under extreme painful physical and mental conditions. Each department would denied the Petitioner request for relief, because the medical problem complain was not in his medical records although they could see that Petitioner's whole leg was swollen. The disciplinary officer would also claim they were helpless to

1.

side with the Petitioner because his medical complain was not on record, although they could see that the Petitioner did have an undocumented medical problem. After several disciplinary procedures which resulted in the lost of good time credit and class status. Finally, Petitioner was seen by a Doctor which acknowledged that the Petitioner had Chronic Lymphedema. Chronic Lymphedema was not developed during the incarceration of the Petitioner. Petitioner had Chronic Lymphedema for years, it was TDCJ/ID which refused to acknowledge, specifically a physician assistant name Bachmann, it took eleven disciplinary cases and numerous lost of good time credit and class status before Doctor Cherian acknowledged what the Petitioner had complained about as to his reasons for refusing to work under conditions which were painful.

The medical records were reviewed by an attorney Walter Pink and a State Representative Terri Hodge, both will testify that the medical complain was a legitimate medical complain. Even after all this facts, TDCJ/ID refuses to reinstate the good time lost and the class status and all good time which would have been earned without the demotion of class. The Supreme Court of the United States has consistently held that the lost of good time has a liberty interest. See: Sandin v. Conner, 515 U.S. 472, 115 S.Ct. at 2297. Petitioner's time credits when not restored their loss have an impact on the duration of the sentence, liberty interest are also implicated.

2.

The Supreme Court has also stated that prison officials have a duty under the Eighth Amendment to the United States Constitution to provide humane conditions of confinement. The prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must also be protect from violence at the hands of others prisons. The prison officials while acting under color of law and in their official capacity and with deliberate indifference denied even the minimum standard. They could see the physical problem, they acknowledge there was something wrong, but because it was not documented, the problem did not officially existed! The Petitioner's physical problem was not of the nature that could not be seen by others, it was very obvious upon a mire visual inspection, chronic lymphedema is a painful swelling and any type of conditions which restricts the flow of blood to that extremity aggravates it causing even greater swelling and pain.

As the results of the prison officials, directly and by their omission, they violated the Petitioner's 8th Amendment , causing extreme physical pain, mental suffering and a lost of good time and class status, knowingly and intentionally when it was in their power to correct the problem, and it was a constitutional duty and obligation by law, yet, they with deliberate indifference cause the substantial risk and serious harm to the Petitioner.

The court may request the following to assist in

3.

resulting this issue simply by ordering the Texas
Department of Criminal Justice to produce the following
records and reviewing them, and through the live
testimonies of Attorney Walter Pink, State Representative
Terri Hodges and other witnesses . The court should request
for review Petitioner's medical records and disciplinary
records all eleven disciplinary cases and tapes, and class
status records, as well as job assignments records and
living quarter records. The living quarter records will
show that Petitioner was also punished through the
deprivation of other privileges. In additional the court
should request copies of all grievance filed by the
Petition and the responses to those grievance, as well as,
copies of all Inmate's Correspondence on file regarding
this deprivation of Petitioner's Eighth Amendment claim, as
the deliberate indifference of prison officials. Upon
review of the same, the Petitioner request the court will
grant a hearing to resolve this matter as well as allow the
Petitioner to develop his argument through his presentation
of other evidence before the court in person, and through
discovery and cross examination of the adverse witnesses.

In the alternative, that this court will order TDCJ/ID
to restored all good time credits due and the restoration
of his class status and for the prison disciplinary records
to be expunged from the records.

4.

WHEREFORE PREMISES CONSIDERED, the Petitioner Pray the court will grant him relief.

Respectfully submitted,



Santos Montoya, Petitioner Pro-se

Prepared by: R.J. Perez

## TIME CREDIT DISPUTE RESOLUTION

**Santos Montoya, Offender**
**TDCJ/ID # 544493**
**Ellis Unit**
**Huntsville, Texas   77340**

To: Time Section
    Classification & Records Headquarters
    BOT Warehouse
    Huntsville, Texas   77340

IN RE: Time Credit Resolution

 Due to the new rules governing the resolution of good
time pursuant to Government Code Sections 498.003,498.004,
508.145,   508.17,   501.0091   and   Dispute Resolution under
Government Code Section 501.0081 which no one here(at the
Law Library) seems to know anything about , I request the
following restoration of good time credit.

 This may or may not be the appropriate channel to
resolve this problem and an Article 11.07 Post Conviction
Writ of habeas corpus (Code of Criminal Procedure) in State
level might be the proper jurisdiction, however, because of
the new law that went into effect on January 1, 2000
regarding good time credit, the following is submitted in
good faith, and in an attempt to exhaust Administrative
remedies.

 The lost of good time and class status is the direct
results of a legitimate medical condition which I have and
have had for numerous years. The medical condition which I
suffered preclude me from certain job assignments which
could aggravated the medical condition without the
restrictions. When I first arrived into the Texas
Department of Criminal Justice/Institution Division the
medical staff noted that I had several medical problems. On

1.

April 18, 1990 my medical PULHES showed: 1. Injury to Right Leg; 2. Chronic Rhinitis; 3. Wound on Right Knee and 4. Hearing Problem. I was given numerous work restrictions.

At the Ellis Unit the attending physician assistant ignored the medical limitations which caused me to have painful swelling. The swelling did not allow me to continue working at the assigned task. I was assigned to serve on the serving line while sitting on milk crates which reduced the blood circulation to my leg. Any one familiar with milk crates will know that they are not smooth and even on a normal person they can and do restrict blood flow of the bottom extremities. The medical problem was made known to the immediate supervisor but the medical department, specifically P.A. BACHMANN denied before the disciplinary committee that I had such a medical problem. As a result of the swelling and pain, I refused to work and was given a total of eleven disciplinary cases which resulted in the loss of good time and class status .

Finally, a doctor, Dr. Cherian discovered that I had Chronic Lymphedema which was the cause of the swelling and pain.

Chronic Lymphedema was not something I had developed overnight but which had existed since before I had arrived in TDCJ, but, not recognized before. The same medical problem was the reason why I refused to work under the job assignment conditions which in return brought about the disciplinary cases and loss of good time credits.

I have always had a legitimate medical reason and my medical records today, as well as, in the past shows that I suffer from chronic lymphedema for years.

I have filed several Grievances to no avail and my medical records have been reviewed by Mr. Walter Pink, an attorney and State Representative Terri Hodge, both will testify to the fact that the medical complain was a legitimate medical complain. It is the false pride of the Texas Department of Criminal Justice/Institution Division

2.

which stands between admitting fault and restoration of my class status from S3 on Nov.11,1999 to L1 on 1-13-00 and L2 on 1-23-00 to L3 on 3-31-00.

If this office is the proper division for such a resolution, than all I request is the restoration to S3 back dated with all good time and work time credits earned since 11-19-99.

If this office lacks jurisdiction to resolve this matter, please let me know so I may continue with the proper litigation in State and Federal Court for the restoration of my class and time under cruel and unusual punishment, Eighth Amendment claim.

Thank you for your time and consideration in this important matter.

Sincerely,


Santos Montoya

cc:

    Walter Pink, Attorney

    Terri Hodge, State Representative

    Writ Exhibits (if needed)

    file

3.