4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 8 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| *SANTOS MONTOYA,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. B-01-205 |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

**RESPONDENT COCKRELL'S MOTION FOR SUMMARY JUDGMENT
WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Janie Cockrell, Director, Texas Department of Criminal Justice, Institutional

Division, Respondent ("the Director"), by and through her attorney, the Attorney General of Texas,

and files this her Motion for Summary Judgment with Brief in Support.

**I.**

**JURISDICTION**

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C.

§§ 2241, 2254.

**II.**

**DENIAL**

The Director denies each allegation of fact made by Petitioner, Santos Montoya ("Montoya"),

except those supported by the record and those specifically admitted herein.

**III.**

**STATEMENT OF THE CASE**

The Director has lawful custody of Montoya pursuant to a judgment and sentence in the 138th

Judicial District Court of Cameron County, Texas, in cause number 90-CR-68-B, styled *The State*

*of Texas v. Santos Montoya*. Exhibit A with attached explanations. Montoya pleaded not guilty to

the first-degree felony offense of murder with a deadly weapon. Exhibit A. On March 26, 1990, the

trial court found Montoya guilty and punishment was assessed at eighty-five years imprisonment. Exhibit A.

The Director also has lawful custody of Montoya pursuant to a fifteen year sentence assessed on November 17, 1989, after pleading guilty to the felony offense of possession of marijuana in the 138th Judicial District Court of Cameron County, Texas, in cause number 89-CR-911-B. Exhibit A. A procedural history of any appeals or state writ applications is unnecessary for the disposition of the instant petition because the validity of his holding convictions is not directly at issue; rather, Montoya challenges prison disciplinary hearings.

In disciplinary case number 20000131974, Montoya was found guilty of refusing to work, a level 2, code 25 violation. Exhibit B at 1.[1] On December 31, 1999, as a result of this disciplinary case, Montoya received seven days commissary restriction. Exhibit B at 1. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. Exhibit C at 9.[2] On November 21, 2000, Montoya's step one grievance was denied. Exhibit C at 10. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. Exhibit C at 11. On December 7, 2000, Montoya's step two grievance was denied. Exhibit C at 12.

In disciplinary case number 20000144473, Montoya was found guilty of refusing to work, a level 2, code 25 violation. Exhibit B at 4. On January 12, 2000, as a result of this disciplinary case, Montoya received thirty days cell restriction, thirty days commissary restriction, and suspended contact visitation. Exhibit B at 4, 9. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. Exhibit C at 9. On November 21, 2000, Montoya's step one grievance was denied. Exhibit C at 10. On November 29, 2000, Montoya filed a step two grievance

---

[1]   The records for disciplinary case numbers 20000131974, 20000144473, 20000149568, 20000149580, 20000137804, 20000137808, 20000137811, 20000160050, 20000160064, 20000229898, and 20000260865, and a business records affidavit are attached as Exhibit B. For the convenience of the court, the Director has numbered the pages of Exhibit B with page 1 being the page following the attesting affidavit.

[2]   The grievance records for disciplinary case numbers 20000131974, 20000144473, 20000149568, 20000149580, 20000137804, 20000137808, 20000137811, 20000160050, 20000160064, 20000229898, and 20000260865, and a business records affidavit are attached as Exhibit C. For the convenience of the court, the Director has numbered the pages of Exhibit C with page 1 being the page following the attesting affidavit.

appealing the disciplinary proceeding. Exhibit C at 11. On December 7, 2000, Montoya's step two grievance was denied. Exhibit C at 12.

In disciplinary case number 20000149568, Montoya was found guilty of refusing to work, a level 2, code 25 violation. Exhibit B at 10. On January 20, 2000, as a result of this disciplinary case, Montoya's line class was reduced from S3 to S4, and he received a verbal reprimand. Exhibit B at 10, 15. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. Exhibit C at 9. On November 21, 2000, Montoya's step one grievance was denied. Exhibit C at 10. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. Exhibit C at 11. On December 7, 2000, Montoya's step two grievance was denied. Exhibit C at 12.

In disciplinary case number 20000149580, Montoya was found guilty of refusing to work, a level 2, code 25 violation. Exhibit B at 16. On January 20, 2000, as a result of this disciplinary case, Montoya's punishment was assessed at a loss of fifteen days of good time, his line class was reduced from S4 to L1, and he received twenty days commissary restriction. Exhibit B at 16, 21. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. Exhibit C at 9. On November 21, 2000, Montoya's step one grievance was denied. Exhibit C at 10. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. Exhibit C at 11. On December 7, 2000, Montoya's step two grievance was denied. Exhibit C at 12.

In disciplinary case number 20000137804, Montoya was found guilty of refusing to work, a level 2, code 25 violation. Exhibit B at 22. On January 23, 2000, as a result of this disciplinary case, Montoya received seven days commissary restriction, and a verbal reprimand. Exhibit B at 22. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. Exhibit C at 9. On November 21, 2000, Montoya's step one grievance was denied. Exhibit C at 10. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. Exhibit C at 11. On December 7, 2000, Montoya's step two grievance was denied. Exhibit C at 12.

In disciplinary case number 20000137808, Montoya was found guilty of refusing to work, a level 2, code 25 violation. Exhibit B at 25. On January 23, 2000, as a result of this disciplinary case,

Montoya received fifteen days commissary restriction, and a verbal reprimand. Exhibit B at 25. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. Exhibit C at 9. On November 21, 2000, Montoya's step one grievance was denied. Exhibit C at 10. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. Exhibit C at 11. On December 7, 2000, Montoya's step two grievance was denied. Exhibit C at 12.

In disciplinary case number 20000137811, Montoya was found guilty of refusing to work, a level 2, code 25 violation. Exhibit B at 28. On January 23, 2000, as a result of this disciplinary case, Montoya received thirty days cell restriction. Exhibit B at 28. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. Exhibit C at 9. On November 21, 2000, Montoya's step one grievance was denied. Exhibit C at 10. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. Exhibit C at 11. On December 7, 2000, Montoya's step two grievance was denied. Exhibit C at 12.

In disciplinary case number 20000160050, Montoya was found guilty of refusing to work, a level 2, code 25 violation. Exhibit B at 31. On January 28, 2000, as a result of this disciplinary case, Montoya's punishment was assessed at a loss of forty-five days of good time, and he received thirty days special cell restriction, thirty days commissary restriction, thirty days property restriction, and thirty days recreation restriction. Exhibit B at 31, 36. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. Exhibit C at 9. On November 21, 2000, Montoya's step one grievance was denied. Exhibit C at 10. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. Exhibit C at 11. On December 7, 2000, Montoya's step two grievance was denied. Exhibit C at 12.

In disciplinary case number 20000160064, Montoya was found guilty of refusing to work, a level 2, code 25 violation. Exhibit B at 39. On January 28, 2000, as a result of this disciplinary case, Montoya's line class was reduced from L1 to L2, and he received five days commissary restriction. Exhibit B at 39. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. Exhibit C at 9. On November 21, 2000, Montoya's step one grievance was denied. Exhibit C at 10. On November 29, 2000, Montoya filed a step two grievance appealing the

4

disciplinary proceeding. Exhibit C at 11. On December 7, 2000, Montoya's step two grievance was denied. Exhibit C at 12.

In disciplinary case number 20000229898, Montoya was found guilty of refusing to work, a level 2, code 25 violation. Exhibit B at 45. On April 5, 2000, as a result of this disciplinary case, Montoya's punishment was assessed at a loss of ninety days of good time, his line class was reduced from L2 to L3, and he received thirty days special cell restriction, thirty days commissary restriction, thirty days property restriction, and thirty days recreation restriction. Exhibit B at 45, 48. On April 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. Exhibit C at 1. On May 16, 2000, Montoya's step one grievance was denied. Exhibit C at 2. On May 22, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. Exhibit C at 3. On June 5, 2000, Montoya's step two grievance was denied. Exhibit C at 4. On October 17, 2000, Montoya filed a second step one grievance appealing the disciplinary proceeding. Exhibit C at 9. On November 21, 2000, Montoya's step one grievance was denied. Exhibit C at 10. On November 29, 2000, Montoya filed a second step two grievance appealing the disciplinary proceeding. Exhibit C at 11. On December 7, 2000, Montoya's step two grievance was denied. Exhibit C at 12.

In disciplinary case number 20000260865, Montoya was found guilty of refusing to work, a level 2, code 25 violation. Exhibit B at 53. On May 3, 2000, as a result of this disciplinary case, Montoya's punishment was assessed at a loss of 120 days of good time, and he received thirty days special cell restriction, thirty days commissary restriction, thirty days property restriction, and thirty days recreation restriction. Exhibit B at 53, 60. On May 5, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. Exhibit C at 5. On June 2, 2000, Montoya's step one grievance was denied. Exhibit C at 6. On June 12, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. Exhibit C at 7. On June 22, 2000. Montoya's step two grievance was denied. Exhibit C at 8. On October 17, 2000, Montoya filed a second step one grievance appealing the disciplinary proceeding. Exhibit C at 9. On November 21, 2000, Montoya's step one grievance was denied. Exhibit C at 10. On November 29, 2000, Montoya filed a second step two grievance appealing the disciplinary proceeding. Exhibit C at 11. On December 7, 2000,

Montoya's step two grievance was denied. Exhibit C at 12.

## IV.

## STATE COURT RECORDS

Records of Montoya's state court proceedings are irrelevant to the resolution of this case; therefore, unless the court orders otherwise, they will not be forwarded to the court. However, a TDCJ-ID computer record providing information regarding Montoya's convictions is attached as Exhibit A. Records of the disciplinary proceedings Montoya challenges are attached as Exhibit B. Records of Montoya's prison grievances regarding the challenged disciplinary proceedings are attached as Exhibit C.

## V.

## PETITIONER'S ALLEGATIONS

The Director understands Montoya to allege the following grounds of error:

1.     He received the disciplinary punishments for a medical condition unrecognized by TDCJ-ID;

2.     He was subjected to the loss of good time credit for failure to perform work assignments which made his medical condition worse;

3.     He was denied his request for relief because his medical condition was not in his medical records although it was evident that he suffered from medical problems; and

4.     TDCJ-ID officials violated his constitutional rights although they were aware of the extent of his medical problems.

Fed. Writ Pet. at 7-8.[3]

## VI.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Director specifically reserves the right to argue whether Montoya has exhausted his state court remedies pursuant to 28 U.S.C. §§ 2254(b), (c), and whether he has procedurally defaulted his claims set forth above.

------

[3] Montoya includes a thirty-seven page attachment following his federal petition to further explain his claims.

# VII.

## RESPONDENT COCKRELL'S MOTION FOR SUMMARY JUDGMENT

### A.    Standard of review.

A party moving for summary judgment bears the burden of informing the court of the basis for the motion and identifying pleadings and other record evidence that demonstrate the absence of any genuine issues of material fact. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir. 1990), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). If the moving party makes the required showing, then the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). Here, the record developed shows that the Director is entitled to judgment as a matter of law.

Montoya signed the instant petition on November 29, 2001, and it was filed with the court on December 13, 2001. Fed. Writ Pet. at 9, 1, respectively.[4] Since Montoya's petition was filed after April 24, 1996, his petition is subject to review under the 1996 amendments to the habeas corpus statutes, the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"). *See* 28 U.S.C. § 2254 (2001). *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S. Ct. 2059, 2061, 2068 (1997) (the AEDPA does not apply to petitions filed before the AEDPA took effect; "the new provisions of [the AEDPA] generally apply only to cases filed after the Act became effective"); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997) (AEDPA applies to a petition filed by a state prisoner after April 24, 1996), *cert. denied*, 525 U.S. 859, 119 S. Ct. 144 (1998).

The AEDPA provides that:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court. The

---

[4] The Fifth Circuit has held "a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing." *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998). Montoya's federal petition is dated November 29, 2001, which the Director utilizes for all relevant calculations. Fed. Writ Pet. at 9.

limitation period shall run from the latest of–

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2001).

**B.    Montoya's claims are time barred.**

Since he does not attack the proceedings associated with his holding convictions, but rather administrative disciplinary proceedings, the one year period of limitation ran from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D) (2001).

Under 28 U.S.C. § 2244(d)(1)(D), the factual bases for Montoya's claims regarding disciplinary case number 20000131974 occurred on December 31, 1999, after the disciplinary proceeding and punishment was assessed. Therefore, the running of the one-year limitation period expired on December 30, 2000, unless Montoya had a properly filed application for other collateral review to toll the running of the statute of limitation. *See* 28 U.S.C. § 2244(d)(2) (2001).

Under the AEDPA, "[t]he time during which a properly filed application for . . . other

8

collateral review . . . is pending shall not count toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Montoya's step one grievance was pending a total of thirty-five days, between October 17, 2000, and November 21, 2000. Exhibit C at 9, 10. His step two grievance was pending a total of eight days between November 29, 2000, and December 7, 2000. Exhibit C at 11, 12. Therefore, a total of forty-three days elapsed during the grievance period and appeal of this disciplinary proceeding. As such, the time for filing his federal petition, when extended for the period his appeals were pending, required that he file his federal petition not later than February 11, 2001. With the filing of his federal petition on November 29, 2001, Montoya exceeded the filing deadline by 291 days and his claims are time barred.

Under 28 U.S.C. § 2244(d)(1)(D), the factual bases for Montoya's claims regarding disciplinary case number 20000144473 occurred on January 12, 2000, after the disciplinary proceeding and punishment was assessed. Therefore, the running of the one-year limitation period expired on January 11, 2001, unless Montoya had a properly filed application for other collateral review to toll the running of the statute of limitation. *See* 28 U.S.C. § 2244(d)(2) (2001).

Under the AEDPA, "[t]he time during which a properly filed application for . . . other collateral review . . . is pending shall not count toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Montoya's step one grievance was pending a total of thirty-five days, between October 17, 2000, and November 21, 2000. Exhibit C at 9, 10. His step two grievance was pending a total of eight days between November 29, 2000, and December 7, 2000. Exhibit C at 11, 12. Therefore, a total of forty-three days elapsed during the grievance period and appeal of this disciplinary proceeding. As such, the time for filing his federal petition, when extended for the period his appeals were pending, required that he file his federal petition not later than February 23, 2001. With the filing of his federal petition on November 29, 2001, Montoya exceeded the filing deadline by 279 days and his claims are time barred.

Under 28 U.S.C. § 2244(d)(1)(D), the factual bases for Montoya's claims regarding disciplinary case numbers 20000149568 and 20000149580 occurred on January 20, 2000, after the disciplinary proceedings and punishments were assessed. Therefore, the running of the one-year

limitation period expired on January 19, 2001, unless Montoya had a properly filed application for other collateral review to toll the running of the statute of limitation. *See* 28 U.S.C. § 2244(d)(2) (2001).

Under the AEDPA, "[t]he time during which a properly filed application for . . . other collateral review . . . is pending shall not count toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Montoya's step one grievance was pending a total of thirty-five days, between October 17, 2000, and November 21, 2000. Exhibit C at 9, 10. His step two grievance was pending a total of eight days between November 29, 2000, and December 7, 2000. Exhibit C at 11, 12. Therefore, a total of forty-three days elapsed during the grievance period and appeal of these disciplinary proceedings. As such, the time for filing his federal petition, when extended for the period his appeals were pending, required that he file his federal petition not later than March 3, 2001. With the filing of his federal petition on November 29, 2001, Montoya exceeded the filing deadline by 271 days and his claims are time barred.

Under 28 U.S.C. § 2244(d)(1)(D), the factual bases for Montoya's claims regarding disciplinary case numbers 20000137804, 20000137808, and 20000137811, occurred on January 23, 2000, after the disciplinary proceedings and punishments were assessed. Therefore, the running of the one-year limitation period expired on January 22, 2001, unless Montoya had a properly filed application for other collateral review to toll the running of the statute of limitation. *See* 28 U.S.C. § 2244(d)(2) (2001).

Under the AEDPA, "[t]he time during which a properly filed application for . . . other collateral review . . . is pending shall not count toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Montoya's step one grievance was pending a total of thirty-five days, between October 17, 2000, and November 21, 2000. Exhibit C at 9, 10. His step two grievance was pending a total of eight days between November 29, 2000, and December 7, 2000. Exhibit C at 11, 12. Therefore, a total of forty-three days elapsed during the grievance period and appeal of these disciplinary proceedings. As such, the time for filing his federal petition, when extended for the period his appeals were pending, required that he file his federal petition not later than March 6, 2001.

10

With the filing of his federal petition on November 29, 2001, Montoya exceeded the filing deadline by 268 days and his claims are time barred.

Under 28 U.S.C. § 2244(d)(1)(D), the factual bases for Montoya's claims regarding disciplinary case numbers 20000160050 and 20000160064 occurred on January 28, 2000, after the disciplinary proceedings and punishments were assessed. Therefore, the running of the one-year limitation period expired on January 27, 2001, unless Montoya had a properly filed application for other collateral review to toll the running of the statute of limitation. *See* 28 U.S.C. § 2244(d)(2) (2001).

Under the AEDPA, "[t]he time during which a properly filed application for . . . other collateral review . . . is pending shall not count toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Montoya's step one grievance was pending a total of thirty-five days, between October 17, 2000, and November 21, 2000. Exhibit C at 9, 10. His step two grievance was pending a total of eight days between November 29, 2000, and December 7, 2000. Exhibit C at 11, 12. Therefore, a total of forty-three days elapsed during the grievance period and appeal of these disciplinary proceedings. As such, the time for filing his federal petition, when extended for the period his appeals were pending, required that he file his federal petition not later than March 11, 2001. With the filing of his federal petition on November 29, 2001, Montoya exceeded the filing deadline by 263 days and his claims are time barred.

Under 28 U.S.C. § 2244(d)(1)(D), the factual bases for Montoya's claims regarding disciplinary case number 20000229898 occurred on April 5, 2000, after the disciplinary proceeding and punishment was assessed. Therefore, the running of the one-year limitation period expired on April 5, 2001, unless Montoya had a properly filed application for other collateral review to toll the running of the statute of limitation. *See* 28 U.S.C. § 2244(d)(2) (2001).

Under the AEDPA, "[t]he time during which a properly filed application for . . . other collateral review . . . is pending shall not count toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Montoya's first step one grievance was pending a total of twenty-nine days, between April 17, 2000, and May 16, 2000. Exhibit C at 1, 2. His step two grievance was pending

a total of fourteen days between May 22, 2000, and June 5, 2000. Exhibit C at 3, 4. Montoya's second step one grievance was pending a total of thirty-five days, between October 17, 2000, and November 21, 2000. Exhibit C at 9, 10. His step two grievance was pending a total of eight days between November 29, 2000, and December 7, 2000. Exhibit C at 11, 12. Therefore, a total of eighty-six days elapsed during the grievance period and appeal of this disciplinary proceeding. As such, the time for filing his federal petition, when extended for the period his appeals were pending, required that he file his federal petition not later than June 30, 2001. With the filing of his federal petition on November 29, 2001, Montoya exceeded the filing deadline by 152 days and his claims are time barred.

Under 28 U.S.C. § 2244(d)(1)(D), the factual bases for Montoya's claims regarding disciplinary case number 20000260865 occurred on May 3, 2000, after the disciplinary proceeding and punishment was assessed. Therefore, the running of the one-year limitation period expired on May 3, 2001, unless Montoya had a properly filed application for other collateral review to toll the running of the statute of limitation. *See* 28 U.S.C. § 2244(d)(2) (2001).

Under the AEDPA, "[t]he time during which a properly filed application for . . . other collateral review . . . is pending shall not count toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Montoya's first step one grievance was pending a total of twenty-eight days, between May 5, 2000, and June 2, 2000. Exhibit C at 5, 6. His step two grievance was pending a total of ten days between June 12, 2000, and June 22, 2000. Exhibit C at 7, 8. Montoya's second step one grievance was pending a total of thirty-five days, between October 17, 2000, and November 21, 2000. Exhibit C at 9, 10. His step two grievance was pending a total of eight days between November 29, 2000, and December 7, 2000. Exhibit C at 11, 12. Therefore, a total of eighty-one days elapsed during the grievance period and appeal of this disciplinary proceeding. As such, the time for filing his federal petition, when extended for the period his appeals were pending, required that he file his federal petition not later than July 23, 2001. With the filing of his federal petition on November 29, 2001, Montoya exceeded the filing deadline by 129 days and his claims are time barred.

12

The fact that Montoya is proceeding *pro se* does not excuse his failure to file this petition earlier. *Cf. United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (neither an inmate's illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to excuse an abuse-of-the-writ); *see also Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996) (a petitioner's lack of interest in challenging prior convictions was not cause to excuse a procedural default), *cert. denied*, 519 U.S. 1093, 117 S. Ct. 772 (1997).

Additionally, the record does not reflect that any unconstitutional "State action" impeded Montoya from filing his federal habeas corpus petition prior to the end of the limitations period or that there is any new constitutional right recognized by the Supreme Court and made retroactive to cases such as his on collateral review. 28 U.S.C. §§ 2244(d)(1)(B), (C) (2001).

In short, Montoya should have and could have acted with due diligence and properly pursued his claims earlier. Failing in this regard, Montoya's claims are time barred.

## VIII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that Montoya's petition for writ of habeas corpus be dismissed, with prejudice.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for
Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

_____
\*MICHAEL J. BARRON
Assistant Attorney General
State Bar No. 24025238
Southern District Admission No. 26211

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

\*Lead Counsel

### NOTICE OF SUBMISSION

To: Santos Montoya, Petitioner, you are hereby notified that the undersigned attorney will

bring the foregoing Motion before the Court as soon as the business of the Court will permit.

_____
MICHAEL J. BARRON
Assistant Attorney General

### CERTIFICATE OF SERVICE

I, Michael J. Barron, Assistant Attorney General of Texas, do hereby certify that a true and

correct copy of the above and foregoing Respondent Cockrell's Motion for Summary Judgment With

Brief in Support has been served by placing it in the United States Mail, postage prepaid, on this the

6th day of March, 2002, addressed to:

Santos Montoya
TDCJ-ID # 544493
Ellis Unit
Huntsville, Texas 77343

_____
MICHAEL J. BARRON
Assistant Attorney General

14

# EXHIBIT A

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION
## COMMITMENT INQUIRY INFORMATION

The Director does not have copies of the judgments and sentences documenting Montoya's convictions in cause numbers 90-CR-68-B and 89-CR-911-B. However, the Director includes the TDCJ-ID computer generated commitment inquiry with the following explanations:

a)   "OFFCD:" - is followed by the National Crime Information Center offense code followed by the specific offenses for these holding convictions, as follows:

   "09150000 MURDER W/DEAD WPN" - Murder With a Deadly Weapon - First Degree;

   "35620000 POSS MARIJUANA" - Possession of Marijuana.

b)   "PENAL" - is followed by the specific Texas penal code violation, as follows:

   "019.020" - Murder With a Deadly Weapon - First Degree;

   "004.040" - Possession of Marijuana.

c)   "MS: N" - indicates Montoya is not eligible for mandatory supervision in cause number 90-CR-68-B;

   "MS: Y" - indicates Montoya is eligible for mandatory supervision in cause number 89-CR-911-B.

d)   The term "PLEA: N" - reflects Montoya pled not guilty to the offense in cause number 90-CR-68-B;

   The term "PLEA: G" - reflects Montoya pled guilty to the offense in cause number 89-CR-911-B.

e)   "CAUSE: 90-CR-68-B and 89-CR-911-B" - reflects the criminal district court cause numbers for these cases.

f)   "CNTY OFF: 031" - 031 indicates the offenses for the convictions in cause numbers 90-CR-68-B and 89-CR-911-B occurred in Cameron County, Texas, with 031 being the TDCJ-ID numeric designator for Cameron County.

g)   "CNTY/CRT: 031 / 138" - identifies the county where the convictions occurred and the convicting judicial district court for cause numbers 90-CR-68-B and 89-CR-911-B as Cameron County, Texas, in 138th Judicial District Court.

h)     "MAX TERM: 85Y 0M 0D" - reflects the sentence assessed in cause number 90-CR-68-B as eighty-five years imprisonment;

"MAX TERM: 15Y 0M 0D" - reflects the sentence assessed in cause number 89-CR-911-B as fifteen years imprisonment.

i)     "SENTENCED: 03-26-1990" - reflects the date the sentence was assessed, March 26, 1990, in cause number 90-CR-68-B;

"SENTENCED: 11-17-1989" - reflects the date the sentence was assessed, November 17, 1989, in cause number 89-CR-911-B.

```
CSIMF800/INI801              COMMITMENT INQUIRY              01, -1/02 10:05:48
INMTCICS/LHA9541./JC02   TDCJ-ID NO: 00544493 SIDNO: 03206175
 NAME: MONTOYA,SANTOS              APPL:      STATUS: A RA E  L2    #OFF: 02
 OLD TDC#: 00000000 CNTY CONV: 031                                      70TH
 OFF-REC:   0915 PRJ RL: XXXXXXXXX REC:   04-17-1990 MAX-TERM:   85Y  0M  0D
 PEN-REC: 019.020 MAX-EX: 11-07-2074 BEGIN: 11-07-1989 PAR-ELIG: 11-06-2004
                                          INMATE TYPE: ID

    OFFCD: 35620000 POSS MARIJUANA                                     70TH
     PENAL:004.040  MS:Y PLEA:G CAUSE:89-CR-911-B       CNT:      OFF:07-11-1989
     CC  CNTY OFF:031  CNTY/CRT:031 138 MAX TERM:  15Y  0M  0D  BEG:11-07-1989
     MIN EXP:05-01-2001 MAX:11-06-2004 PAR ELIG:01-01-0001 SENTENCED:11-17-1989
     OFF TDCNO: 00544493                             CTO DATE 01-01-0001
    OFFCD: 09150000 MURDERW/DEAD WPN               DEADWPN FLAT-ONLY   70TH
     PENAL:019.020  MS:N PLEA:N CAUSE:90-CR-68-B        CNT:      OFF:11-08-1989
     CC  CNTY OFF:031  CNTY/CRT:031 138 MAX TERM:  85Y  0M  0D  BEG:11-07-1989
     MIN EXP:11-07-2074 MAX:11-07-2074 PAR ELIG:11-06-2004 SENTENCED:03-26-1990
     OFF TDCNO: 00544493                             CTO DATE 01-01-0001




 PF7:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC _____ OR SID _____
 END OF OFFENSES; ALL OFFENSES HAVE BEEN DISPLAYED
```

# EXHIBIT  B

## **AFFIDAVIT**

THE STATE OF TEXAS    §
                      §
                      §

BEFORE ME, the undersigned authority, personally appeared Lola Moore, who, being by me duly sworn, deposed as follows:

"My name is Lola Moore. I am over twenty-one years of age, of sound mind, capable of making this Affidavit, and personally acquainted with the facts herein stated.

I am employed as Inmate Records Supervisor at the Ellis Unit of the Texas Department of Criminal Justice-Institutional Division, and my office is located in Huntsville, Texas. I do hereby certify that I am the custodian of inmate records maintained in the regular course of business on each and every inmate incarcerated at the Ellis Unit of the Texas Department of Criminal Justice-Institutional Division.

I have reviewed records within the file on «Santos Montoya», TDCJ Number «544493». I hereby certify that the attached copy of inmate complete disciplinary files with any and all attachments for the following cases, is a true and correct copy of the original record now on file in my office and in my custody:

> #20000131974, Offense 12/26/99, Hearing 12/31/99
> #20000137804, Offense 12/29/99, Hearing 1/23/00
> #20000137808, Offense 12/30/99, Hearing 1/23/00
> #20000137811, Offense 12/31/99, Hearing 1/23/00
> #20000144473, Offense 1/8/00, Hearing 1/12/00
> #20000149568, Offense 1/12/00, Hearing 1/20/00
> #20000149580, Offense 1/13/00, Hearing 1/20/00
> #20000160050, Offense 1/22/00, Hearing 1/28/00
> #20000160064, Offense 1/23/00, Hearing 1/28/00
> #20000229898, Offense 3/31/00, Hearing 4/5/00
> #20000260865, Offense 5/1/00, Hearing 5/3/00

I further certify that the record attached hereto is maintained in the usual and regular course of business at the Ellis Unit of the Texas Department of Criminal Justice, Institutional Division, and that such records are maintained on each and every inmate confined here. All memoranda, reports, records or data compilations kept therein are made at or near the time by, or from information transmitted by, a person and knowledge of events, acts, conditions, opinions or diagnosis described. These records are kept in the course of practice of this institution to make such memoranda, reports, records or data compilations.

In witness whereof, I have hereto set my hand this the _23_ day of January, 2002.



Lola Moore
Inmate Records Supervisor
Ellis  Unit
Texas Department of Criminal Justice
     Institutional Division

     SWORN TO AND SUBSCRIBED BEFORE ME, by the said Lola Moore on this the _23_ day of  January, 2002, to certify which witness my hand and seal of office.

My Commission Expires: 3/2/2003        _Teri Mosley_
                                     Notary Public in and for the State of Texas

TERI S. MOSLEY
MY COMMISSION EXPIRES
March 2, 2003

TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 20000131974 TDCJND 00544493 NAME: MONTOYA,SAN S                    EA: 7.
UNIT: E    HSNG: B-2-1   10        JOB: KITCHEN HELPER 2ND              IQ: 087
CLASS: S3   CUST: MI  PRIMARY LANGUAGE: ENGLISH        MHMR RESTRICTIONS:   NO
GRADE: MI / EWB  OFF.DATE: 12/26/99  10:00 AM  LOCATION: E  INMATE DINING ROOM
TYPE: ID

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT NORTH SERVING LINE, OFFENDER:
MONTOYA,SANTOS, TDCJ-ID NO. 00544493, REFUSED TO BEGIN HIS WORK ASSIGNMENT
WITHOUT A LEGITIMATE REASON.

HARGING OFFICER: CARROLL, S.                        SHIFT/CARD: 1 F

## OFFENDER NOTIFICATION

IME & DATE NOTIFIED: 07:00AM 12-29-99 BY:(PRINT) M. Moxiy 1000   IF APPLICABLE INTERPRETER,
OU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
OTICE.   YOU HAVE THE RIGHT TO SUBMIT A WRITTEN STATEMENT AND MAKE A VERBAL
TATEMENT.   DO YOU WANT TO ATTEND THE HEARING?  YES  NO      IF NO, HOW DO YOU
LEAD?  GUILTY  NOT GUILTY
FENDER NOTIFICATION SIGNATURE: I/M Refused to Sign          DATE: 12-29-99
  SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24-HOUR NOTICE AND AUTHORIZE THE
ARING OFFICER TO PROCEED WITH THE HEARING.
FENDER WAIVER SIGNATURE:_____  DATE:_____

## HEARING INFORMATION

ARING DATE: 12-31-99 TIME: 10:30AM INTERPRETER SIGNATURE:_____
FENDER STATEMENT: I can not do the job in the Kitchen, if
you give me a job I can do, I will do it

| FENSE CODES: | 25.0 | | | |
|---|---|---|---|---|
| FENDER PLEA: (G, NG, NONE) | NG | | | |
| IDINGS: (G, NG, DS) | G | | | |

## PUNISHMENT

S OF PRIV(DAYS)_____    REPRIMAND_____
ECREATION(DAYS)_____    EXTRA DUTY(HOURS)_____
OMMISSARY(DAYS) 7          CONT.VISIT SUSP THRU ___/___/___
ROPERTY(DAYS).._____    CELL RESTR(DAYS)_____
_____(DAYS)

ENDER SIGNATURE FOR RECEIPT OF FINAL REPORT:_____
C4. Bnggr
ING OFFICER (PRINT)                              WARDEN
M I-47MI)CONTACT A STAFF MEMBER IF YOU DO NOT UNDERSTAND THIS FORM
. 06-98) COMUNIQUESE CON UN MIEMBRO DEL PERSONAL SI NO ENTIENDE ESTA FORMA

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

# OFFENSE REPORT

Informal Resolution App?
Officer          Y   N
Supervisor     Y   N

Case No. 2000013197 4
MHMR Rest?   Y   N
PHD              Y   N

(1) TDCJ-No. 544493   (2) Offender Montoya, Santos   (3) Unit Ellis
(Last Name, First)

(4) Housing Assign: B2 110   (5) Job Assignment: AM Kitchen

(6) Offense Level, Code Title: Level 2, Code 25, Refusing to Work
RP

OFFENSE DESCRIPTION: On 12-26-99 at 10:00 AM/PM, and at North Serving Line
(7) Date   (8) Time   (9) Enter Specific Location

Offender Santos Montoya _____ TDCJ No. 544493

refused to begin his work assignment without a legitimate reason.

(10) Additional Information: Inmate Montoya was assigned to serve on the North serving line. He said he couldn't help clean the line after serving due to medical restrictions. I, Officer Carroll, checked his restrictions and found none that would restrict him from helping clean the counters. I informed inmate Montoya at this and told him to help clean up after serving. When chow started, Inmate Montoya was no where to be found nor did he show up there after.

(Continue on additional sheet if necessary)

(11) Witnesses: _____

(12) Accusing Officer/Employee: Printed Name/Rank S. Carroll

(13) Signature: S. Carroll   (14) Shift/Card 1½ F   (15) Date 12-26-99   (16) Time 12:30 pm

(17) Approving Supervisor's Printed Name: Milton Bibbs   (18) Date 12-27-99

(19) Grading Official (Print): Eric Bmm   (20) Rank MM   (21) Date 1-28-99

(22) Grade: (Circle One)   IR   UP   MI   MA   (23) Justification to override Informal Resolution: _____

cd-210 (rev. 01/98)

**PRELIMINARY INVESTIGATION REPORT**

This report is to be completed on each Offense Report for review by the grading official. The purpose of this report is to obtain any other pertinent information about the incident prior to grading the Offense Report. The Preliminary investigation should not be completed by the charging officer or a person involved in the incident.

Offender: _Montoya, Santos_    TDCJ No. _544483_

Date & Time Investigation started: _12-27-99    0700_

1.  **ELEMENTS OF CHARGE.** Does the offense description support the elements of each charge (the things that had to be done in order to commit an offense). If "No," have charging officer add needed information.

    Offense Code _25_ :   Yes [✓] No [ ]        Offense Code _____ :   Yes [ ] No [ ]
    Offense Code _____ :   Yes [ ] No [ ]        Offense Code _____ :   Yes [ ] No [ ]

2.  **ADDITIONAL INFORMATION.** Has the charging officer included supporting information or evidence to supplement the standardized pleading such as items listed below? (Write "Yes," "No," or "NA" [not applicable] by each item).

    _____  a.   listing other witnesses to the incident,
    _____  b.   documentary evidence, e.g., photographs of contraband, etc.
    _✓_____  c.   additional information about the offense.

3.  **ACCUSED OFFENDER** states that: (Print interpreter's name if applicable):

    States that he could not do the work Assigned to him Because of medical
    Problem, he says he tried to do his Best But Just can't do it

4.  **ACCUSING OFFICER** states that: Told I/m to clean Counters And he said
    he could not bend & wipe under counters, I then
    told I/m to set on milk crate & clean, he then left his
    work area.

5.  **WITNESS STATEMENTS** (List employee or offender; attach statements to report): _____
    ~~Sgt. Kirkwood, Also told this inmate to~~

6.  **DOCUMENTATION.** Documents reviewed (lay-ins, appointments, medical records, etc.)
    ☐ Lay-ins, ☐ Roster, ☐ Medical Records, ☐ Picture, ☐ Other (List & attach to report)

    _B. Settle_                    _CO II_           _0700_    _12/27/99_
    Name of Investigating Officer (Print)      Rank          Date & Time Investigation Completed

7.  **INFORMAL RESOLUTION** was not appropriate or not possible because:

    Because offender Montra refuse to help clean
    up, which was not against medical.
    _William Birds_                    _FsmII_           _12-27-99_
    Approving Supervisor's Printed Name              Rank              Date

**TDCJ DISCIPLINARY REPORT AND HEARING RECORD**

CASE: **20000144473** TDCJNO: **00544493** NAME: **MONTOYA,SANTOS**        EA:  **7.9**
UNIT: **E**   HSNG: **B-2-1  10**        JOB: **KITCHEN HELPER 2ND**        IQ: **087**
CLASS: **S3**  CUST: **MI**  PRIMARY LANGUAGE: **ENGLISH**        MHMR RESTRICTIONS:    **NO**
GRADE: **MA** / **DAT** OFF.DATE: **01/08/00  10:00 AM**  LOCATION: **E  KITCHEN AREA**
TYPE: **ID**

### OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT KITCHEN/CHOW HALL DOORS, OFFENDER:
MONTOYA,SANTOS, TDCJ-ID NO. 00544493, REFUSED TO TURN OUT FOR HIS WORK
ASSIGNMENT WITHOUT A LEGITIMATE REASON.

CHARGING OFFICER: **RICHARDSON, J.**        SHIFT/CARD: **1 B**

### OFFENDER NOTIFICATION      IF APPLICABLE INTERPRETER,

TIME & DATE NOTIFIED: __11:05AM 1/11/00__ BY:(PRINT) _____Jeter_____
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? (YES) NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: __X Declined__    DATE: _____
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____    DATE: _____

### HEARING INFORMATION

HEARING DATE: _1-14-00_ TIME: _1:30p.m._ TAPE# _2003o_ SIDE# _A_ START# _503_ END# _591_
                              TAPE# _____ SIDE# ___ START# _____ END# _____
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF
HEARING, (2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
24 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF INTERPRETER USED:(SIGNATURE_____);

| OFFENSE CODES: | 25.0 | | | |
|---|---|---|---|---|
| OFFENDER PLEA: (G, NG, NONE) | NONE | | | |
| FINDINGS:  (G, NG, DS) | G | | | |

REDUCED TO MINOR(PRIOR TO DOCKET) __ (DOCKET) __ (HEARING) __  BY:(INITIAL)_____
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER.
EXPLAIN IN DETAIL: D) Medical records

### PUNISHMENT

| LOSS OF PRIV(DAYS)_____ | REPRIMAND.......... ___ | SOLITARY(DAYS)........ ___ |
|---|---|---|
| RECREATION(DAYS)_____ | EXTRA DUTY(HOURS)....... ___ | REMAIN LINE 3........ ___ |
| COMMISSARY(DAYS) 30 | CONT.VISIT SUSP THRU 04/12/00 | REDUC.CLASS FROM __ TO __ |
| PROPERTY(DAYS).._____ | CELL RESTR(DAYS)....... 30 | GOOD TIME LOST(DAYS)...... |
| _____(DAYS).. ___ | SPECIAL CELL RESTR(DAYS)... ___ | DAMAGES. ........ $ ___ |

SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: 1st maj. code 15
past 18 c.dys

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS) _NA_ NO / NA
TIME PLACED IN PRE-HEARING DETENTION: _____  HEARING LENGTH ___5___ (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: _____ 544973
                C. Spicey
HEARING OFFICER (PRINT)   WARDEN        STATE CLASS.COMMITTEE MEMBER
FORM I-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS

| Informal Resolution App? | | |
|---|---|---|
| Officer | Y | Ⓝ |
| Supervisor | Y | N |

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

## OFFENSE REPORT

Case No. 2000144473
MHMR Rest?   Y   Ⓝ
PHD          Y   Ⓝ

(1) TDCJ-No. 544493     (2) Offender Montoya, Santos     (3) Unit Ellis
                                        (Last Name, First)
(4) Housing Assign: B-2-1-10     (5) Job Assignment: a.m. Kitchen
(6) Offense Level, Code Title: Level 2, Code 25, refusing to work
un

OFFENSE DESCRIPTION:   On 1-8-00 at 10:00 AM/PM, and at Kitchen/chow hall doors
                          (7) Date   (8) Time              (9) Enter Specific Location
Offender Montoya, Santos                      TDCJ No. 544493
refused to turn out for his work assignment without
legitimate reason.

(10) Additional Information: Inmate Montoya has repeatedly missed
work. I sent Officer Johnson CO III to speak with him on
1-7-00 the inmate told Officer Johnson that his knee is
Swollen. Officer Johnson told the inmate to come see the
Kitchen Sngts. about it, However the inmate failed to
do this.

(Continue on additional sheet if necessary)

(11) Witnesses:

(12) Accusing Officer/Employee: Printed Name/Rank Richardson, Jacob A

(13) Signature: Paul A. Richgr     (14) Shift/Card 1st/B  (15) Date 1-8-00  (16) Time 10:30

(17) Approving Supervisor's Printed Name: Charles Rifurio

(19) Grading Official (Print)                          (18) Date 1-10-2000

(20) Rank                                          (21) Date

(22) Grade: (Circle One)   IR   UP   MI   MA   (23) Justification to override Informal Resolution:

2I-210 (rev. 01/96)

## PRELIMINARY INVESTIGATION REPORT

This report is to be completed on each Offense Report for review by the grading official. The purpose of this report is to obtain any other pertinent information about the incident prior to grading the Offense Report. The Preliminary investigation should not be completed by the charging officer or a person involved in the incident.

Offender: _MONTOYA, SANTOS_                    TDCJ No. _544483_

Date & Time Investigation started: _1 PM 8 Jan 2000_

1.  **ELEMENTS OF CHARGE.**   Does the offense description support the elements of each charge (the things that had to be done in order to commit an offense). If "No," have charging officer add needed information.

Offense Code _25_:  Yes [✓] No [ ]      Offense Code _____:   Yes [ ] No [ ]
Offense Code _____:  Yes [ ] No [ ]      Offense Code _____:   Yes [ ] No [ ]

2.  **ADDITIONAL INFORMATION.**   Has the charging officer included supporting information or evidence to supplement the standardized pleading such as items listed below? (Write "Yes," "No," or "NA" [not applicable] by each item).

_NA_  a.   listing other witnesses to the incident,
_NA_  b.   documentary evidence, e.g., photographs of contraband, etc.
_✓_   c.   additional information about the offense.

3.  **ACCUSED OFFENDER** states that:  (Print interpreter's name if applicable):

Inmate stated he did not want to lose his leg And it is Swelled And he is unAble to use it, went to infirmary was given pain pills but Not lay in.

4.  **ACCUSING OFFICER** states that: Inmate Montoya Continually refuses to turn out for work.

5.  **WITNESS STATEMENTS** (List employee or offender; attach statements to report): N/A

6.  **DOCUMENTATION.**  Documents reviewed (lay-ins, appointments, medical records, etc.)
☐ Lay-ins, ☐ Roster, ☒ Medical Records, ☐ Picture, ☒ Other (List & attach to report) labor roster

_B. Settle_                    Co III              01/08/00    1300 hr.
Name of Investigating Officer (Print)        Rank           Date & Time Investigation Completed

7.  **INFORMAL RESOLUTION** was not appropriate or not possible because:

Inmate refuses to report for work & does not have a medical lay-in & has refused for approx 10 days.

Charles K. James              FSm III          1-10-2000
Approving Supervisor's Printed Name           Rank              Date

```
CSDSP040                              T.D.C.J.                        2000/01/ .
E  - E017              SERVICE INVESTIGATION WORK SHEET                10:56:2.
```

CASE#: 20000144473,  TDCJ # 00544493,  NAME: MONTOYA,SANTOS
CURRENT UNIT: E ,    HOUSING: B-2-1  10 ,    CLASS: S3,    CUSTODY: MI,   TYPE:
OFFENSE DATE:  010800, TIME: 10 : 00 AM, LOCATION:   E        KITCHEN AREA
CHARGING OFFICER: RICHARDSON, J.              ,                SHIFT/CARD: 1/F
OFFENSE CODES: A) 25 . 0,     B)    . ,      C)    . ,     D)   . .
DESCRIPTORS:   A) UA        , B)          , C)          , D)
PLEA:   A)  NG        , B)          , C) _____, D)
CLERK RCVD: 011100,  SERVICE LAPSE DATE: 020700  ,        SERVICE DATE: 1-11-00
CS ASSIGNED: _____ Jeter _____ ,

COUNSEL SUBSTITUTE HAS BEEN APPOINTED BECAUSE:

    A. ACCUSED IN ANY FORM OF           (E) ACCUSED HAS REQUESTED COUNSEL
       SEGREGATION                          SUBSTITUTE
    B. EA BELOW 5.0  IQ BELOW 73        F. ACCUSED HAS REQUESTED WITNESS WHO
    C. LITERACY IS QUESTIONABLE             CAN NOT ATTEND THE HEARING
    D. ACCUSED HAS DIFFICULTY UNDER-    (G) COMPLEXITY OF CASE WARRANTS COUNSEL
       STANDING ENGLISH                     SUBSTITUTE

A. OFFICER'S REPORT CLEARLY DESCRIBES THE INCIDENT IN QUESTION:    YES /  NO
B. CHARGES LISTED WERE REVIEWED WITH REFERENCE TO TDCJ DISCIPLINARY
                              RULES AND PROCEDURES:  YES /  NO
C. OFFENSE DESCRIPTION IN REPORT SUBSTANTIATES EACH OF THE
                              ALLEGED OFFENSES WERE VIOLATED:  YES /  NO

    IF NO, EXPLAIN: _____

1. THE ACCUSED WAS INFORMED OF THE FOLLOWING RIGHTS:              YES   N
A. TO CALL AND QUESTION WITNESSES                                  /
B. TO PRESENT DOCUMENTARY EVIDENCE                                 /
C. TO BE REPRESENTED BY COUNSEL SUBSTITUTE                         /
D. TO CALL AND QUESTION THE CHARGING OFFICER AT THE HEARING        /
E. THE ACCUSED STATES HE/SHE UNDERSTANDS REPORT, CHARGES AND RIGHTS /
F. THE ACCUSED STATES HE/SHE WISHES TO ATTEND HIS/HER HEARING      /

2. THE ACCUSED REASONS AND/OR DEFENSE: _____

I have problems with my leg swelling - I saw ~~the~~ Dr
on 12-31-99. He gave me pain pills but said he couldnt
do anything about the swelling

A. REQUESTED WITNESSES: NONE

B. REQUESTED DOCUMENTARY EVIDENCE: Medical

```
CS-10.11A                                                    REVISED 04/9
```

CSDSP040                               T.D.C.J.                          2000/01/1.
E  - E017              SERVICE INVESTIGATION WORK SHEET                  10:56:2.

CASE#: 20000144473,  TDCJ # 00544493,  NAME: MONTOYA,SANTOS

3. THE ACCUSED REASONS AND/OR DEFENSES HAVE BEEN LOGICALLY AND
   SYSTEMATICALLY INVESTIGATED AS FOLLOWS:

   A. 1-11-00 , REVIEW CASE: _____
   B. '' _____, INTERVIEW ACCUSED: _____
   C. '' ____, Int. medical (PA Bachmann) - Asen 12-31-99 and given pain meds (400
      mg Ibuprofen) for his leg. A has no medical indication
      for a cane (J requested one). No medical indication to
      prevent A from working.

   1-11-00 _____, CONCLUDE INVESTIGATION _____

4. ON  N/A ____, THE CHARGING OFFICER WAS PRESENTED WITH A SUMMARY OF THE
   INVESTIGATION TO INCLUDE THE ACCUSED STATEMENT. THE CHARGING OFFICER WAS
   ASKED IF HE/SHE WANTED TO MAKE ANY ADDITIONAL STATEMENTS NOT INCLUDED
   IN THE REPORT _____

   See #2 #3

5. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE CHARGES
   MADE AGAINST THE ACCUSED: _____

   accu I-210
   medical stmt.

6. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE
   ACCUSED REASONS, AND/OR DEFENSES: _____

   A stmt

COUNSEL SUBSTITUTE PRINTED NAME: _____ A Jeter _____   TITLE: CSI

COUNSEL SUBSTITUTE SIGNATURE: _____ A Jeter _____   DATE: 1-11-00
CS-10.11B                                              REVISED 04/9

```
CSDSP040                          T.D.C.J.                          2000/01/12
E  - E017                    HEARING WORK SHEET                        07:16:11

CASE#: 20000144473,  TDCJ # 00544493,  NAME: MONTOYA,SANTOS
CURRENT UNIT: E ,  HOUSING: B-2-1  10 ,  CLASS: S3,  CUSTODY: MI,  TYPE:      ,
OFFENSE DATE:  010800, TIME: 10 : 00 AM, LOCATION: E        KITCHEN AREA
CHARGING OFFICER: RICHARDSON, J.                   ,          SHIFT/CARD: 1/B.
OFFENSE CODES: A) 25 , 0 ,     B)    ,  ,    C)    ,  ,     D)    . ,
DESCRIPTORS:     A) UA       , B)           , C) _____ , D) _____
PLEA:         A)    NP      , B) _____ , C) _____ , D) _____
FINDING:      A)    G       , B) _____ , C) _____ , D) _____
HEARING LAPSE DATE: 013100, DHO: CTS    , CS: AJ       , HEARING DATE: 011200.
```

DEFENSE: My legs swell so much I can hardly walk. I saw the doctor on the 31st. He gave me pain pills.

HEARING NOTES:
A. CHARGING OFFICER'S STATEMENT: N/A

B. O present at hearing - announced ready to proceed Medical stmt. (PA Bachmann) - A 3rd class medical profile. O seen 12/31/99 where exam revealed no additional restrictions were needed or no need for use of a cane. O was seen in reference to leg swellings and pain.

SUMMATION/MITIGATION First UA 25 case; O stmt, pros. discrep

THIS CONCLUDES OUR PRESENTATION, OFFENDER MONTOYA,SANTOS
WOULD YOU LIKE TO SAY ANYTHING ELSE? YES  ✓ , NO _____,

```
CS CHECK LIST:            YES NO N/A                      YES NO N/
OFFENDER PRESENT          ✓  ___ ___   NON-FRIVOLOUS EVIDENCE  ✓  ___ ___
CS-14                     ___ ✓  ___   CROSS EXAMINATIONS      ✓  ___ ___
WITNESSES                 ___ ✓  ___   OBJECTIONS             ___ ✓  ___
DOCUMENTARY EVIDENCE      ___ ✓  ___   WAIVED 24 HOUR NOTICE  ___ ✓  ___
ACKNOWLEDGED MODIFICATION ___ ✓  ___   CREDIT (PHO)           ___ ___ ✓
MITIGATING                ✓  ___ ___   ADDITIONAL INFO ON BACK ✓ ___ ___
SANCTIONS ASSESSED:
LOSS OF PRIV. _____, REPRIMAND     _____   SOLITARY        _____
RECREATION   _____, EXTRA DUTY     _____   REMAIN L 3      _____
COMMISSARY    30 , CONT. VISIT THRU 2-12-00 , REDUC CLASS FROM ____ TO ____
PROPERTY     _____, CELL REST        30      GOOD TIME LOSS  _____
             _____, SPECIAL CELL   _____   DAMAGES         $ _____
CS-12                                                    REVISED  04/
```

TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 20000149568 TDCJNO. 0544493 NAME: MONTOYA,SANTOS           EA: 7.9
UNIT: E   HSNG: B-2-1   10        JOB: KITCHEN HELPER 2ND         IQ: 087
CLASS: S3  CUST: MI  PRIMARY LANGUAGE: ENGLISH      MHMR RESTRICTIONS:     NO
GRADE: MA / DAT  OFF.DATE: 01/12/00  10:00 AM  LOCATION: E  KITCHEN AREA
TYPE: ID

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT MAIN KITCHEN, OFFENDER:  MONTOYA,
SANTOS, TDCJ-ID NO. 00544493, REFUSED TO TURN OUT FOR HIS WORK ASSIGNMENT
WITHOUT A LEGITIMATE REASON.

CHARGING OFFICER: BUTCHER, C.                    SHIFT/CARD: 1 H

### OFFENDER NOTIFICATION    IF APPLICABLE INTERPRETER,

TIME & DATE NOTIFIED: 1/12/20 16:5    BY:(PRINT) Jeter
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? (YES) NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: Adick          DATE:
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE:                      DATE:

### HEARING INFORMATION

HEARING DATE: 1-20-00 TIME: 9:50am TAPE# 20031 SIDE# A  START# 489  END# 529
                                   TAPE#        SIDE#    START#      END#
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF
HEARING, (2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
24 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
JUDGING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF INTERPRETER USED:(SIGNATURE)
                            N/a

CHARGE CODES:    |25.0  |      |      |      |      |
OFFENDER PLEA: (G), (NG), (NONE) |   NG   |      |      |      |      |
FINDING: (G), NG, (DS) |   G  |      |      |      |      |
REDUCED TO MINOR(PRIOR TO DOCKET) __ (DOCKET) __ (HEARING) __ BY:(INITIAL)
GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS YES/(NO/NA), D)OTHER.
EXPLAIN IN DETAIL: Said I/M did state that he did not go to work.

## PUNISHMENT

LOSS OF PRIV(DAYS) ____   REPRIMAND..................... ✓   SOLITARY(DAYS)............
RECREATION(DAYS) ____     EXTRA DUTY(HOURS)....... ....   REMAIN LINE 3.............
COMMISSARY(DAYS) ____     CONT.VISIT SUSP THRU __/__/__   REDUC.CLASS FROM S3 TO S4
PROPERTY(DAYS) ____       CELL RESTR(DAYS) ____           GOOD TIME LOST(DAYS)......
____(DAYS) ____           SPECIAL CELL RESTR(DAYS) ____   DAMAGES.........$ ____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: _____
Recent hx for code 25

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS) __   NO / (NA)
WAS PLACED IN PRE-HEARING DETENTION: _____   HEARING LENGTH  15  (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT X _____
Koehler
HEARING OFFICER (PRINT)    WARDEN           STATE CLASS.COMMITTEE MEMBER
(FORM I-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

## OFFENSE REPORT

| Informal Resolution App? | |
|---|---|
| Officer | Y (N) |
| Supervisor | Y (N) |

| Case No. 20000149568 | |
|---|---|
| MHMR Rest? | Y (N) |
| PHD | Y (N) |

(1) TDCJ-No. 544493    (2) Offender Montoya, Santos    (3) Unit Ellis I FM103
(Last Name, First)

(4) Housing Assign: B2-110    (5) Job Assignment: Kitchen helper

(6) Offense Level, Code Title: 2, 25.2 Refusing to begin a work assignment, without a legitimate reason.

OFFENSE DESCRIPTION: On 01/12/00 at 1000 AM/PM, and at Main Kitchen
(7) Date    (8) Time    (9) Enter Specific Location

Offender Montoya, Santos    TDCJ No. 544493

refused to turn out for his work assignment without a legitimate reason.

(10) Additional Information: * I/m Montoya has repeatedly refused to turn out for work, for app. two weeks now. His off days are Monday & Tuesday. His shift is 1000am to 1800pm.

(Continue on additional sheet if necessary)

) Witnesses: _____

) Accusing Officer/Employee: Printed Name/Rank C. butcher / Sgt FSMII

) Signature: _____    (14) Shift/Card M/H    (15) Date 01-12-00    (16) Time 1500pm

) Approving Supervisor's Printed Name: Charles K James    (18) Date 14 Jan 2000

. Grading Official (Print) _____    (20) Rank _____    (21) Date _____

Grade: (Circle One)    IR    UP    MI    NA    (23) Justification to override Informal Resolution: _____

0 (rev. 01/98)

## PRELIMINARY INVESTIGATION REPORT

This report is to be completed on each Offense Report for review by the grading official. The purpose of this report is to obtain any other pertinent information about the incident prior to grading the Offense Report. The Preliminary investigation should not be completed by the charging officer or a person involved in the incident.

Offender: Montoya, Santo,                                    TDCJ No. 544493

Date & Time Investigation started: 1-13-00            2:35

1.   **ELEMENTS OF CHARGE.**   Does the offense description support the elements of each charge (the things that had to be done in order to commit an offense). If "No," have charging officer add needed information.

    Offense Code 2.25 :  (Yes ) No [ ]          Offense Code _____:   Yes [ ] No [ ]
    Offense Code _____:   Yes [ ] No [ ]      Offense Code _____:   Yes [ ] No [ ]

2.   **ADDITIONAL INFORMATION.**   Has the charging officer included supporting information or evidence to supplement the standardized pleading such as items listed below? (Write "Yes," "No," or "NA" [not applicable] by each item).

    _____ a.   listing other witnesses to the incident,
    _____ b.   documentary evidence, e.g., photographs of contraband, etc.
    _____ c.   additional information about the offense.

3.   **ACCUSED OFFENDER** states that: (Print interpreter's name if applicable):

Unable to Turnout Because of medical problems.
The I/m also states that He will Not come Back To work
he also states he does not care About going To closed Custody Because of this

4.   **ACCUSING OFFICER** states that:  Inmate Montoya failed to show up for work
again today

5.   **WITNESS STATEMENTS** (List employee or offender; attach statements to report): _____

_____

_____

6.   **DOCUMENTATION.**   Documents reviewed (lay-ins, appointments, medical records, etc.)
    ☐ Lay-ins, ☑ Roster, ☐ Medical Records, ☐ Picture, ☐ Other (List & attach to report)

_____

Findley                          CCII              1-13-00  255
Name of Investigating Officer (Print)        Rank           Date & Time Investigation Completed

7.   **INFORMAL RESOLUTION** was not appropriate or not possible because:

The I/m Refuses To work even If we do Things To help him
in his work Conditions

Charles L. James                     F Smith          14 Jan 2000
Approving Supervisor's Printed Name          Rank              Date

17

```
CSDSP040                              T.D.C.J.                         2000/01/1
E  - E017              SERVICE INVESTIGATION WORK SHEET                10:11:2
```

CASE#: 20000149568,  TDCJ # 00544493,  NAME: MONTOYA,SANTOS
CURRENT UNIT: E ,  HOUSING: B-2-1  10 ,  CLASS: S3,  CUSTODY: MI,  TYPE:
OFFENSE DATE:  011200, TIME: 10 : 00 AM, LOCATION:  E       KITCHEN AREA
CHARGING OFFICER: BUTCHER, C.                        ,        SHIFT/CARD: 1/H
OFFENSE CODES: A) 25 . 0,       B)    . ,       C)     . ,       D)   . ,
DESCRIPTORS:    A) UA        , B) _____, C) _____, D) _____
PLEA:           A) NG        , B) _____, C) _____, D) _____
CLERK RCVD: 011800, SERVICE LAPSE DATE: 021100 ,        SERVICE DATE: 1-18-00
CS ASSIGNED: _____Jeter_____,

COUNSEL SUBSTITUTE HAS BEEN APPOINTED BECAUSE:

A. ACCUSED IN ANY FORM OF          (E) ACCUSED HAS REQUESTED COUNSEL
   SEGREGATION                         SUBSTITUTE
B. EA BELOW 5.0  IQ BELOW 73        F. ACCUSED HAS REQUESTED WITNESS WHO
C. LITERACY IS QUESTIONABLE            CAN NOT ATTEND THE HEARING
D. ACCUSED HAS DIFFICULTY UNDER-   (G.) COMPLEXITY OF CASE WARRANTS COUNSEL
   STANDING ENGLISH                    SUBSTITUTE

A. OFFICER'S REPORT CLEARLY DESCRIBES THE INCIDENT IN QUESTION:   YES___ NO___
B. CHARGES LISTED WERE REVIEWED WITH REFERENCE TO TDCJ DISCIPLINARY
                                   RULES AND PROCEDURES:   YES___ NO___
C. OFFENSE DESCRIPTION IN REPORT SUBSTANTIATES EACH OF THE
                        ALLEGED OFFENSES WERE VIOLATED:   YES___ NO___
   IF NO, EXPLAIN: _____

1. THE ACCUSED WAS INFORMED OF THE FOLLOWING RIGHTS:                YES  NO
   A. TO CALL AND QUESTION WITNESSES                                ____ ___
   B. TO PRESENT DOCUMENTARY EVIDENCE                               ____ ___
   C. TO BE REPRESENTED BY COUNSEL SUBSTITUTE                       ____ ___
   D. TO CALL AND QUESTION THE CHARGING OFFICER AT THE HEARING      ____ ___
   E. THE ACCUSED STATES HE/SHE UNDERSTANDS REPORT, CHARGES AND RIGHTS ___ ___
   F. THE ACCUSED STATES HE/SHE WISHES TO ATTEND HIS/HER HEARING    ____ ___

2. THE ACCUSED REASONS AND/OR DEFENSE: _____

Medical - my leg.

_____

A. REQUESTED WITNESSES: NO

_____

B. REQUESTED DOCUMENTARY EVIDENCE: Medical records

_____

```
S-10.11A                                              REVISED 04/95
```

CSDSP040                          T.D.C.J.                          2000/01/18
E  -  E017              SERVICE INVESTIGATION WORK SHEET            10:11:30

CASE#: 20000149568,  TDCJ # 00544493,  NAME: MONTOYA,SANTOS

3. THE ACCUSED REASONS AND/OR DEFENSES HAVE BEEN LOGICALLY AND
   SYSTEMATICALLY INVESTIGATED AS FOLLOWS:
   A. 1-18-00 , REVIEW CASE:
   B.    "    , INTERVIEW ACCUSED:
   C.    "      Int. medical - HSM18 is current and correct, no indication for
                change.

   1-18-00    , CONCLUDE INVESTIGATION

4. ON  N/A     , THE CHARGING OFFICER WAS PRESENTED WITH A SUMMARY OF THE
   INVESTIGATION TO INCLUDE THE ACCUSED STATEMENT. THE CHARGING OFFICER WAS
   ASKED IF HE/SHE WANTED TO MAKE ANY ADDITIONAL STATEMENTS NOT INCLUDED
   IN THE REPORT.

   See #2, #3

5. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE CHARGES
   MADE AGAINST THE ACCUSED:

   I-210
   medical

6. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE
   ACCUSED REASONS, AND/OR DEFENSES:

   A stmt

COUNSEL SUBSTITUTE PRINTED NAME:      A Jeter          TITLE:  CSI
COUNSEL SUBSTITUTE SIGNATURE:         aJd              DATE:  1-18-00
S-10.11B                                               REVISED 04/99

```
CSDSP040                            T.D.C.J.                          2000/01/20
E  - E017                     HEARING WORK SHEET                       07:38:49
```

CASE#: 20000149568,  TDCJ # 00544493,  NAME: MONTOYA,SANTOS
CURRENT UNIT: E ,   HOUSING: B-2-1  10 ,   CLASS: S3,   CUSTODY: MI,  TYPE:
OFFENSE DATE:  011200, TIME: 10 : 00 AM, LOCATION:  E        KITCHEN AREA
CHARGING OFFICER: BUTCHER, C.                    ,              SHIFT/CARD: 1/H.
OFFENSE CODES: A) 25 , 0,     B)   ,  ,    C)    , ,    D)   . ,
DESCRIPTORS:   A) UA      , B)        , C)        , D)
PLEA:         A) _NG____ , B) _____ , C) _____ , D) _____
FINDING:      A) _G_____ , B) _____ , C) _____ , D) _____
HEARING LAPSE DATE: 020700, DHO: MAR   , CS: AJ      , HEARING DATE: 012000.

DEFENSE: *A claims medical excuse — I have poor leg*
*circulation and my leg swells up.*

=================================================================================
HEARING NOTES:
A. CHARGING OFFICER'S STATEMENT:

B. *A present at hearing — announced ready to start.*

*PA Bachmann — Seen 12/31/99 — given pain meds. A sent sick call on*
*1-14-00 requesting to be seen. HSM-18 reads —*
*limited standing. No squatting, no lifting over the*
*shoulder.*

=================================================================================
SUMMATION/MITIGATION *Nature of offense; A stmt, medical has*
*history of complaints; pres. disp.*

=================================================================================
THIS CONCLUDES OUR PRESENTATION, OFFENDER MONTOYA,SANTOS
WOULD YOU LIKE TO SAY ANYTHING ELSE? YES ____, NO ____.

| CS CHECK LIST: | YES | NO | N/A | | YES | NO | N/A |
|---|---|---|---|---|---|---|---|
| OFFENDER PRESENT | ✓ | | | NON-FRIVOLOUS EVIDENCE | ✓ | | |
| CS-14 | | | ✓ | CROSS EXAMINATIONS | | | |
| WITNESSES | | ✓ | | OBJECTIONS | | ✓ | |
| DOCUMENTARY EVIDENCE | ✓ | | | WAIVED 24 HOUR NOTICE | | ✓ | |
| ACKNOWLEDGED MODIFICATION | ✓ | | | CREDIT (PHD) | | | ✓ |
| MITIGATING | | | | ADDITIONAL INFO ON BACK | | ✓ | |

SANCTIONS ASSESSED:

| | | | | |
|---|---|---|---|---|
| LOSS OF PRIV. | ____, | REPRIMAND | ✓ | SOLITARY ____ |
| RECREATION | ____, | EXTRA DUTY | ____ | REMAIN L 3 ____ |
| COMMISSARY | ____, | CONT. VISIT THRU _____ , | | REDUC CLASS FROM _S3_ TO _S4_ |
| PROPERTY | ____, | CELL REST | ____ | GOOD TIME LOSS |
| | ____, | SPECIAL CELL | ____ | DAMAGES  $ |

```
CS-12                                                       REVISED  04/99
```

15

TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 20000149580 TDCJNO 0055493 NAME: MONTOYA, SANTOS          EA: 7.9
UNIT: E24 HSNG: B-2-1    10          JOB: KITCHEN HELPER 2ND           IQ: 087
CLASS: S3 CUST: MI PRIMARY LANGUAGE: ENGLISH          MHMR RESTRICTIONS:    NO
GRADE: MA / DAT OFF.DATE: 01/13/00  10:00 AM  LOCATION: E  KITCHEN AREA
TYPE: ID

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT MAIN KITCHEN, OFFENDER:  MONTOYA,
SANTOS, TDCJ-ID NO. 00544493, REFUSED TO TURN OUT FOR HIS WORK ASSIGNMENT
WITHOUT A LEGITIMATE REASON.

CHARGING OFFICER: BUTCHER, C.                      SHIFT/CARD: 1 H

## OFFENDER NOTIFICATION    IF APPLICABLE INTERPRETER,
TIME & DATE NOTIFIED: 12:42pm   1-18-00  BY:(PRINT) _____ Soler _____
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES  NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: _____  DATE:_____
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____  DATE:_____

## HEARING INFORMATION
HEARING DATE: 1-20-00 TIME: 1005am TAPE# 20031 SIDE# A START# 529 END# 559
                                   TAPE#_____  SIDE#_____  START#_____  END#_____
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF
HEARING, (2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE  (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF INTERPRETER USED:(SIGNATURE _____

_____ n/a _____

OFFENSE CODES:               | 25.0 |     |     |     |     |
OFFENDER PLEA: (G, NG, (NONE) |  NG  |     |     |     |     |
FINDINGS: (G), NG, DS)        |  G   |     |     |     |     |
REDUCED TO MINOR(PRIOR TO DOCKET) __(DOCKET)__ (HEARING)__  BY:(INITIAL)_____
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT. EXPLAIN A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER.
EXPLAIN IN DETAIL _____
B)Medical and I.M. did state that he did not go to work
Medical documentaion on disc. Case #20000149568

## PUNISHMENT
LOSS OF PRIV(DAYS)_____    REPRIMAND_____     SOLITARY(DAYS)............_____
*RECREATION(DAYS)_____     EXTRA DUTY(HOURS)_____  REMAIN LINE 3............_____
*COMMISSARY(DAYS) 20       CONT.VISIT SUSP THRU __/__/__  REDUC.CLASS FROM S4 TO L1
*PROPERTY(DAYS)......_____  CELL RESTR(DAYS)........_____  GOOD TIME LOST(DAYS)./5
*_____(DAYS)...._____     SPECIAL CELL RESTR(DAYS)._____  DAMAGES.........$_____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:_____
_____ Disc. Hx for code 25 _____

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS)_____   NO / NA
DATE PLACED IN PRE-HEARING DETENTION: _____  HEARING LENGTH  5  (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: X_____ 574593
_Koesler_____
HEARING OFFICER (PRINT)   WARDEN            STATE CLASS.COMMITTEE MEMBER
(FORM I-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.

11/

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

**OFFENSE REPORT**

Informal Resolution App?
Officer          Y  (N)
Supervisor       Y  (N)

Case No. 2000149580
MHMR Rest?  Y  (N)
PHD         Y   N

(1) TDCJ-No. 544493       (2) Offender Montoya, Santos       (3) Unit Ellis I
                                     (Last Name, First)
(4) Housing Assign: B2-110       (5) Job Assignment: Kitchen helper

(6) Offense Level, Code Title: 2.252 Refusing to begin a work assignment, without a legitimate reason

OFFENSE DESCRIPTION: On 01/13/00 at 1000 (AM)/PM, and at Main kitchen
                          (7) Date      (8) Time                (9) Enter Specific Location

Offender Montoya, Santos                          TDCJ No. 544493
refused to turnout for his work assignment
without a legitimate reason.

_____

_____

(10) Additional Information: * I/m Montoya's work schedule is 1000 am
to 1800 pm, his off days are Monday & Tuesday. He
continues not to turn out for work.

_____

_____

_____

_____

_____

_____

_____

(Continue on additional sheet if necessary)

(11) Witnesses: _____

(12) Accusing Officer/Employee; Printed Name/Rank C. Butcher / Sgt FSM II

(13) Signature: Butcher          (14) Shift/Card A.M/H  (15) Date 01-13-00   (16) Time 1350 pm

(17) Approving Supervisor's Printed Name: Charles K James          (18) Date 14 Jan 2000

(19) Grading Official (Print) _____ (20) Rank _____ (21) Date _____

(22) Grade: (Circle One)  IR  UP  MI  (MA)   (23) Justification to override Informal Resolution: _____

vi-210 (rev. 01/98)

17

## PRELIMINARY INVESTIGATION REPORT

This report is to be completed on each Offense Report for review by the grading official. The purpose of this report is to obtain any other pertinent information about the incident prior to grading the Offense Report. The Preliminary investigation should not be completed by the charging officer or a person involved in the incident.

Offender: Montoya, Santos                          TDCJ No. 544493

Date & Time Investigation started: 1-13-00          255

1.  **ELEMENTS OF CHARGE.**   Does the offense description support the elements of each charge (the things that had to be done in order to commit an offense). If "No," have charging officer add needed information.

Offense Code 2125 : (Yes) [ ] No [ ]      Offense Code _____: Yes [ ] No [ ]
Offense Code _____: Yes [ ] No [ ]      Offense Code _____: Yes [ ] No [ ]

2.  **ADDITIONAL INFORMATION.**   Has the charging officer included supporting information or evidence to supplement the standardized pleading such as items listed below? (Write "Yes," "No," or "NA" [not applicable] by each item).

_____ a.   listing other witnesses to the incident,
_____ b.   documentary evidence, e.g., photographs of contraband, etc.
_____ c.   additional information about the offense.

3.  **ACCUSED OFFENDER** states that:  (Print interpreter's name if applicable):

States that he will Not Turn out Because of medical problems And he will Not Turn out.

4.  **ACCUSING OFFICER** states that: I/m Repeatily will Not show up for work And has Not produced Any layins or Job Change

5.  **WITNESS STATEMENTS** (List employee or offender; attach statements to report): _____

6.  **DOCUMENTATION.**   Documents reviewed (lay-ins, appointments, medical records, etc.)
☐ Lay-ins, ☒ Roster, ☐ Medical Records, ☐ Picture, ☐ Other (List & attach to report)

_____

Findley                          CCII          1-13-00 301
Name of Investigating Officer (Print)    Rank         Date & Time Investigation Completed

7.  **INFORMAL RESOLUTION** was not appropriate or not possible because:

Because the I/m Refuses work even if we medify his work Conditions

Charles K James                    F Smith        14 Jan 2000
Approving Supervisor's Printed Name      Rank          Date

```
CSDSP040                        T.D.C.J.                        2000/01/18
E  - E017             SERVICE INVESTIGATION WORK SHEET            10:11:25
```

CASE#: 20000149580,  TDCJ # 00544493,  NAME: MONTOYA,SANTOS
CURRENT UNIT: E ,   HOUSING: B-2-1   10 ,   CLASS: S3,   CUSTODY: MI,   TYPE:
OFFENSE DATE:   011300,  TIME: 10 : 00 AM, LOCATION:   E       KITCHEN AREA
CHARGING OFFICER: BUTCHER, C.                    ,            SHIFT/CARD: 1/H.
OFFENSE CODES: A) 25 . 0,     B)   .  ,     C)   .  ,    D)   .  ,
DESCRIPTORS:   A) UA     , B)         , C)         , D)
PLEA:          A) NG       , B)              , C)              , D)
CLERK RCVD: 011800. SERVICE LAPSE DATE: 021200  ,     SERVICE DATE: 1-18-00
CS ASSIGNED: _____Jeter_____,

COUNSEL SUBSTITUTE HAS BEEN APPOINTED BECAUSE:

A. ACCUSED IN ANY FORM OF          (E.) ACCUSED HAS REQUESTED COUNSEL
   SEGREGATION                          SUBSTITUTE
B. EA BELOW 5.0   IQ BELOW 73       F. ACCUSED HAS REQUESTED WITNESS WHO
C. LITERACY IS QUESTIONABLE            CAN NOT ATTEND THE HEARING
D. ACCUSED HAS DIFFICULTY UNDER-   (G.) COMPLEXITY OF CASE WARRANTS COUNSEL
   STANDING ENGLISH                     SUBSTITUTE

A. OFFICER'S REPORT CLEARLY DESCRIBES THE INCIDENT IN QUESTION:    YES ✓ NO
B. CHARGES LISTED WERE REVIEWED WITH REFERENCE TO TDCJ DISCIPLINARY
                                          RULES AND PROCEDURES:  YES ✓ NO
C. OFFENSE DESCRIPTION IN REPORT SUBSTANTIATES EACH OF THE
                              ALLEGED OFFENSES WERE VIOLATED:   YES ✓ NO

   IF NO, EXPLAIN: _____

1. THE ACCUSED WAS INFORMED OF THE FOLLOWING RIGHTS:                 YES   NO
   A. TO CALL AND QUESTION WITNESSES                                  ✓
   B. TO PRESENT DOCUMENTARY EVIDENCE                                 ✓
   C. TO BE REPRESENTED BY COUNSEL SUBSTITUTE                         ✓
   D. TO CALL AND QUESTION THE CHARGING OFFICER AT THE HEARING        ✓
   E. THE ACCUSED STATES HE/SHE UNDERSTANDS REPORT, CHARGES AND RIGHTS ✓
   F. THE ACCUSED STATES HE/SHE WISHES TO ATTEND HIS/HER HEARING      ✓

3. THE ACCUSED REASONS AND/OR DEFENSE: _____

Medical - my leg

A. REQUESTED WITNESSES: ~~accept~~ NO

B. REQUESTED DOCUMENTARY EVIDENCE: ~~xxx~~ Medical

```
CS-10.11A                                             REVISED 04/9?
```

CSDSP040                         T.D.C.J.                    2000/01/12
E ~ E017           SERVICE INVESTIGATION WORK SHEET          10:11:20

CASE#: 20000149580,  TDCJ # 00544493,  NAME: MONTOYA,SANTOS

3. THE ACCUSED REASONS AND/OR DEFENSES HAVE BEEN LOGICALLY AND
   SYSTEMATICALLY INVESTIGATED AS FOLLOWS:
   A. _1-18-00_, REVIEW CASE: _____
   B. _"_, INTERVIEW ACCUSED: _____
   C. _"_, Int. medical - HSMI8 is current and correct, no indication
        for any changes

   _1-12-00_, CONCLUDE INVESTIGATION

4. ON _N/A_, THE CHARGING OFFICER WAS PRESENTED WITH A SUMMARY OF THE
   INVESTIGATION TO INCLUDE THE ACCUSED STATEMENT. THE CHARGING OFFICER WAS
   ASKED IF HE/SHE WANTED TO MAKE ANY ADDITIONAL STATEMENTS NOT INCLUDED
   IN THE REPORT.

   See #2, #3

5. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE CHARGES
   MADE AGAINST THE ACCUSED:
   I-210
   medical

6. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE
   ACCUSED REASONS, AND/OR DEFENSES:
   A stmt

COUNSEL SUBSTITUTE PRINTED NAME: _A. Jeter_        TITLE: _CSI_

COUNSEL SUBSTITUTE SIGNATURE: _____      DATE: _1-18-00_
J-10.11B                                           REVISED 04/99

```
CSDSP040                        T.D.C.J.                      2000/01/20
E  → E017                  HEARING WORK SHEET                   07:38:5
```

CASE#: 20000149580, TDCJ # 00544493, NAME: MONTOYA,SANTOS
CURRENT UNIT: E , HOUSING: B-2-1  10 , CLASS: S3, CUSTODY: MI, TYPE:
OFFENSE DATE:  011300, TIME: 10 : 00 AM, LOCATION:  E        KITCHEN AREA
CHARGING OFFICER: BUTCHER, C.                  ,            SHIFT/CARD: 1/H
OFFENSE CODES: A) 25 . 0,      B)   .  ,      C)    .  ,    D)   .  ,
DESCRIPTORS:  A) UA        , B)          , C)          , D)
PLEA:     A) __NG__       , B) _____ , C) _____ , D) _____
FINDING:  A) __G__        , B) _____ , C) _____ , D) _____
HEARING LAPSE DATE: 020700, DHO: MAR   , CS: AJ       , HEARING DATE: 012000.

DEFENSE: _Medical problem with leg - swelling and pain_
_in right leg._

===================================================================
HEARING NOTES:
A. CHARGING OFFICER'S STATEMENT: _N/A_

B. _I present at hearing - announced ready to proceed_

_Medical testimony given in previous case will be used_
_for this case as well_

===================================================================
SUMMATION/MITIGATION _Nature of Offense, A stmt, hx of_
_Medical complaint_

THIS CONCLUDES OUR PRESENTATION, OFFENDER MONTOYA,SANTOS
WOULD YOU LIKE TO SAY ANYTHING ELSE? YES __✓__, NO ____,

| CS CHECK LIST: | YES | NO | N/A | | YES | NO | N/A |
|---|---|---|---|---|---|---|---|
| OFFENDER PRESENT | ✓ | | | NON-FRIVOLOUS EVIDENCE | ✓ | | |
| CS-14 | | | ✓ | CROSS EXAMINATIONS | | ✓ | ✓ |
| WITNESSES | | ✓ | | OBJECTIONS | | | ✓ |
| DOCUMENTARY EVIDENCE | | ✓ | | WAIVED 24 HOUR NOTICE | | | ✓ |
| ACKNOWLEDGED MODIFICATION | ✓ | | | CREDIT (PHD) | | | ✓ |
| MITIGATING | ✓ | | | ADDITIONAL INFO ON BACK | | | ✓ |

SANCTIONS ASSESSED:
LOSS OF PRIV._____, REPRIMAND _____      SOLITARY _____
RECREATION _____,  EXTRA DUTY _____      REMAIN L. 3
COMMISSARY  20 , CONT. VISIT THRU_____    REDUC CLASS FROM _S3_ TO _L_
PROPERTY _____, CELL REST _____          GOOD TIME LOSS _15_
            _____, SPECIAL CELL _____    DAMAGES      $_____

CS-12                                              REVISED  04/9

TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 20000137804 TDCJNO 00544493 NAME: MONTOYA,SANTOS                    EA: 7,9
UNIT: E    HSNG: B-2-1    TO       JOB: KITCHEN HELPER 2ND                 IQ: 087
CLASS: S3  CUST: MI  PRIMARY LANGUAGE: ENGLISH       MHMR RESTRICTIONS:    NO
GRADE: MI / DAT  OFF.DATE: 12/29/99  10:00 AM  LOCATION: E KITCHEN AREA
TYPE: ID

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT NORTH SERVING LINE, OFFENDER:
MONTOYA,SANTOS, TDCJ-ID NO. 00544493, REFUSED TO TURN OUT FOR HIS WORK
ASSIGNMENT WITHOUT A LEGITIMATE REASON.

CHARGING OFFICER: BUTCHER, C.                      SHIFT/CARD: 1 H

## OFFENDER NOTIFICATION

TIME & DATE NOTIFIED: 01-05-00 6:25 AM BY:(PRINT) DONALD BUSH  IF APPLICABLE INTERPRETER,
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE.  YOU HAVE THE RIGHT TO SUBMIT A WRITTEN STATEMENT AND MAKE A VERBAL
STATEMENT.  DO YOU WANT TO ATTEND THE HEARING?  YES  NO   IF NO, HOW DO YOU
PLEAD?  GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: I/m REFUSED TO SIGN     DATE: 01-05-00
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24-HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____  DATE: _____

## HEARING INFORMATION

HEARING DATE: 1-23-00 TIME: 11:23  INTERPRETER SIGNATURE: _____
OFFENDER STATEMENT: Offender Montoya stated that his medical problems
with his leg keep him from being able to walk in the kitchen

| OFFENSE CODES: | 25.0 | | | |
| OFFENDER PLEA: (G, NG, NONE) | NG | | | |
| FINDINGS: (G, NG, DS) | G | | | |

## PUNISHMENT

LOSS OF PRIV(DAYS)_____    REPRIMAND_____ ✓
*RECREATION(DAYS)_____    EXTRA DUTY(HOURS)_____
*COMMISSARY(DAYS)__7__       CONT.VISIT SUSP THRU ___/___/___
*PROPERTY(DAYS).._____    CELL RESTR(DAYS)_____
*_____(DAYS)_____

OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: _____ 544493

_____              _____
HEARING OFFICER (PRINT)               WARDEN
FORM I-47MI)CONTACT A STAFF MEMBER IF YOU DO NOT UNDERSTAND THIS FORM
REV. 06-98) COMUNIQUESE CON UN MIEMBRO DEL PERSONAL SI NO ENTIENDE ESTA FORMA

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

**OFFENSE REPORT**

| Informal Resolution App? | |
|---|---|
| Officer | Y (N) |
| Supervisor | Y (N) |

| Case No. 20000137804 | |
|---|---|
| MHMR Rest? | Y (N) |
| PHD | Y (N) |

(1) TDCJ-No. _544493_  (2) Offender _Montoya, Santos_  (3) Unit _Ellis I_
(Last Name, First)

(4) Housing Assign: _B2-110_   (5) Job Assignment: _kitchen helper_

(6) Offense Level, Code Title: _2:252 Refusing to Work, refusing to begin a
work assignment, without a legitimate reason._

OFFENSE DESCRIPTION:   On _12-24-99_ at _1000_  AM/PM, and at _North Serving Line_
(7) Date        (8) Time        (9) Enter Specific Location

Offender _Montoya, Santos_                    TDCJ No. _544493_
_refused to turn out for his work assignment without
a legitimate reason._

(10) Additional Information: * _I/m Montoya's work shift is 1000 am - 1800 pm,
with Mon & Tue off._

(Continue on additional sheet if necessary)

(11) Witnesses: _Officer Eaton_

(12) Accusing Officer/Employee: Printed Name/Rank _C. Butcher / Sgt FSM II_

(13) Signature: _Butcher_   (14) Shift/Card _Wall H_  (15) Date _12-24-99_  (16) Time _1230 pm_

(17) Approving Supervisor's Printed Name: _Charles R Jones_   (18) Date _3 Jan 2000_

(19) Grading Official (Print) _____  (20) Rank _____  (21) Date _____

(22) Grade: (Circle One)   IR   UP   (MI)   MA   (23) Justification to override Informal Resolution: _____

ci-210 (rev. 01/98)

## PRELIMINARY INVESTIGATION REPORT

This report is to be completed on each Offense Report for review by the grading official. The purpose of this report is to obtain any other pertinent information about the incident prior to grading the Offense Report. The Preliminary investigation should not be completed by the charging officer or a person involved in the incident.

Offender: __Montoya Santos__      TDCJ No. __544493__

Date & Time Investigation started: __12-29-99__      __6:00 pm__

1. **ELEMENTS OF CHARGE.** Does the offense description support the elements of each charge (the things that had to be done in order to commit an offense). If "No," have charging officer add needed information.

   Offense Code _____:  (Yes)[ ] No [ ]      Offense Code _____:  Yes [ ] No [ ]
   Offense Code _____:  Yes [ ] No [ ]      Offense Code _____:  Yes [ ] No [ ]

2. **ADDITIONAL INFORMATION.** Has the charging officer included supporting information or evidence to supplement the standardized pleading such as items listed below? (Write "Yes," "No," or "NA" [not applicable] by each item).

   _____ a.  listing other witnesses to the incident,
   _____ b.  documentary evidence, e.g., photographs of contraband, etc.
   _____ c.  additional information about the offense.

3. **ACCUSED OFFENDER states that:** (Print interpreter's name if applicable):

   I'm states that he Just DiDnt Come to work Because of his medical Problem.

4. **ACCUSING OFFICER states that:** This inmate refuses to turn out for work

5. **WITNESS STATEMENTS** (List employee or offender; attach statements to report): _____

6. **DOCUMENTATION.** Documents reviewed (lay-ins, appointments, medical records, etc.)   Labor Roster
   ☐ Lay-ins, ☐ Roster, ☒ Medical Records, ☐ Picture, ☐ Other (List & attach to report)

   __Findley__                    __CO II__        __12-29-99  6:10 pm__
   Name of Investigating Officer (Print)        Rank        Date & Time Investigation Completed

7. **INFORMAL RESOLUTION** was not appropriate or not possible because:

   This is the Third Time I have investigated A Case for the same Reason I informed him he needs To see the doctor.

   __Charles K James__                    __FOM II__        __3 Jan 2000__
   Approving Supervisor's Printed Name        Rank        Date

TDCJ ID: DISCIPLINARY REPORT AND HEARING RECORD

CASE: 20000137808 TDCJNO: 0544493 NAME: MONTOYA,SAN S          EA: 7.
UNIT: E   HSNG: B-2-1   10        JOB: KITCHEN HELPER 2ND          IQ: 087
CLASS: S3  CUST: MI  PRIMARY LANGUAGE: ENGLISH      MHMR RESTRICTIONS:    NO
GRADE: MI / DAT  OFF.DATE: 12/30/99  10:00 AM  LOCATION: E  KITCHEN AREA
TYPE: ID

### OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT NORTH SERVING LINE, OFFENDER:
MONTOYA,SANTOS, TDCJ-ID NO. 00544493, REFUSED TO TURN OUT FOR HIS WORK
ASSIGNMENT WITHOUT A LEGITIMATE REASON.

CHARGING OFFICER: BUTCHER, C.                    SHIFT/CARD: 1 H

### OFFENDER NOTIFICATION

TIME & DATE NOTIFIED: 01-05-00 6:25 PM BY:(PRINT) DONALD BUSH   IF APPLICABLE INTERPRETER,
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE.  YOU HAVE THE RIGHT TO SUBMIT A WRITTEN STATEMENT AND MAKE A VERBAL
STATEMENT.  DO YOU WANT TO ATTEND THE HEARING?  YES   NO      IF NO, HOW DO YOU
PLEAD?  GUILTY   NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: REFUSED to SIGN          DATE: 01-05-0.
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24-HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____   DATE: _____

### HEARING INFORMATION

HEARING DATE: 1-23-00 TIME: 11:27  INTERPRETER SIGNATURE: _____
OFFENDER STATEMENT: offender Montoys State his medical problems
with his leg keep him from working in the Kitchen.

| OFFENSE CODES: | 25.0 | | | | |
|---|---|---|---|---|---|
| OFFENDER PLEA: (G, NG, NONE) | NG | | | | |
| FINDINGS:  (G, NG, DS) | G | | | | |

### PUNISHMENT

LOSS OF PRIV(DAYS) _____   REPRIMAND_____ ✓
 *RECREATION(DAYS) _____   EXTRA DUTY(HOURS) _____
 *COMMISSARY(DAYS) _15_      CONT.VISIT SUSP THRU ___/___/___
 *PROPERTY(DAYS).. _____   CELL RESTR(DAYS) _____
 *_____(DAYS) _____

OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: X Santos Montoya 54493
_____          _____
HEARING OFFICER (PRINT)                         WARDEN
(FORM I-47MI) CONTACT A STAFF MEMBER IF YOU DO NOT UNDERSTAND THIS FORM
(REV. 06-98) COMUNIQUESE CON UN MIEMBRO DEL PERSONAL SI NO ENTIENDE ESTA FORMA

| Informal Resolution App? | | |
|---|---|---|
| Officer | Y | N |
| Supervisor | Y | N |

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

# OFFENSE REPORT

| Case No. | 2000137800 | |
|---|---|---|
| MHMR Rest? | Y | N |
| PHD | Y | N |

(1) TDCJ-No. **544493**    (2) Offender **Montoya, Santos**    (3) Unit **Ellis I**

(Last Name, First)

(4) Housing Assign: **B2-110**    (5) Job Assignment: **Kitchen helper**

(6) Offense Level, Code Title: **2.252 Refusing to Work; refusing to begin a work assignment, without a legitimate reason**

OFFENSE DESCRIPTION:    On **12-30-99** at **1000** (AM/PM, and at **North Serving Line**

(7) Date    (8) Time    (9) Enter Specific Location

Offender **Montoya, Santos**    TDCJ No. **544493**

**refused to turn out for his work assignment without a legitimate reason.**

(10) Additional Information: **✱ I/m Montoya's work shift is 1000 am - 1800 pm, with Mon & Tues off.**

(Continue on additional sheet if necessary)

11) Witnesses: _____

12) Accusing Officer/Employee: Printed Name/Rank **C. Butcher / Sgt FSMII**

13) Signature: _____    (14) Shift/Card **W/H**    (15) Date **12-30-99**    (16) Time **1250p**

17) Approving Supervisor's Printed Name: **Chareesh James**    (18) Date **3 Jan 2000**

19) Grading Official (Print) _____    (20) Rank _____    (21) Date _____

22) Grade: (Circle One)    IR    UP    MI    MA    (23) Justification to override Informal Resolution: _____

210 (rev. 01/98)

## PRL. .MINARY INVESTIGATION REPORı

This report is to be completed on each Offense Report for review by the grading official. The purpose of this report is to obtain any other pertinent information about the incident prior to grading the Offense Report. The Preliminary investigation should not be completed by the charging officer or a person involved in the incident.

Offender: __Montoya, Santos__    TDCJ No. __544493__

Date & Time Investigation started: __1-1-00     900__

1. **ELEMENTS OF CHARGE.** Does the offense description support the elements of each charge (the things that had to be done in order to commit an offense). If "No," have charging officer add needed information.

Offense Code __25__: Yes [ ] No [ ]    Offense Code _____: Yes [ ] No [ ]
Offense Code _____: Yes [ ] No [ ]    Offense Code _____: Yes [ ] No [ ]

2. **ADDITIONAL INFORMATION.** Has the charging officer included supporting information or evidence to supplement the standardized pleading such as items listed below? (Write "Yes," "No," or "NA" [not applicable] by each item).

_____ a.   listing other witnesses to the incident,
_____ b.   documentary evidence, e.g., photographs of contraband, etc.
_____ c.   additional information about the offense.

3. **ACCUSED OFFENDER states that:** (Print interpreter's name if applicable):

Says he cant work Because of medical problems

4. **ACCUSING OFFICER states that:** Inmate refused to turn out for work

5. **WITNESS STATEMENTS** (List employee or offender; attach statements to report): __NA__

6. **DOCUMENTATION.** Documents reviewed (lay-ins, appointments, medical records, etc.)
☐ Lay-ins, ☐ Roster, ☑ Medical Records, ☐ Picture, ☐ Other (List & attach to report)

__Findley__    __CoII__    __1-1-00   9.05__
Name of Investigating Officer (Print)    Rank    Date & Time Investigation Completed

7. **INFORMAL RESOLUTION** was not appropriate or not possible because:

Work restriction 7-11-14R6 do not prohibit ferod Service work

__Charles K James__    __FSmII__    __3 Jan 2000__
Approving Supervisor's Printed Name    Rank    Date

77

```
CASE: 20000137811 TDCJNO  0. 4493 NAME: MONTOYA,SAN  S         EA: 7.
UNIT: E    HSNG: B-2-1   10        JOB: KITCHEN HELPER 2ND        IQ: 087
CLASS: S3  CUST: MI  PRIMARY LANGUAGE: ENGLISH     MHMR RESTRICTIONS:    NO
GRADE: MI / DAT  OFF.DATE: 12/31/99  10:00 AM  LOCATION: E  KITCHEN AREA
TYPE: ID
```

## OFFENSE DESCRIPTION

**ON THE DATE AND TIME LISTED ABOVE, AND AT NORTH SERVING LINE, OFFENDER:
MONTOYA,SANTOS, TDCJ-ID NO. 00544493, REFUSED TO TURN OUT FOR HIS WORK
ASSIGNMENT WITHOUT A LEGITIMATE REASON.**

CHARGING OFFICER: BUTCHER, C.                    SHIFT/CARD: 1 H

## OFFENDER NOTIFICATION

TIME & DATE NOTIFIED: _01-05-00 6:25 PM_      IF APPLICABLE INTERPRETER,
BY:(PRINT) _Donald Bush_
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE.  YOU HAVE THE RIGHT TO SUBMIT A WRITTEN STATEMENT AND MAKE A VERBAL
STATEMENT.  DO YOU WANT TO ATTEND THE HEARING?  YES  NO     IF NO, HOW DO YOU
PLEAD?  GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: _I/M REFUSED TO SIGN_  DATE: _01-05-00_
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24-HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____  DATE: _____

## HEARING INFORMATION

HEARING DATE: _1-23-00_ TIME: _11:30_  INTERPRETER SIGNATURE: _____
OFFENDER STATEMENT: _Offender Montoya stated he could not walk
in the kitchen for medical reasons._

```
OFFENSE CODES:        | 25.0  |_____|_____|_____|
OFFENDER PLEA: (G, NG, NONE) | NG  |_____|_____|_____|
FINDINGS:  (G, NG, DS) | G   |_____|_____|_____|
```

## PUNISHMENT

```
LOSS OF PRIV(DAYS)_____    REPRIMAND_____
 *RECREATION(DAYS)_____    EXTRA DUTY(HOURS)_____
 *COMMISSARY(DAYS)_____    CONT.VISIT SUSP THRU __/__/__
 *PROPERTY(DAYS)..._____   CELL RESTR(DAYS)_30_____
 *_____(DAYS)_____
```

OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: X _Santos Montoya 544493_

_H. M. Daniel_ _____        _____
HEARING OFFICER (PRINT)                          WARDEN
(FORM I-47MI)CONTACT A STAFF MEMBER IF YOU DO NOT UNDERSTAND THIS FORM
(REV. 06-98) COMUNIQUESE CON UN MIEMBRO DEL PERSONAL SI NO ENTIENDE ESTA FORMA

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

# OFFENSE REPORT

Informal Resolution App?
Officer          Y   N
Supervisor       Y   N

Case No. 20011378‑1
MHMR Rest?   Y   N
PHD          Y   N

(1) TDCJ-No. 544493  (2) Offender Montoya, Santos  (3) Unit Ellis I
                              (Last Name, First)

(4) Housing Assign: B2-110          (5) Job Assignment: Kitchen helper

(6) Offense Level, Code Title: 2.25ᵃ Refusing to Work; refusing to begin
a work assignment, without a legitimate reason

OFFENSE DESCRIPTION: On 12-31-99 at 1000 AM/PM, and at North Serving Line
                         (7) Date      (8) Time              (9) Enter Specific Location

Offender Montoya, Santos                  TDCJ No. 544493
refused to turnout for his work assignment
without a legitimate reason.

_____
_____
_____
_____

(10) Additional Information: *I/m Montoya's work shift is 1000 am –
1800 pm, with Mon & Tues. off.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(Continue on additional sheet if necessary)

(11) Witnesses: _____

(12) Accusing Officer/Employee: Printed Name/Rank C. Butcher / Sgt FSM II

(13) Signature: C Butcher  (14) Shift/Card Hi2/H  (15) Date 12-31-99  (16) Time 1600pm

(17) Approving Supervisor's Printed Name: Charliak James  (18) Date 3 Jan 2000

(19) Grading Official (Print) _____  (20) Rank _____  (21) Date _____

(22) Grade: (Circle One)   IR   UP   MI   MA   (23) Justification to override Informal Resolution: _____

I-210 (rev. 01/98)

79

## PRELIMINARY INVESTIGATION REPORT

This report is to be completed on each Offense Report for review by the grading official. The purpose of this report is to obtain any other pertinent information about the incident prior to grading the Offense Report. The Preliminary investigation should not be completed by the charging officer or a person involved in the incident.

Offender: _Montoya Santo_          TDCJ No. _544493_

Date & Time Investigation started: _1-1-00_          _900_

1.  **ELEMENTS OF CHARGE.**   Does the offense description support the elements of each charge (the things that had to be done in order to commit an offense). If "No," have charging officer add needed information.

     Offense Code _25_ :  (Yes) ] No [ ]          Offense Code _____ :   Yes [ ] No [ ]
     Offense Code _____ :  Yes [ ] No [ ]          Offense Code _____ :   Yes [ ] No [ ]

2.  **ADDITIONAL INFORMATION.**   Has the charging officer included supporting information or evidence to supplement the standardized pleading such as items listed below? (Write "Yes", "No," or "NA" [not applicable] by each item).

     _____ a.   listing other witnesses to the incident,
     _____ b.   documentary evidence, e.g., photographs of contraband, etc.
     _____ c.   additional information about the offense.

3.  ACCUSED OFFENDER states that: (Print interpreter's name if applicable):

     _Says he can't work Because of medical_
     _Problems_

4.  ACCUSING OFFICER states that: _Inmate refused to turn out_
     _for work_

5.  WITNESS STATEMENTS (List employee or offender; attach statements to report): _N/A_

6.  DOCUMENTATION.  Documents reviewed (lay-ins, appointments, medical records, etc.)
     ☐ Lay-ins, ☐ Roster, ☑ Medical Records, ☐ Picture, ☐ Other (List & attach to report)

     _Findley_                    _COII_          _1-1-00    905pm_
     Name of Investigating Officer (Print)          Rank          Date & Time Investigation Completed

7.  INFORMAL RESOLUTION was not appropriate or not possible because:

     _at 7-11-14-26 do not prohibit his food service_
     _role_
     _Charles K James_          _FSmII_          _3 Jan 2000_
     Approving Supervisor's Printed Name          Rank          Date

TDCJ DISC LINARY REPORT AND HEARING ECORD

CASE: 20000160050 TDCJNO 0544493 NAME: MONTOYA,SAN S          EA: 7,9
UNIT: E   HSNG: B-4-1  06       JOB: KITCHEN HELPER 2ND         IQ: 087
CLASS: S3  CUST: ME  PRIMARY LANGUAGE: ENGLISH       MHMR RESTRICTIONS:    NO
GRADE: MA / DAT  OFF.DATE: 01/22/00  10:00 AM  LOCATION: E  B 2 ONE ROW
TYPE: ID

## OFFENSE DESCRIPTION

IN THE DATE AND TIME LISTED ABOVE, AND AT B2-1-10, OFFENDER: MONTOYA,SANTOS,
TDCJ-ID NO. 00544493, REFUSED TO TURN OUT FOR HIS WORK ASSIGNMENT WITHOUT A
LEGITIMATE REASON.

HEARING OFFICER: SHROYER, N.                    SHIFT/CARD: 1 D

## OFFENDER NOTIFICATION  IF APPLICABLE INTERPRETER,

TIME & DATE NOTIFIED: 1120U  117100  BY:(PRINT)  Jeter
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING (YES) NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: X                          DATE:
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: X                                DATE:

## HEARING INFORMATION

HEARING DATE: 1-28-00  TIME: 0600   TAPE# 0034  SIDE# A  START# 197  END# 283
TAPE#        SIDE#        START#        END#
EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF
HEARING. (2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
HOURS PRIOR TO HEARING. (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE. (4) IF ANY WITNESSES OF THE DISCIPLINARY WAS EXCLUDED FROM
HEARING (5) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF
WITNESS AT THE HEARING (6) IF INTERPRETER USED EXPLAIN.

                          N/A

OFFENSE CODE (1)            125.0
PLED: 000D PLEA: G  NG  NONE     NG
FINDINGS: (G)  NG  DS             G
USED TO ADJOR(PRIOR TO DOCKET)  DOCKET  HEARING   BY:(INITIAL)
GUILTY  EVIDENCE PRESENTED CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: (A)ADMISSION OF GUILT, (B)OFFICER'S REPORT, (C)WITNESS TESTIMONY, (D)OTHER
EXPLAIN IN DETAIL: I M. Montoia stated that is id ot to work.
Bachman's testimony that he refusing to consent to part of the 
ruling.

## PUNISHMENT

| | | |
|---|---|---|
| S OF PRIV(DAYS) 30 | REPRIMAND.......... | SOLITARY(DAYS)........ |
| RECREATION(DAYS) 30 | EXTRA DUTY(HOURS)......... | REMAIN LINE 3........... |
| COMMISSARY(DAYS) 30 | CONT.VISIT SUSP THRU....... | REDUC.CLASS FROM ___ TO |
| PROPERTY(DAYS) 30 | CELL RESTR(DAYS)....... | GOOD TIME LOST(DAYS) 45 |
| (DAYS).. | SPECIAL CELL RESTR(DAYS) 30 | DAMAGES...... 3 |

WRITE FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED

                    N/A    N/A

EDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS) ___ NO / NA
   PLACED IN PRE-HEARING DETENTION: ___     HEARING LENGTH  8  (MINUTES
UNDER SIGNATURE FOR RECEIPT OF FINAL REPORT: X

Koesler                            11/11/11
HEARING OFFICER (PRINT)  WARDEN         STATE CLASS COMMITTEE MEMBER
(FORM I-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

**OFFENSE REPORT**

Informal Resolution App?
Officer      Y  (N)
Supervisor   Y  (N)

Case No. 20VV16005 0
MHMR Rest?  Y  (N)
PHD         Y  (N)

544493

(1) TDCJ-No. 544498    (2) Offender Montoya, Santos    (3) Unit Ellis
                                  (Last Name, First)

(4) Housing Assign: B-2-1-10    (5) Job Assignment: 10 A.m-6.p.m  Kitchen

(6) Offense Level, Code Title: 25/2 Refusing to Work; refusing to begin or complete a "a" Work Assignment without a legitimate reason

OFFENSE DESCRIPTION:   On 01-22-00 at 10 A.m (AM) PM, and at (10. A. m) - B-2 1-10
                          (7) Date      (8) Time              (9) Enter Specific Location

Offender Montoya, Santos, FOC    TDCJ No. 544498
refused to turn out for his work Assignment
without a legitimate reason.

(10) Additional Information: Officer D. Johnson Question Montoya
He Said That His Leg Swells When He Stands
He Is On Medican! But Will Not Come To Work
Until His Leg Is Better

(Continue on additional sheet if necessary)

11) Witnesses:

12) Accusing Officer/Employee:  Printed Name/Rank  Nathan Shroyer   FSm I

13) Signature: Nathan Shroyer   (14) Shift/Card D    (15) Date 01-22-00   (16) Time 1300 hrs

17) Approving Supervisor's Printed Name:   (18) Date 1/26/00

19) Grading Official (Print)                        (20) Rank            (21) Date

2) Grade: (Circle One)   IR  UP  MI  (MA)   (23) Justification to override Informal Resolution:

## PRELIMINARY INVESTIGATION REPORT

This report is to be completed on each Offense Report for review by the grading official. The purpose of this report is to obtain any other pertinent information about the incident prior to grading the Offense Report. The Preliminary investigation should not be completed by the charging officer or a person involved in the incident.

Offender: *Montoya, Santos*                     TDCJ No. *544498*

Date & Time Investigation started: *01-24-00; 1415 pm*

1.   **ELEMENTS OF CHARGE.**   Does the offense description support the elements of each charge (the things that had to be done in order to commit an offense). If "No," have charging officer add needed information.

   Offense Code *25.2*  :   Yes [ ✓ ] No [  ]           Offense Code _____:   Yes [  ] No [  ]
   Offense Code _____:   Yes [  ] No [  ]           Offense Code _____:   Yes [  ] No [  ]

2.   **ADDITIONAL INFORMATION.**   Has the charging officer included supporting information or evidence to supplement the standardized pleading such as items listed below? (Write "Yes," "No," or "NA" [not applicable] by each item).

   *No*     a.   listing other witnesses to the incident,
   *No*     b.   documentary evidence, e.g., photographs of contraband, etc.
   *YES*   c.   additional information about the offense.

3.   **ACCUSED OFFENDER** states that:  (Print interpreter's name if applicable):

   *he has seen the doctor, but will not return to work until his right leg gets better.*

4.   **ACCUSING OFFICER** states that: *Montoya refuses to turn-out when called for, he has stated he will not work in the Kitchen*

5.   **WITNESS STATEMENTS** (List employee or offender; attach statements to report): *N/a*

6.   **DOCUMENTATION.**   Documents reviewed (lay-ins, appointments, medical records, etc.)
   ☐ Lay-ins,  ☐ Roster,  ☐ Medical Records,  ☐ Picture,  ☐ Other (List & attach to report)
   *medical records state no lay-in*

   *C. Butcher*                          *Sgt FSM II*              *01-24-00; 1420 pm*
   Name of Investigating Officer (Print)      Rank                 Date & Time Investigation Completed

7.   **INFORMAL RESOLUTION** was not appropriate or not possible because:
   *Inmate refuses to turn out for work*

   *Charles K James*                     *FSM II*                 *25 Jan 00*
   Approving Supervisor's Printed Name        Rank                     Date

```
CSDSP040                        T.B.C.J.                         2000/01/2.
E. - E017            SERVICE INVESTIGATION WORK SHEET           09:54:0.
```

CASE#: 20000160050,  TDCJ # 00544493,  NAME: MONTOYA,SANTOS
CURRENT UNIT: E ,   HOUSING: B-4-1   06 ,   CLASS: S3,   CUSTODY: ME,  TYPE:
OFFENSE DATE:  012200,  TIME: 10 : 00 AM, LOCATION:   E      B 2 ONE ROW
CHARGING OFFICER: SHROYER, N.                        ,          SHIFT/CARD: 1/B
OFFENSE CODES: A) 25 . 0 ,      B) . ,      C)    . ,     D) . ,
DESCRIPTORS:  A) UA  NG      , B)        , C)        , D)
PLEA:  A)  NG      , B)        , C)        , D)
CLERK RCVD: 012600  SERVICE LAPSE DATE: 032100 ,          SERVICE DATE: 1/27/0
CS ASSIGNED:  Leter

COUNSEL SUBSTITUTE HAS BEEN APPOINTED BECAUSE:

A. ACCUSED IN ANY FORM OF              E. ACCUSED HAS REQUESTED COUNSEL
   SEGREGATION                            SUBSTITUTE
B. EA BELOW 5.0   IQ BELOW 73          F. ACCUSED HAS REQUESTED WITNESS WHO
C. LITERACY IS QUESTIONABLE               CAN NOT ATTEND THE HEARING
D. ACCUSED HAS DIFFICULTY UNDER-       G. COMPLEXITY OF CASE WARRANTS COUNSEL
   STANDING ENGLISH                       SUBSTITUTE

===================================================================
A. OFFICER'S REPORT CLEARLY DESCRIBES THE INCIDENT IN QUESTION:   YES ___ NO ___
B. CHARGES LISTED WERE REVIEWED WITH REFERENCE TO TDCJ DISCIPLINARY
                                   RULES AND PROCEDURES:  YES ___ NO ___
C. OFFENSE DESCRIPTION IN REPORT SUBSTANTIATES EACH OF THE
                              ALLEGED OFFENSES WERE VIOLATED:  YES ___ NO ___

   IF NO, EXPLAIN: _____

------------------------------------------------------------------
1. THE ACCUSED WAS INFORMED OF THE FOLLOWING RIGHTS:              YES   NO
A. TO CALL AND QUESTION WITNESSES                                 ___   ___
B. TO PRESENT DOCUMENTARY EVIDENCE                                ___   ___
C. TO BE REPRESENTED BY COUNSEL SUBSTITUTE                        ___   ___
D. TO CALL AND QUESTION THE CHARGING OFFICER AT THE HEARING       ___   ___
E. THE ACCUSED STATES HE/SHE UNDERSTANDS REPORT, CHARGES AND RIGHTS ___
F. THE ACCUSED STATES HE/SHE WISHES TO ATTEND HIS/HER HEARING     ___

------------------------------------------------------------------
2. THE ACCUSED REASONS AND/OR DEFENSE: _____

Medical problems - saw them Friday

_____

A. REQUESTED WITNESSES:  No

_____

B. REQUESTED DOCUMENTARY EVIDENCE:  Medical

_____

CS-10.11A                                           REVISED 04/9?

CS.DSP040
E - E017

T.D.C.J.
SERVICE INVESTIGATION WORK SHEET

2000/01
09:54:0

CASE#: 20000160050,   TDCJ # 00544493,   NAME: MONTOYA,SANTOS

3. THE ACCUSED REASONS AND/OR DEFENSES HAVE BEEN LOGICALLY AND
SYSTEMATICALLY INVESTIGATED AS FOLLOWS:

A. 1/21/00 , REVIEW CASE: _____

B. " , INTERVIEW ACCUSED: _____

C. " , Int medical (PA C Cheatain) - Seen 1/21/00 by PA Buchmann, RX
Motrin & Knachlsh Ted here for 1 year. No Indication AIs
medically unable to perform work assignment;

1/21/00 , CONCLUDE INVESTIGATION

4. ON N/A , THE CHARGING OFFICER WAS PRESENTED WITH A SUMMARY OF THE
INVESTIGATION TO INCLUDE THE ACCUSED STATEMENT. THE CHARGING OFFICER WAS
ASKED IF HE/SHE WANTED TO MAKE ANY ADDITIONAL STATEMENTS NOT INCLUDED
IN THE REPORT.

Su #2 #3

5. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE CHARGES
MADE AGAINST THE ACCUSED:

I-210
medical

6. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE
ACCUSED REASONS, AND/OR DEFENSES:

Astmt

COUNSEL SUBSTITUTE PRINTED NAME: A Jeter

COUNSEL SUBSTITUTE SIGNATURE: _____     TITLE: C&I

IS-10.11B                                      DATE: 1/21/00

REVISED 04/9-

```
CSDSP040                              T.D.C.J.                        2000/01/2
E  - E017                         HEARING WORK SHEET                  07:14:11
```

CASE#: 20000160050,  TDCJ # 00544493,  NAME: MONTOYA,SANTOS
CURRENT UNIT: E ,   HOUSING: B-4-1  06 ,   CLASS: S3,   CUSTODY: ME,  TYPE:
OFFENSE DATE:  012200, TIME: 10 : 00 AM, LOCATION:   E      B 2 ONE ROW
CHARGING OFFICER: SHROYER, N.                    ,           SHIFT/CARD: 1/8
OFFENSE CODES: A) 25 , 0,    B)    , ,    C)    . ,    D)  . ,
DESCRIPTORS:   A) UA       , B)          , C)          , D)
PLEA:      A) __NG__     , B) _____ , C) _____ , D) _____
FINDING:   A) __G__      , B) _____ , C) _____ , D) _____
HEARING LAPSE DATE: 021600, DHO: MAR    , CS: AJ      , HEARING DATE: 012800.

DEFENSE: My leg has been swelling up - I went to medical
on the 22nd.

HEARING NOTES:
A. CHARGING OFFICER'S STATEMENT: N/A

B.  ⌀ present at hearing - announced ready to proceed.

Medical (PS Bachmann) present: ⌀ seen 12/10 by me for les- noted
area of swelling. Treated with teachip, Ted hose. No
changes were made with his classification.

UMMATION/MITIGATION: Nature of offense; ⌀ is seeking medical
intervention; lenency.

HIS CONCLUDES OUR PRESENTATION, OFFENDER MONTOYA,SANTOS
OULD YOU LIKE TO SAY ANYTHING ELSE? YES _____, NO _____,

5 CHECK LIST:              YES  NO  N/A                         YES  NO  N/A
OFFENDER PRESENT           ✓   ___  ___    NON-FRIVOLOUS EVIDENCE  ✓   ___  ___
.S-14                      ___  ___  ✓     CROSS EXAMINATIONS      ___  ___  ✓
JITNESSES                  ___  ___  ✓     OBJECTIONS              ___  ___  ✓
OCUMENTARY EVIDENCE        ___  ___  ✓     WAIVED 24 HOUR NOTICE   ___  ___  ✓
RCKNOWLEDGED MODIFICATION  ___  ___  ✓     CREDIT (PHD)            ___  ___  ✓
MITIGATING                 ___  ___  ✓     ADDITIONAL INFO ON BACK
SANCTIONS ASSESSED:
OSS OF PRIV. 30 , REPRIMAND      _____        SOLITARY        _____
RECREATION    ↓  , EXTRA DUTY    _____        REMAIN L 3       _____
COMMISSARY    ↓  , CONT. VISIT THRU_____,    REDUC CLASS FROM _____ TO _____
ROPERTY       ↓  , CELL REST      _____        GOOD TIME LOSS   45
              ↓  , SPECIAL CELL    30           DAMAGES          $_____
-12                                            REVISED  04/9

# DISCIPLINARY - IMPOSED PROPERTY RESTRICTION

## Loss of Privileges—Personal Property

(This form is to be completed by the hearing officer when an inmate has been assessed loss of personal property privileges as a penalty following conviction pursuant to a minor or major disciplinary hearing.)

Inmate: _Montoya_ , _Santos_
        Last Name                                 First

TDCJ-ID No.: _00544493_  Disciplinary Case No.: _20000160050_

Date of Hearing: _1-28-00_     Type of Hearing: [✓] Major   [ ] Minor

Name of Hearing Officer (Printed): _Capt Roesler_

Unit: _Ellis_ , Length of Restriction (No. of Days): _30_

Dates of Restriction:  From: _1-28-00_     To: _2/27/00_

The property items listed below are to be restricted for the time period indicated above. (Check one of the following items, A or B, as appropriate.)

[ ]  A.  Specific property items. (List below the specific property items that are to be restricted. If all personal property is to be restricted, check item B, below.)

_____

_____

_____

[✓]  B.  All personal property except the following permitted items:

    1.  legal material,
    2.  correspondence material,
    3.  religious literature,
    4.  incoming and outgoing mail (packages, publications, and general, special, legal and media correspondence),
    5.  hygiene items (toothbrush, toothpaste, deodorant, shampoo and soap)
    6.  clothing necessities (pursuant to AD 09.26),
    7.  cell lamp (in death row and administrative segregation cells) and
    8.  educational material (material used for academic programs in which an inmate is enrolled).

Distribution
    Original -  Unit File (Attach to I-47)
    Copy -  Staff Enforcing Restriction
    Copy -  Inmate

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
INSTITUTIONAL DIVISION

INTER-OFFICE COMMUNICATIONS

TO: COUNT ROOM / INMATE RECORDS          DATE: 1-28-00
ELLIS UNIT

FROM: DISCIPLINARY HEARING OFFICER       SUBJECT: NOTIFICATION OF
ELLIS UNIT                                        DISCIPLINARY HEARING
                                                  RESULTS

INMATE NAME / TDCJ-ID NO.: Montoya Santos #00544453
DISCIPLINARY REPORT NUMBER: 20000160050
CHARGE(S): 25.0

SPECIAL CELL RESTRICTION THROUGH _____ 2/26/00

SOLITARY CONFINEMENT __0__ DAYS          PHD CREDIT __0__ DAYS

Capt. Roesler
DISCIPLINARY HEARING OFFICER

/////////////////////////////////////////////////////////////////

MEDICAL EXAMINATION:

_____ WEIGHT                          HOUSING CONSIDERATIONS:
_____ BLOOD PRESSURE                  _____ LOW BUNK ONLY?
_____ HEART RATE

_____
SIGNATURE AND TITLE OF EXAMINER

/////////////////////////////////////////////////////////////////

PROPERTY:                               YES              NO

PROPERTY INVENTORIED?                    ✓

ANY PROPERTY RESTRICTED?              ✓  FW
(IF YES, EXPLAIN WHY)            Special Cell Restriction

INMATE RETAINED LEGAL PROPERTY?          ✓
(IF NO, EXPLAIN WHY)                 _____          _____

J. William COS
SIGNATURE AND RANK

                                        (REV. 8/98)AJ

38

TDCJ DISC LINARY REPORT AND HEARING RECORD

CASE: 20000160064 TDCJNO: 0544493 NAME: MONTOYA,SAN`                     EA: 7.9
UNIT: E   HSNG: B-4-1  86         JOB: KITCHEN HELPER 2ND               IQ: 087
CLASS: S3  CUST: ME  PRIMARY LANGUAGE: ENGLISH          MHMR RESTRICTIONS:  NO
GRADE: MA / DAT  OFF.DATE: 01/23/00  10:00 AM  LOCATION: E  B 2 ONE ROW
TYPE: ID

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT B2-1-10, OFFENDER:  MONTOYA,SANTOS,
TDCJ-ID NO. 00544493, REFUSED TO TURN OUT FOR HIS WORK ASSIGNMENT WITHOUT A
LEGITIMATE REASON.

CHARGING OFFICER: SHROYER, N.                    SHIFT/CARD:  1 D

## OFFENDER NOTIFICATION

TIME & DATE NOTIFIED: 1 17 Pm   1 17 00  BY:(PRINT)        IF APPLICABLE INTERPRETER

YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES / NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY

OFFENDER NOTIFICATION SIGNATURE:                          DATE:

BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.

OFFENDER WAIVER SIGNATURE:                               DATE:

## HEARING INFORMATION

HEARING DATE: 1-28-00  TIME: 2:02 pm  TAPE# 00034  SIDE# A  START# 083  END# 02
                                     TAPE#         SIDE#     START#     END#

EXPLAIN BELOW BY NUMBER: (1 ) COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF
HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
24 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM,
DURING USE OF OFFENDER WAS LIMITED COMPENSATION AND/OR CROSS-EXAMINATION OF
WITNESS AT THE HEARING (6)  IF INTERPRETER USED:(SIGNATURE)

                            N/A

FENCE CODES:
OFFENDER PLEA:  GU (NG)  NONE
PLEA:  G.  NG, IN
RULED TO REPORT(OPTION TO DOCKET)   (DOCKET)    HEARING       (INITIAL)
(1) GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON ( ) FOR DETERMINATION OF
GUILT: (1) ADMISSION OF GUILT, (2) OFFICER'S REPORT, (3) WITNESS TESTIMONY, (4) OTHER
(EXPLAIN IN DETAIL: P.A. rockmore testimon in disc case # 20000160650
M. Montoya stated no did not go to work

## PUNISHMENT

LOSS OF PRIV(DAYS)_____   REPRIMAND............       SOLITARY(DAYS) ..........
RECREATION(DAYS)_____    EXTRA DUTY(HOURS).....       REMAIN LINE 3........
COMMISSARY(DAYS) 40 5  CONT.VISIT SUSP THRU _____     REDUC.CLASS FROM L1 TO L2
PROPERTY(DAYS),.....     CELL RESTR(DAYS) .......     GOOD TIME LOST(DAYS),.....
_____(DAYS)   SPECIAL CELL RESTR(DAYS),....          DAMAGES...........$
SPECIFIC FACTUAL REASONS FOR PARTICULAR PUNISHMENT IMPOSED

        L/MS  45  NX

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS)_____  NO  NA
WAS PLACED IN PRE-HEARING DETENTION:          HEARING LENGTH  6  (MINUTES
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT:

HEARING OFFICER (PRINT)   WARDEN            STATE CLASS.COMMITTEE MEMBER
FORM I-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT RECEIVE

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

**OFFENSE REPORT**

Informal Resolution App?
Officer          Y   N
Supervisor       Y   N

Case No. 2000016009
MHMR Rest?   Y   N
PHD          Y   N

(1) TDCJ-No. 544493  544492    (2) Offender Montoya, Santos    (3) Unit Ellis
(Last Name, First)

(4) Housing Assign: B-2-1-10    (5) Job Assignment: 10 A.M.-L__ Kitchen

(6) Offense Level, Code Title 25.2 Refusing to Work; refusing to begin or complete a work assignment without a legitimate reason

OFFENSE DESCRIPTION: On 01-23-00 at 10 A.M. AM/PM, and at ( 10 A M ) B-2 1-10
(7) Date    (8) Time                    (9) Enter Specific Location

Offender Montoya, Santos, Sr.    TDCJ No. 544492

refused to turn out for his work assignment without a legitimate reason

(10) Additional Information: Officer D. Johnson Question Montoya
He Said That His Leg Swells When He Stand
He Is Also On Medication But Will Not Come
To Work Until His Leg Is Better

(Continue on additional sheet if necessary)

(11) Witnesses: _____

(12) Accusing Officer/Employee: Printed Name/Rank Nathan Shrayer

(13) Signature: Nathan Shrayer    (14) Shift/Card D    (15) Date 01-23-00    (16) Time 1315hu

(17) Approving Supervisor's Printed Name: A. McCall    (18) Date 1/26/00

(19) Grading Official (Print) _____    (20) Rank _____    (21) Date _____

(22) Grade: (Circle One)   IR   UP   MI   MA    (23) Justification to override Informal Resolution: _____

## PRELIMINARY INVESTIGATION REPORT

This report is to be completed on each Offense Report for review by the grading official. The purpose of this report is to obtain any other pertinent information about the incident prior to grading the Offense Report. The Preliminary investigation should not be completed by the charging officer or a person involved in the incident.

Offender: _Montoya, Santos_ TDCJ No. _544498_

Date & Time Investigation started: _01-24-00 ; 1415 pm_

1. **ELEMENTS OF CHARGE.** Does the offense description support the elements of each charge (the things that had to be done in order to commit an offense). If "No," have charging officer add needed information.

   Offense Code _25.2_ : Yes [✔] No [ ]     Offense Code _____ : Yes [ ] No [ ]
   Offense Code _____ : Yes [ ] No [ ]     Offense Code _____ : Yes [ ] No [ ]

2. **ADDITIONAL INFORMATION.** Has the charging officer included supporting information or evidence to supplement the standardized pleading such as items listed below? (Write "Yes," "No," or "NA" [not applicable] by each item).

   _No_ a. listing other witnesses to the incident,
   _No_ b. documentary evidence, e.g., photographs of contraband, etc.
   _Yes_ c. additional information about the offense.

3. **ACCUSED OFFENDER** states that: (Print interpreter's name if applicable):
   _he has seen the doctor, but will not return to work until his (right) leg gets better._

4. **ACCUSING OFFICER** states that: _I/m Montoya refuses to report for work. He will not work in this dept_

5. **WITNESS STATEMENTS** (List employee or offender; attach statements to report): _n/a_

6. **DOCUMENTATION.** Documents reviewed (lay-ins, appointments, medical records, etc.)
   ☐ Lay-ins, ☐ Roster, ☑ Medical Records, ☐ Picture, ☐ Other (List & attach to report)
   _medical records state no lay in -_

   | | | |
   |---|---|---|
   | _C. Butcher_ | _Sgt FSM II_ | _01-24-00 ; 1420 pm_ |
   | Name of Investigating Officer (Print) | Rank | Date & Time Investigation Completed |

7. **INFORMAL RESOLUTION** was not appropriate or not possible because:
   _Inmate refuses to turn out for work._

   | | | |
   |---|---|---|
   | _Charles R James_ | _FSM II_ | _25 Jan 00_ |
   | Approving Supervisor's Printed Name | Rank | Date |

CSDSPC40                          T.D.C.J.                        2000/01/2.
E  - E017          SERVICE INVESTIGATION WORK SHEET                09:54:1

CASE#: 20000160064,  TDCJ # 00544493,  NAME: MONTOYA,SANTOS
CURRENT UNIT: E ,  HOUSING: B-4-1  06 ,  CLASS: S3,  CUSTODY: ME,  TYPE:
OFFENSE DATE:  012300, TIME: 10 : 00 AM, LOCATION:  E       B 2 ONE ROW
CHARGING OFFICER: SHROYER, N.                                  SHIFT/CARD: 1/0
OFFENSE CODES: A) 25 . 0 ,     B)   ,  ,     C)    .  ,     D)   . ,
DESCRIPTORS:   A) UA      , B) _____ , C) _____ , D) _____
PLEA:          A)  NG     , B) _____ , C) _____ , D) _____
CLERK RCVD: 012300, SERVICE LAPSE DATE: 022300  .     SERVICE DATE: _____
CS ASSIGNED: _____ Jeter _____ .

COUNSEL SUBSTITUTE HAS BEEN APPOINTED BECAUSE:

A. ACCUSED IN ANY FORM OF           (E.) ACCUSED HAS REQUESTED COUNSEL
   SEGREGATION                           SUBSTITUTE
B. EA BELOW 5.0  IQ BELOW 73         F. ACCUSED HAS REQUESTED WITNESS WHO
C. LITERACY IS QUESTIONABLE             CAN NOT ATTEND THE HEARING
D. ACCUSED HAS DIFFICULTY UNDER-    (G.) COMPLEXITY OF CASE WARRANTS COUNSEL
   STANDING ENGLISH                      SUBSTITUTE
======================================================================
A. OFFICER'S REPORT CLEARLY DESCRIBES THE INCIDENT IN QUESTION:  YES___ NO_
B. CHARGES LISTED WERE REVIEWED WITH REFERENCE TO TDCJ DISCIPLINARY
                              RULES AND PROCEDURES:  YES___ NO_
C. OFFENSE DESCRIPTION IN REPORT SUBSTANTIATES EACH OF THE
                    ALLEGED OFFENSES WERE VIOLATED:  YES___ NO___

   IF NO, EXPLAIN: _____
======================================================================
1. THE ACCUSED WAS INFORMED OF THE FOLLOWING RIGHTS:              YES   N
A. TO CALL AND QUESTION WITNESSES                                  ___
B. TO PRESENT DOCUMENTARY EVIDENCE                                 ___
C. TO BE REPRESENTED BY COUNSEL SUBSTITUTE                         ___
D. TO CALL AND QUESTION THE CHARGING OFFICER AT THE HEARING        ___
E. THE ACCUSED STATES HE/SHE UNDERSTANDS REPORT, CHARGES AND RIGHTS ___
F. THE ACCUSED STATES HE/SHE WISHES TO ATTEND HIS/HER HEARING      ___
======================================================================
2. THE ACCUSED REASONS AND/OR DEFENSE: _____

   midical problem - saw them Friday.

A. REQUESTED WITNESSES:  NO

B. REQUESTED DOCUMENTARY EVIDENCE:  Midical

CS-10.11A                                              REVISED 04/9

```
CSDSPC40                        T.D.C.J.                      2000/01/2?
E  - E017             SERVICE INVESTIGATION WORK SHEET          09:54:1?
```

CASE#: 20000160064,  TDCJ # 00544493,  NAME: MONTOYA,SANTOS

3. THE ACCUSED REASONS AND/OR DEFENSES HAVE BEEN LOGICALLY AND
   SYSTEMATICALLY INVESTIGATED AS FOLLOWS:

A. _1/27/00___, REVIEW CASE: _____

B. _"___, INTERVIEW ACCUSED: _____

C. _"___ Int. medical — Seen 1/21/00 by M Bachmans RX Motrin & Kucchin Ted
   hose for Ulcer. No indication A Medically unable to perform
   work assignment

_1/27/00___. CONCLUDE INVESTIGATION

4. ON __N/A___, THE CHARGING OFFICER WAS PRESENTED WITH A SUMMARY OF THE
   INVESTIGATION TO INCLUDE THE ACCUSED STATEMENT, THE CHARGING OFFICER WAS
   ASKED IF HE/SHE WANTED TO MAKE ANY ADDITIONAL STATEMENTS NOT INCLUDED
   IN THE REPORT.

See #2, #3

5. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE CHARGES
   MADE AGAINST THE ACCUSED:

I-210
medical

6. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE
   ACCUSED REASONS, AND/OR DEFENSES:

Refuse Astmt

COUNSEL SUBSTITUTE PRINTED NAME: ___A Jeter___        TITLE: _CSI_

COUNSEL SUBSTITUTE SIGNATURE: ___a Je___              DATE: _1/27/00_
CS-10.11B                                             REVISED 04/9?

```
CSDSP040                              T.D.C.J.                        2000/01/2:
E  - E017                        HEARING WORK SHEET                       07:14:0
```

```
CASE#: 20000160064,  TDCJ # 00544493,  NAME: MONTOYA,SANTOS
CURRENT UNIT: E ,   HOUSING: B-4-1   06 ,   CLASS: S3,   CUSTODY: ME,  TYPE:
OFFENSE DATE:  012300, TIME: 10 : 00 AM, LOCATION:   E      B 2 ONE ROW
CHARGING OFFICER: SHROYER, N.                                    SHIFT/CARD: 1-D.
OFFENSE CODES: A) 25 , 0,      B)    ,      C)    ,      D)     ,
DESCRIPTORS:  A) UA        , B)         , C)         , D)
PLEA:         A)     NG    , B)         , C)         , D)
FINDING:      A)     G     , B)         , C)         , D)
HEARING LAPSE DATE: 021600, DHO: MAR    , CS: AJ    , HEARING DATE: 012800
```

DEFENSE: *Medical problem - leg swelling.*

HEARING NOTES:
A. CHARGING OFFICER'S STATEMENT: *N/A*

B. *A present at hearing - announced ready to proceed*

*PA Bachmann present at previous hearing and gave testimony regarding medical status.*

SUMMATION/MITIGATION *A STMT - medical stmt - nature of offense - lemency*

```
THIS CONCLUDES OUR PRESENTATION, OFFENDER MONTOYA,SANTOS
WOULD YOU LIKE TO SAY ANYTHING ELSE? YES ____, NO ____,
```

```
CS CHECK LIST:              YES NO N/A                         YES  NO  N/A
  OFFENDER PRESENT          ___ ___ _✓_   NON-FRIVOLOUS EVIDENCE  _✓_ ___ ___
  CS-14                     ___ ___ _✓_   CROSS EXAMINATIONS      ___ _✓_ ___
  WITNESSES                 ___ _✓_ ___   OBJECTIONS              ___ _✓_ ___
  DOCUMENTARY EVIDENCE      ___ _✓_ ___   WAIVED 24 HOUR NOTICE   ___ _✓_ ___
  ACKNOWLEDGED MODIFICATION _✓_ ___ ___   CREDIT (PHD)            ___ ___ ___
  MITIGATING                _✓_ ___ ___   ADDITIONAL INFO ON BACK ___ ___ _✓_
SANCTIONS ASSESSED:
LOSS OF PRIV. ____ REPRIMAND     _____   SOLITARY         _____
RECREATION    ____ EXTRA DUTY    _____   REMAIN L 3       _____
COMMISSARY     20  CONT. VISIT THRU ____  REDUC CLASS FROM  L1  TO  L2
PROPERTY      ____ CELL REST     _____   GOOD TIME LOSS   _____
              ____ SPECIAL CELL  _____   DAMAGES          $_____
```

```
CS-12                                                    REVISED   04/9
```

## TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 20000229898 TDCJNO 00544493 NAME: **MONTOYA,SANTOS**          EA: 7.9

UNIT: E   HSNG: B-2-1  12      JOB: **HOE SQUAD 13 MEDICAL**          IQ: 087

CLASS: L2   CUST: ME  PRIMARY LANGUAGE: ENGLISH        MHMR RESTRICTIONS:    NO

GRADE: MA / DAT  OFF.DATE: 03/31/00  07:00 AM  LOCATION: E  HALLWAY

TYPE: ID

### OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT B HALL, OFFENDER:  MONTOYA,SANTOS,
TDCJ-ID NO. 00544493, REFUSED TO TURN OUT FOR HIS WORK ASSIGNMENT WITHOUT A
LEGITIMATE REASON.

CHARGING OFFICER: BOURNE, J.                    SHIFT/CARD: 1 H

### OFFENDER NOTIFICATION   IF APPLICABLE INTERPRETER,

TIME & DATE NOTIFIED: 4-4-00  10:30  BY:(PRINT) WISE

YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? (YES) NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY

OFFENDER NOTIFICATION SIGNATURE: X _____     DATE: 4-4-2-00
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.

OFFENDER WAIVER SIGNATURE: _____          DATE: _____

### HEARING INFORMATION

HEARING DATE: 4-5-00  TIME: 1050m  TAPE# dco50  SIDE# A  START# 467  END# 532
                      TAPE#          SIDE#        START#        END#

EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF
HEARING, (3)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
__HOURS PRIOR TO HEARING, (4) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (5) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF INTERPRETER USED (CUMULATIVE _____

_____ N/a _____

| OFFENSE CODES: | | 25.10 | | | | |
|---|---|---|---|---|---|---|
| OFFENDER PLEA: (G. NG, NONE) | | NG | | | | |
| FINDINGS: (G) NG, 99? | | | | | | |

PROCEED TO ATTACK (PRIOR TO DOCKET)__ (DOCKET)__ (HEARING)__  BY (INITIAL) __
GUILTY, EVIDENCE PRESENTED, CONSIDERED  AND REASON(S) FOR DETERMINATION OF
GUILT (A)ADMISSION OF GUILT, (B)OFFICERS REPORT, (C)WITNESS TESTIMONY, (D)OTHER
EXPLAIN IN DETAIL: Said IM stated he did not attempt to go to work.
G. Cochran stated his work restrictions are not being violated by his
current job assignment

### PUNISHMENT

| | | |
|---|---|---|
| LOSS OF PRIV(DAYS) 30 | REPRIMAND.......... | SOLITARY(DAYS)...... |
| RECREATION(DAYS) 30 | EXTRA DUTY(HOURS)..... | REMAIN LINE 3... |
| COMMISSARY(DAYS) 30 | CONT.VISIT SUSP THRU __/__/__ | REDUC.CLASS FROM L2 TO L |
| PROPERTY(DAYS).. 30 | CELL RESTR(DAYS) ...___ | GOOD TIME LOST(DAYS). 90 |
| _____(DAYS)... | SPECIAL CELL RESTR(DAYS) 30 | DAMAGES/FORFEIT.$ ____ |

SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: _____

_____ IMs extensive ry. for same offese _____

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS) ____  NO / NA
    PLACED IN PRE-HEARING DETENTION: _____    HEARING LENGTH  25  (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: X _____

Oesler

HEARING OFFICER (PRINT)    WARDEN              STATE CLASS.COMMITTEE __ __

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

**OFFENSE REPORT**

Informal Resolution App?
Officer        Y  N
Supervisor     Y  N

Case No. 2000229898
MHMR Rest?   Y  N
PHD          Y  N

(1) TDCJ-No. 544493    (2) Offender Montoya, Santos    (3) Unit G113
(Last Name, First)
(4) Housing Assign: 82-1-12B    (5) Job Assignment: 13 Hoe
(6) Offense Level, Code Title: Level 2, Code 25: Refusing to Work

OFFENSE DESCRIPTION:  On 3-31-00 at 7:00 AM/PM, and at 8 Hall
(7) Date        (8) Time        (9) Enter Specific Location

Offender Montoya, Santos    TDCJ No. 544493

refused to turnout for his work assignment
without a legitimate reason

(10) Additional Information: On the date and time listed above
Said Efm did not Report to his Job assignment (13 Hoe)

(Continue on additional sheet if necessary)

(11) Witnesses: _____

(12) Accusing Officer/Employee: Printed Name/Rank Bourne CO III J.

(13) Signature: _____ (14) Shift/Card H (15) Date 3-31-00 (16) Time 9:35

(17) Approving Supervisor's Printed Name: Sgt Roberts (18) Date 3-31-00

(19) Grading Official (Print) D. Turnbart (20) Rank Major (21) Date 4-3-00

(22) Grade: (Circle One)   IR  UP  MI  MA  (23) Justification to override Informal Resolution: _____

## PRELIMINARY INVESTIGATION REPORT

This report is to be completed on each Offense Report for review by the grading official. The purpose of this report is to obtain any other pertinent information about the incident prior to grading the Offense Report. The Preliminary investigation should not be completed by the charging officer or a person involved in the incident.

Offender: _Montoya, Santos_  TDCJ No. _544493_

Date & Time Investigation started: _3/31/00_     _1335_

1. **ELEMENTS OF CHARGE.** Does the offense description support the elements of each charge (the things that had to be done in order to commit an offense). If "No," have charging officer add needed information.

Offense Code _25_ : Yes [✓] No [ ]     Offense Code _____ : Yes [ ] No [ ]
Offense Code _____ : Yes [ ] No [ ]     Offense Code _____ : Yes [ ] No [ ]

2. **ADDITIONAL INFORMATION.** Has the charging officer included supporting information or evidence to supplement the standardized pleading such as items listed below? (Write "Yes," "No," or "NA" [not applicable] by each item).

_N/A_ a.  listing other witnesses to the incident,
_N/A_ b.  documentary evidence, e.g., photographs of contraband, etc.
_N/A_ c.  additional information about the offense.

3. **ACCUSED OFFENDER states that:** (Print interpreter's name if applicable):
Right leg is swelled up and is under medication. I'm also states that he did not go to infirmary

4. **ACCUSING OFFICER states that:** said S/o should have a medical lay-in

5. **WITNESS STATEMENTS** (List employee or offender; attach statements to report): Medical record indicate that only medication that he is on is sinus medication

6. **DOCUMENTATION.** Documents reviewed (lay-ins, appointments, medical records, etc.)
☐ Lay-ins, ☐ Roster, ☐ Medical Records, ☐ Picture, ☐ Other (List & attach to report)
n/a

_J. Monjuras_     _CO III_     _3/31/00_     _1355_
Name of Investigating Officer (Print)     Rank     Date & Time Investigation Completed

7. **INFORMAL RESOLUTION was not appropriate or not possible because:**
Inmate does not have a valid reason for not going to work + did not attempt to get medical attention for his leg.
_SGT. Ybert_     _3-31-00_
Approving Supervisor's Printed Name     Rank     Date

```
CSDSP040                          T.D.C.J.                          2000/04/05
E  - E017                    HEARING WORK SHEET                       07:12:26
```

CASE#: 20000229898,  TDCJ # 00544493,  NAME: MONTOYA,SANTOS
CURRENT UNIT: E ,   HOUSING: B-2-1  12 ,   CLASS: L2,   CUSTODY: ME,  TYPE:  ,
OFFENSE DATE:  033100, TIME: 07 : 00 AM, LOCATION: E        HALLWAY
CHARGING OFFICER: BOURNE, J.                   ,              SHIFT/CARD: 1/H.
OFFENSE CODES: A) 25 . 0,     B)  .  ,      C)    .  ,     D)   .  ,
DESCRIPTORS:   A) UA     , B) _____ , C) _____ , D) _____ ,
PLEA:          A) _N/G__ , B) _____ , C) _____ , D) _____ ,
FINDING:       A) _____ , B) _____ , C) _____ , D) _____ ,
HEARING LAPSE DATE: 042400, DHO: MAR    , CS: BW      , HEARING DATE: 040500,
=======================================================================
DEFENSE: _R-Leg hurts_ _(Med no help)_ _(PA Bachmann saw &_
_4-4-00 & had no leg complaints)._

HEARING NOTES:
A. CHARGING OFFICER'S STATEMENT: _N/A._

B. _& present & announces ready._
   _"I am taking medicine for pain." "did not turn out at_
   _All." "won't turn out until medical fixes legs_
   _PA Bachmann: & is sedentary"_

=======================================================================
SUMMATION/MITIGATION _& Stmt, & on meds for inflamation_

=======================================================================
THIS CONCLUDES OUR PRESENTATION, OFFENDER MONTOYA,SANTOS
WOULD YOU LIKE TO SAY ANYTHING ELSE? YES _____ , NO _✓_
=======================================================================

| CS CHECK LIST:         | YES | NO | N/A |                          | YES | NO | N/A |
|------------------------|-----|----|-----|--------------------------|-----|----|-----|
| OFFENDER PRESENT       | ✓   |    |     | NON-FRIVOLOUS EVIDENCE   | ✓   |    |     |
| CS-14                  |     |    | ✓   | CROSS EXAMINATIONS       | ✓   |    |     |
| WITNESSES              | ✓   |    |     | OBJECTIONS               |     |    | ✓   |
| DOCUMENTARY EVIDENCE   | ✓   |    |     | WAIVED 24 HOUR NOTICE    |     |    | ✓   |
| ACKNOWLEDGED MODIFICATION | ✓ |   |     | CREDIT (PHD)             |     |    | ✓   |
| MITIGATING             | ✓   |    |     | ADDITIONAL INFO ON BACK  |     |    | ✓   |

SANCTIONS ASSESSED:
LOSS OF PRIV. 30 , REPRIMAND    _____      SOLITARY
RECREATION    |  , EXTRA DUTY   _____      REMAIN L 3
COMMISSARY    |  , CONT. VISIT THRU_____,  REDUC CLASS FROM _L2_ TO _L3_
PROPERTY      |  , CELL REST     _____      GOOD TIME LOSS  _90_
                 , SPECIAL CELL   30          DAMAGES         $_____
CS-12                                                      REVISED  04/99

```
CSDSP040                        T.D.C.J.                      2000/04/03
E - E017            SERVICE INVESTIGATION WORK SHEET         12:33:35
```

CASE#: 20000229898,  TDCJ # 00544493,  NAME: MONTOYA,SANTOS

3. THE ACCUSED REASONS AND/OR DEFENSES HAVE BEEN LOGICALLY AND
   SYSTEMATICALLY INVESTIGATED AS FOLLOWS:
   A. _4-4-00_, REVIEW CASE: _____
   B. _"_____, INTERVIEW ACCUSED: _See #2_

_Im seen by PA Bachmann & did not mention leg problem 4-4-pm._

_4-4-00_, CONCLUDE INVESTIGATION

4. ON _N/A_, THE CHARGING OFFICER WAS PRESENTED WITH A SUMMARY OF THE
   INVESTIGATION TO INCLUDE THE ACCUSED STATEMENT. THE CHARGING OFFICER WAS
   ASKED IF HE/SHE WANTED TO MAKE ANY ADDITIONAL STATEMENTS NOT INCLUDED
   IN THE REPORT. _See #2 & #3_

5. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE CHARGES
   MADE AGAINST THE ACCUSED: _See # 3_

6. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE
   ACCUSED REASONS, AND/OR DEFENSES: _See #2_

COUNSEL SUBSTITUTE PRINTED NAME: _B. Wise_          TITLE: _CSIII_

COUNSEL SUBSTITUTE SIGNATURE: _B. Wise_             DATE: _4-4-00_
CS-10.11B                                          REVISED 04/9-

```
CSDSP040                        T.D.C.J.                        2000/04/03
E  - E017          SERVICE INVESTIGATION WORK SHEET              12:33:35
```

CASE#: 20000229898,  TDCJ # 00544493,  NAME: MONTOYA,SANTOS
CURRENT UNIT: E ,   HOUSING: B-2-1   12 ,   CLASS: L2,   CUSTODY: ME,   TYPE:
OFFENSE DATE: 033100, TIME: 07 : 00 AM, LOCATION:  E      HALLWAY
CHARGING OFFICER: BOURNE, J.                                SHIFT/CARD: 1/H
OFFENSE CODES: A) 25 . 0,      B)   . ,    C)   . ,    D)  . ,
DESCRIPTORS:  A) UA  _N/G_ , B) _____ , C) _____ , D) _____
PLEA:         A) _N/G_ , B) _____ , C) _____ , D) _____ ,
CLERK RCVD: 040300, SERVICE LAPSE DATE: 043000 ,      SERVICE DATE: _____ ,
CS ASSIGNED: _WISE_____ ,

COUNSEL SUBSTITUTE HAS BEEN APPOINTED BECAUSE:

A. ACCUSED IN ANY FORM OF            (E.) ACCUSED HAS REQUESTED COUNSEL
   SEGREGATION                            SUBSTITUTE
B. EA BELOW 5.0   IQ BELOW 73         F. ACCUSED HAS REQUESTED WITNESS WHO
C. LITERACY IS QUESTIONABLE              CAN NOT ATTEND THE HEARING
D. ACCUSED HAS DIFFICULTY UNDER-      G. COMPLEXITY OF CASE WARRANTS COUNSEL
   STANDING ENGLISH                      SUBSTITUTE
=================================================================
A. OFFICER'S REPORT CLEARLY DESCRIBES THE INCIDENT IN QUESTION:   YES _✓_ NO_____
B. CHARGES LISTED WERE REVIEWED WITH REFERENCE TO TDCJ DISCIPLINARY
                                        RULES AND PROCEDURES: YES _✓_ NO_____
C. OFFENSE DESCRIPTION IN REPORT SUBSTANTIATES EACH OF THE
                                ALLEGED OFFENSES WERE VIOLATED:  YES _✓_ NO_____

   IF NO, EXPLAIN:_____
```

```
                                                              YES   NO
. THE ACCUSED WAS INFORMED OF THE FOLLOWING RIGHTS:
A. TO CALL AND QUESTION WITNESSES                              _✓_   ___
B. TO PRESENT DOCUMENTARY EVIDENCE                             _✓_   ___
C. TO BE REPRESENTED BY COUNSEL SUBSTITUTE                     _✓_   ___
D. TO CALL AND QUESTION THE CHARGING OFFICER AT THE HEARING    _✓_   ___
E. THE ACCUSED STATES HE/SHE UNDERSTANDS REPORT, CHARGES AND RIGHTS  _✓_   ___
F. THE ACCUSED STATES HE/SHE WISHES TO ATTEND HIS/HER HEARING  _✓_   ___
```

. THE ACCUSED REASONS AND/OR DEFENSE: _Severe pain in right leg._
_____
_____
_____
_____
_____

REQUESTED WITNESSES: _medical (No help)_
_____
_____

REQUESTED DOCUMENTARY EVIDENCE: _medical_
_____
_____
_____

```
-10.11A                                          REVISED 04/99
```

# DISCIPLINARY - IMPOSED PROPERTY RESTRICTION

## Loss of Privileges—Personal Property

(This form is to be completed by the hearing officer when an inmate has been assessed loss of personal property privileges as a penalty following conviction pursuant to a minor or major disciplinary hearing.)

Inmate: _Montoya_ , _Santos_
Last Name,                               First

TDCJ-ID No.: _00544493_    Disciplinary Case No.: _20000229898_

Date of Hearing: _4-5-00_    Type of Hearing: [✓] Major    [ ] Minor

Name of Hearing Officer (Printed): _Roesler_

Unit: _Ellis_ , Length of Restriction (No. of Days): _30_

Dates of Restriction: From: _4-5-00_    To: _5-5-00_

The property items listed below are to be restricted for the time period indicated above. (Check one of the following items, A or B, as appropriate.)

[ ] A. Specific property items. (List below the specific property items that are to be restricted. If all personal property is to be restricted, check item B, below.)

_____

_____

_____

[✓] B. All personal property except the following permitted items:

1. legal material,
2. correspondence material,
3. religious literature,
4. incoming and outgoing mail (packages, publications, and general, special, legal and media correspondence),
5. hygiene items (toothbrush, toothpaste, deodorant, shampoo and soap)
6. clothing necessities (pursuant to AD 09.26),
7. cell lamp (in death row and administrative segregation cells) and
8. educational material (material used for academic programs in which an inmate is enrolled).

Distribution
Original - Unit File (Attach to I-47)
Copy - Staff Enforcing Restriction
Copy - Inmate

ᴺ 2 - 1 - 13

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
INSTITUTIONAL DIVISION

INTER-OFFICE COMMUNICATIONS

TO: COUNT ROOM / INMATE RECORDS          DATE: ___4-5-00___
ELLIS UNIT

FROM: DISCIPLINARY HEARING OFFICER       SUBJECT: NOTIFICATION OF
ELLIS UNIT                                        DISCIPLINARY HEARING
                                                  RESULTS

INMATE NAME / TDCJ-ID NO.: _Montoya, Santos #00544493_
DISCIPLINARY REPORT NUMBER: _20000029858_
CHARGE(S): _25.0_

SPECIAL CELL RESTRICTION THROUGH ___5-4-00___

SOLITARY CONFINEMENT __0__ DAYS          PHD CREDIT __0__ DAYS

_Capt. Roesler_
DISCIPLINARY HEARING OFFICER

/////////////////////////////////////////////////////////////////

MEDICAL EXAMINATION:

_____ WEIGHT                          HOUSING CONSIDERATIONS:
_____ BLOOD PRESSURE                  _____ LOW BUNK ONLY?
_____ HEART RATE


_____
SIGNATURE AND TITLE OF EXAMINER

/////////////////////////////////////////////////////////////////

PROPERTY:                                YES              NO

PROPERTY INVENTORIED?                    __✓__            _____

ANY PROPERTY RESTRICTED?                     ✓
(IF YES, EXPLAIN WHY)          _Special Cell Restriction_ _____

INMATE RETAINED LEGAL PROPERTY?          __✓__            _____
(IF NO, EXPLAIN WHY)                     _____          _____

_____ CO3
SIGNATURE AND RANK

(REV. 8/98)AJ

TDCJ  SCIPLINARY REPORT AND HEA  IG RECORD

CASE: 20000260865  TDCJNO: 00544493 NAME: MONTOYA,SANTOS          EA:  7.9
UNIT: E   HSNG: B-2-1   13        JOB: SPECIAL CELL RESTRICTION     IQ: 087
CLASS: L3  CUST: ME  PRIMARY LANGUAGE: ENGLISH          MHMR RESTRICTIONS:    NO
GRADE: MA / GAW  OFF.DATE: 05/01/00  09:15 AM  LOCATION: E  INFIRMARY
TYPE: ID

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT THE INFIRMARY, OFFENDER:  MONTOYA,
SANTOS, TDCJ-ID NO. 00544493, REFUSED TO BEGIN OR TURN OUT FOR HIS WORK
ASSIGNMENT WITHOUT A LEGITIMATE REASON.

CHARGING OFFICER: BUTRICK, B.                    SHIFT/DAY: 1 H

## OFFENDER NOTIFICATION      IF APPLICABLE INTERPRETER

TIME & DATE NOTIFIED: 5-2-00  9:AM  BY: (PRINT) WILS
OU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? (YES)  NO  IF NO, HOW DO YOU
LEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: X_____ 544493  DATE: May 2, 2000
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____    DATE: _____

## HEARING INFORMATION

HEARING DATE: 5-3-00  TIME: 0955  TAPE# 2003?  SIDE# B  START# 280  END# 421
                                    TAPE# _____  SIDE# __ START# ___ END# ___

EXPLAIN BELOW BY NUMBER: #1 IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF
HEARING, #2 IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, #3 IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, #4 IF ANY WITNESS WAS DENIED, #5 IF EXPLANATION WAS EXCLUDED FROM
HEARING SET #6 OFFENDER WAS DENIED CONFRONTATION AND OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING, #7 IF INTERPRETER USED. (SITUATION)

N/H

_____  25.0
_____  NO
_____  6

NEEDS TO BEGIN PRIOR TO DOCKET   DOCKET   HEARING   ___ DIFFERENTIALS
GUILTY, EVIDENCE PRESENTED, CONSIDERED  AND REASONS FOR DETERMINATION OF
GUILT: ADMISSION OF GUILT  #2 OFFICER'S SWORN CREDIBLE TESTIMONY  OFFICER
PLAIN IN DETAIL  OFFENDERS  MEDICAL HISTORY DOES NOT  PRECLUDE HIM
FROM  A  WORK ASSIGNMENT  WHICH FITS HIS  MEDICAL PROFILE

## PUNISHMENT

LOSS OF PRIV(DAYS) 30    REPRIMAND ................    SOLITARY(DAYS) .......
RECREATION(DAYS) 1      EXTRA DUTY(HOURS)...........    REMAIN LINE 3
COMMISSARY(DAYS) 1      CONT.VISIT SUSP THRU __/__/__   REDUC.CLASS FROM ___ TO ___
PROPERTY(DAYS).. ___    CELL RESTR(DAYS) .........      GOOD TIME LOST(DAYS) 120
_____(DAYS)        SPECIAL CELL RESTR(DAYS). 30    DAMAGES/FORFEIT.$ _____
OTHER (ACTUAL REASONS) FOR PARTICULAR PUNISHMENT IMPOSED: IMPROVE OFFENDER
BEHAVIOR AND ATTITUDE TOWARDS AGENCY POLICY.

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS) _____ NO / NO
RE PLACED IN PRE-HEARING DETENTION: _____  HEARING LENGTH 10 (MINUTES
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT X_____ 544493
CAPT. O'DWYER
HEARING OFFICER (PRINT)   WARDEN

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

## OFFENSE REPORT

Case No. 20XX026086S

MHMR Rest?    Y    N

PHD    Y    N

Informal Resolution App?
Officer    Y    N
Supervisor    Y    N

TDCJ-No. **544493**    (2) Offender **MONTOYA  SANTOS**    (3) Unit **Ellis**

(Last Name, First)

Housing Assign: **B2-1-13**    (5) Job Assignment: **SPECIAL CELL RESTRICTION**

Offense Level, Code Title: **Level 2  Code 25a " Refusing to begin A work assignment, without A legitimate Reason**

OFFENSE DESCRIPTION:  On **05/01/00** at **0915** AM/PM, and at **THE INFIRMARY**

(7) Date    (8) Time    (9) Enter Specific Location

Offender **MONTOYA, SANTOS**    TDCJ No. **544493**

**Refusing to (begin or turn out for) (his) work assignment without A legitimate Reason.**

Additional Information:

**I/m MONTOYA WAS ASKED IN THE INFIRMARY  IF  HE WOULD  GO WORK ON 05/05/00 WHEN HIS TIME  IN SPECIAL CELL RESTRICTION AS UP. I/M MONTOYA STATED HE WOULD WHEN HIS LEG WAS BETTER. I OFFICER B. BUTRICK TOLD HIM I NEEDED A YES OR NO ANSWER, A AGAIN I/m MONTOYA SAID WHEN HIS LEG WAS BETTER. I TOLD THE m THAT THIS WOULD  BE TAKEN AS A NO ANSWER. I HAD Mrs. LEY A R.N. REVIEW HIS FILE AND SHE SAID THE I/m WAS EN MEDICATION FOR A LEG PROBLEM LAST MONTH BUT NO LAYINS RE ISSUED AND THERE IS NOT ANYTHING  IN THE FILE THAT ULD  PREVENT  HIM FROM RETURNING  TO WORK.**

(Continue on additional sheet if necessary)

Witnesses:

Accusing Officer/Employee: Printed Name/Rank **B. BUTRICK / COIII**

Signature: **B. Butrick**    (14) Shift/Card **H**    (15) Date **05/01/00**    (16) Time **0937**

Approving Supervisor's Printed Name: **T. Gustafson**    (18) Date **5-1-00**

Grading Official (Print)    (20) Rank **Mg**    (21) Date **5-2-00**

Grade: (Circle One)    IR    UP    MI    MA    (23) Justification to override Informal Resolution: _____

## PRELIMINARY INVESTIGATION REPORT

This report is to be completed on each Offense Report for review by the grading official. The purpose of this report is to obtain any other pertinent information about the incident prior to grading the Offense Report. The Preliminary investigation should not be completed by the charging officer or a person involved in the incident.

Offender: __Montoya, Santos__     TDCJ No. __544493__

Date & Time Investigation started: __5-1-00   10:00 AM__

1.   **ELEMENTS OF CHARGE.**   Does the offense description support the elements of each charge (the things that had to be done in order to commit an offense). If "No," have charging officer add needed information.

Offense Code __25__:   Yes [ ✓ ] No [ ]          Offense Code _____:   Yes [ ] No [ ]
Offense Code _____:   Yes [ ] No [ ]          Offense Code _____:   Yes [ ] No [ ]

2.   **ADDITIONAL INFORMATION.**   Has the charging officer included supporting information or evidence to supplement the standardized pleading such as items listed below? (Write "Yes," "No," or "NA" [not applicable] by each item).

____NO____ a.   listing other witnesses to the incident,
____Yes____ b.   documentary evidence, e.g., photographs of contraband, etc.
____Yes____ c.   additional information about the offense.

3.   **ACCUSED OFFENDER** states that:   (Print interpreter's name if applicable):

This is where they assigned me I work on special cell restriction.

4.   **ACCUSING OFFICER** states that: Offender Montoya continually refuses to work.

5.   **WITNESS STATEMENTS** (List employee or offender; attach statements to report): _____
N/A

6.   **DOCUMENTATION.**   Documents reviewed (lay-ins, appointments, medical records, etc.)
☐ Lay-ins,  ☐ Roster,  ☑ Medical Records,  ☐ Picture,  ☐ Other (List & attach to report)

R.N. Talley stated there would be nothing to prevent Offender Montoya from going to work.

| J. Gustafson | Sgt. | 5-1-00 10:05 Am. |
|---|---|---|
| Name of Investigating Officer (Print) | Rank | Date & Time Investigation Completed |

7.   **INFORMAL RESOLUTION** was not appropriate or not possible because:

Offender Montoya had no valid excuse for ~~missing refuse~~ not turning out for assigned job.

| J. Gustafson | Sgt. | 5-1-00 |
|---|---|---|
| Approving Supervisor's Printed Name | Rank | Date |

DPM/03        AD0370-attachment A                (rev.

# NOTICE TO OFFENDERS
## Cell Restriction for General Population Offenders

ou have received the disciplinary punishment of cell restriction. In accordance with the TDCJ Disciplinary Rules and Procedures for Offenders and Administrative Directive 03.70, "Cell Restriction for General Population Offenders," you shall be restricted to your cell (or cubicle if you are assigned to a dorm) during the time you are not at work or school. You shall be allowed out of the cell for the following activities:

1. Medical appointments;
2. Showers;
3. Meals;
4. Law library visits during non-work hours only;
5. Work;
6. School (education, vocational school or training);
7. Routine Treatment Program Participation (special events not included);
8. General (non-contact) visits;
9. Contact visits -- if you are eligible to receive them and they have not been suspended.

You shall not be allowed out of the cell to participate in the following:

1. Recreation (includes dayroom, gymnasium, outdoor recreation);
   NOTE: You shall be allowed out-of-cell recreation one (1) hour on weekends after you serve 30 continuous days of cell restriction.
2. Commissary purchases;
3. Attend church services in the chapel; or
4. Attend any other non-programmatic activity (such as, Craft Shop for piddling -- if eligible and assigned, or other similar activities).

If you received Special Cell Restriction, you shall not be allowed out of the cell for the activities listed above and those listed below:

1. Work (unless and until ordered to do so);
2. School (unless assigned and ordered to do so);
3. Meals (meals shall be brought to your cell or you may be escorted to the dining hall);
4. Law library visits (legal material shall be delivered to you upon request).

** Spanish Version **

```
CSHS1802                T.D.C.J. - INSTITUTIONAL DIVISION           DATE: 05/03/00
                   HEALTH  SMMARY FOR CLASSIFICATION    STEM        TIME: 09:14:32
                                      INQUIRY
    TDCJ-ID #: 00544493   SID #: 03206175                P   U   L   H   E   S
    NAME: MONTOYA,SANTOS                              ------------------------------
    HT 5'05"   WT 196                                | 1 | 2 | 3 | 1 | 1 | 1 |
    DOB: 03 31 1961                                  |---|-----|---|-----|---|-----|
    UNIT: E        HOUSING: B-2-1-13B                | A | B | C | A | A | A |
    JOB: SPECIAL CELL RESTRICTION                    |---|-----|---|-----|---|-----|
                                                     |   | P | P |   |   |   |
    RESTRICTIONS                                     ------------------------------
    UNIT: NO RESTRICTION              TRUSTY CAMP SUITABLE: Y
    HOUSING: NO RESTRICTION
    BUNK: LOWER ONLY                  ROW: GROUND FLOOR ONLY
    WORK: W03 W07 W11 W14 W26
    DISCIPLINARY PROCESS: NO RESTRICTION

    INDIVIDUALIZED TREATMENT PLAN: NO RESTRICTIONS

    TRANSPORTATION RESTRICTIONS: NO RESTRICTION
    REVISED BY: CHERIANN                     REVISED DATE: 03 03 2000
    PF1 -HELP  PF3 -MENU  PF4 -ADDITIONAL INFO  PF7 -UP  PF8 -DOWN
    ENTER NEXT REQUEST:/TDCNO: _____  OR SIDNO: _____
```

```
CSH31808              T.D.C.J. - INSTITUTIONAL DIVISION          DATE: 05/03/00
PAGE NO: 01           HEALTH   MMARY FOR CLASSIFICATION   STEM    TIME: 09:14:38
                         SUMMARY OF TRANSACTIONS
INMATE NAME: MONTOYA,SANTOS              TDCJ-ID #: 00544493
DATE          RESTRICTION                                   AUTHORITY
03-03-2000    LOWER ONLY                                    CHERIANN
              GROUND FLOOR ONLY
              SEDENTARY WORK ONLY
              LIMITED STANDING
              NO SQUATTING
              NO REACHING OVER SHOULDERS
              NO WORK EXPOSURE TO LOUD NOISES
02-22-2000    LOWER ONLY                                    CHERIAN
              GROUND FLOOR ONLY
              SEDENTARY WORK ONLY
              LIMITED STANDING
              NO SQUATTING
              NO REACHING OVER SHOULDERS
              NO WORK EXPOSURE TO LOUD NOISES
PF1 -HELP  PF3 -RETURN TO INQUIRY  PF7 -UP  PF8 -DOWN  PF10 -PRINT
ENTER NEXT REQUEST/OR TDCNO _____   OR SIDNO _____
```

CSH31308                        INSTITUTIONAL DIVISION        DATE: 05/03/00
PAGE NO: 02        HEALTH  MMARY FOR CLASSIFICATION   STL        TIME: 09:14:43
                          SUMMARY OF TRANSACTIONS
INMATE NAME: MONTOYA,SANTOS              TDCJ-ID #: 00544493
DATE          RESTRICTION                              AUTHORITY
02-22-2000    LOWER ONLY                               CHERIAN
              GROUND FLOOR ONLY
              SEDENTARY WORK ONLY
              LIMITED STANDING
              NO SQUATTING
              NO REACHING OVER SHOULDERS
              NO WORK EXPOSURE TO LOUD NOISES
03-29-1999    LOWER ONLY                               GOTCHER
              GROUND FLOOR ONLY
              LIMITED STANDING
              NO SQUATTING
              NO REACHING OVER SHOULDERS
              NO WORK EXPOSURE TO LOUD NOISES
09-25-1998    LOWER ONLY                               W. NORTHROP
PF1 -HELP  PF3 -RETURN TO INQUIRY  PF7 -UP  PF8 -DOWN  PF10 -PRINT
ENTER NEXT REQUEST/OR TDCNO _____   OR SIDNO _____

```
CSDSP040                          T.D.C.J.                      2000/05/0:
E  - E017                    HEARING WORK SHEET                  07:28:1:
```

CASE#: 20000260865,  TDCJ # 00544493,  NAME: MONTOYA,SANTOS
CURRENT UNIT: E ,   HOUSING: B-2-1   13 ,    CLASS: L3,    CUSTODY: ME,   TYPE:
OFFENSE DATE:  050100, TIME: 09 : 15 AM, LOCATION:   E        INFIRMARY
CHARGING OFFICER: BUTRICK, B.                                  SHIFT/CARD: 1/H.
OFFENSE CODES: A) 25 . 0,       B)     . ,      C)    . ,      D)   . ,
DESCRIPTORS:   A) UA        , B)          , C)          , D)
PLEA:          A)   *N/G*   , B) _____, C) _____, D) _____
FINDING:       A) _____*G*_, B) _____, C) _____, D) _____
HEARING LAPSE DATE: 052300, DHO: MPO   , CS: BW        , HEARING DATE: 050300.

DEFENSE: *S's leg problems, waiting to medical*
*treatment to ease pain.*
_____
_____
_____
_____

HEARING NOTES:
A. CHARGING OFFICER'S STATEMENT: *N/A*
_____
_____

B. *S present & announces ready.*
*"will work when they releive the swelling and*
*pain in my right leg".*
*S admits never turning out, S assigned to medical Squad.*
*medical does not support S's position*
========================================================================
UMMATION/MITIGATION *S Sedintary only etc. (HSM 18)*
_____
_____

HIS CONCLUDES OUR PRESENTATION, OFFENDER MONTOYA,SANTOS
OULD YOU LIKE TO SAY ANYTHING ELSE? YES _____, NO __✓__,

S CHECK LIST:                YES NO N/A                           YES NO N/A
OFFENDER PRESENT              __✓__        NON-FRIVOLOUS EVIDENCE    __✓__
IS-14                         _____        CROSS EXAMINATIONS           __✓_
WITNESSES                     __✓__        OBJECTIONS                   __✓_
DOCUMENTARY EVIDENCE          __✓__        WAIVED 24 HOUR NOTICE        __✓_
ACKNOWLEDGED MODIFICATION     __✓__        CREDIT (PHD)                 __✓_
MITIGATING                    __✓__        ADDITIONAL INFO ON BACK      __✓_
SANCTIONS ASSESSED:
OSS OF PRIV. *30*, REPRIMAND  _____              SOLITARY          _____
ECREATION      |  , EXTRA DUTY _____             REMAIN L 3        _____
OMMISSARY      |  , CONT. VISIT THRU_____,    REDUC CLASS FROM ___ TO ___
ROPERTY        |  , CELL REST   _____            GOOD TIME LOSS    *120*
               |  , SPECIAL CELL  *30*           DAMAGES           $_____
-12                                                    REVISED  04/99
```

CSDSP040
E  - E017

T.D.C.J.
SERVICE INVESTIGATION WORK SHEET

2000/05/0?
08:44:0?

CASE#: 20000260865,  TDCJ # 00544493,  NAME: MONTOYA,SANTOS

3. THE ACCUSED REASONS AND/OR DEFENSES HAVE BEEN LOGICALLY AND
   SYSTEMATICALLY INVESTIGATED AS FOLLOWS:
   A. _5-2-00_, REVIEW CASE: _INV 1 - See #2_
   B. _" "_____, INTERVIEW ACCUSED: _____

_Dr. Chavin: 1 can work sedentary only._

_5-2-00_, CONCLUDE INVESTIGATION

4. ON _N/A____, THE CHARGING OFFICER WAS PRESENTED WITH A SUMMARY OF THE
   INVESTIGATION TO INCLUDE THE ACCUSED STATEMENT. THE CHARGING OFFICER WAS
   ASKED IF HE/SHE WANTED TO MAKE ANY ADDITIONAL STATEMENTS NOT INCLUDED
   IN THE REPORT. _See #2 & #3_

5. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE CHARGES
   MADE AGAINST THE ACCUSED: _See #3_

6. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE
   ACCUSED REASONS, AND/OR DEFENSES: _See #2 & #3_

UNSEL SUBSTITUTE PRINTED NAME: _B. Wise_                    TITLE: _CSIII_

JNSEL SUBSTITUTE SIGNATURE: _B. Wise_
-10.11B                                                     DATE: _5-2-00_
                                                           REVISED 04/99

```
CSDSP040                          T.D.C.J.                          2000/05/0
E - E017         SERVICE INVESTIGATION WORK SHEET                    08:44:08
```

CASE#: 20000260865,  TDCJ # 00544493,  NAME: MONTOYA,SANTOS
CURRENT UNIT: E ,   HOUSING: B-2-1  13 ,   CLASS: L3,   CUSTODY: ME,   TYPE:   .
OFFENSE DATE:  050100, TIME: 09 : 15 AM, LOCATION:   E      INFIRMARY
CHARGING OFFICER: BUTRICK, B.                                 SHIFT/CARD: 1/H.
OFFENSE CODES: A) 25 . 0 NG  B)   . ,   C)   . ,   D)   . ,
DESCRIPTORS:  A) UA N|G , B) _____ , C) _____ , D) _____ ,
PLEA:  A) _____ , B) _____ , C) _____ , D) _____ ,
CLERK RCVD: 050200, SERVICE LAPSE DATE: 053100 ,      SERVICE DATE: 5-2-00
CS ASSIGNED: WISE _____ ,

COUNSEL SUBSTITUTE HAS BEEN APPOINTED BECAUSE:

A. ACCUSED IN ANY FORM OF           E. ACCUSED HAS REQUESTED COUNSEL
   SEGREGATION   SCR                    SUBSTITUTE
B. EA BELOW 5.0  IQ BELOW 73        F. ACCUSED HAS REQUESTED WITNESS WHO
C. LITERACY IS QUESTIONABLE            CAN NOT ATTEND THE HEARING
D. ACCUSED HAS DIFFICULTY UNDER-    G. COMPLEXITY OF CASE WARRANTS COUNSEL
   STANDING ENGLISH                    SUBSTITUTE

A. OFFICER'S REPORT CLEARLY DESCRIBES THE INCIDENT IN QUESTION:    YES ✓  NO ____
B. CHARGES LISTED WERE REVIEWED WITH REFERENCE TO TDCJ DISCIPLINARY
                                    RULES AND PROCEDURES:  YES ✓  NO ____
C. OFFENSE DESCRIPTION IN REPORT SUBSTANTIATES EACH OF THE
                                    ALLEGED OFFENSES WERE VIOLATED:  YES ✓ NO ____

   IF NO, EXPLAIN: _____

. THE ACCUSED WAS INFORMED OF THE FOLLOWING RIGHTS:                   YES    NO
A. TO CALL AND QUESTION WITNESSES                                      ✓
B. TO PRESENT DOCUMENTARY EVIDENCE                                     ✓
C. TO BE REPRESENTED BY COUNSEL SUBSTITUTE                             ✓
D. TO CALL AND QUESTION THE CHARGING OFFICER AT THE HEARING            ✓
E. THE ACCUSED STATES HE/SHE UNDERSTANDS REPORT, CHARGES AND RIGHTS    ✓
F. THE ACCUSED STATES HE/SHE WISHES TO ATTEND HIS/HER HEARING          ✓

THE ACCUSED REASONS AND/OR DEFENSE: I told him, when
my leg is treated and is well I will go to work

REQUESTED WITNESSES: NONE

REQUESTED DOCUMENTARY EVIDENCE: NONE

```
10.11A                                                    REVISED 04/99
```

# DISCIPLINARY - IMPOSED PROPERTY RESTRICTION

## Loss of Privileges—Personal Property

(This form is to be completed by the hearing officer when an inmate has been assessed loss of personal property privileges as a penalty following conviction pursuant to a minor or major disciplinary hearing.)

Inmate: *Montoya* , *Santos*
       Last Name,                                     First

TDCJ-ID No.: *00544493* Disciplinary Case No.: *20000260865*

Date of Hearing: *5/3/00*        Type of Hearing: [✓] Major    [ ] Minor

Name of Hearing Officer (Printed): *Capt. O'Dwyer*

Unit: *Ellis*              Length of Restriction (No. of Days): *30*

Dates of Restriction:  From: *5-3-00*      To: *6-Y-00*

The property items listed below are to be restricted for the time period indicated above. (Check one of the following items, A or B, as appropriate.)

[ ]   A.  Specific property items. (List below the specific property items that are to be restricted. If all personal property is to be restricted, check item B, below.)

        _____

        _____

        _____

[✓]   B.  All personal property except the following permitted items

    1. legal material,
    2. correspondence material,
    3. religious literature,
    4. incoming and outgoing mail (packages, publications, and general, special, legal and media correspondence),
    5. hygiene items (toothbrush, toothpaste, deodorant, shampoo and soap)
    6. clothing necessities (pursuant to AD 09.26),
    7. cell lamp (in death row and administrative segregation cells) and
    8. educational material (material used for academic programs in which an inmate is enrolled)

Distribution
    Original -  Unit File (Attach to I-47)
        Copy -  Staff Enforcing Restriction
        Copy -  Inmate

7B-TF(REV. 4/92)

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
INSTITUTIONAL DIVISION

INTER-OFFICE COMMUNICATIONS

TO: COUNT ROOM / INMATE RECORDS          DATE: ___5-3-00___
    ELLIS UNIT

FROM: DISCIPLINARY HEARING OFFICER       SUBJECT: NOTIFICATION OF
      ELLIS UNIT                                  DISCIPLINARY HEARING
                                                  RESULTS


INMATE NAME / TDCJ-ID NO.: Montoya, Santos #544493
DISCIPLINARY REPORT NUMBER: 20000260865
CHARGE(S): 25.0

SPECIAL CELL RESTRICTION THROUGH ___06/03/00___

SOLITARY CONFINEMENT ___X___ DAYS          PHD CREDIT ___X___ DAYS

_Capt. O'Dwyer_                            Stacked
DISCIPLINARY HEARING OFFICER

////////////////////////////////////////////////////////////////

MEDICAL EXAMINATION:

_____ WEIGHT                         HOUSING CONSIDERATIONS:
_____ BLOOD PRESSURE                 _____ LOW BUNK ONLY?
_____ HEART RATE



_____
SIGNATURE AND TITLE OF EXAMINER

////////////////////////////////////////////////////////////////

PROPERTY:                          YES                NO

PROPERTY INVENTORIED?              _____         _____

ANY PROPERTY RESTRICTED?           _____         _____
(IF YES, EXPLAIN WHY)              _____         _____

INMATE RETAINED LEGAL PROPERTY?    _____         _____
  (IF NO, EXPLAIN WHY)             _____         _____


_____
SIGNATURE AND RANK

                                                  (REV. 8/98)AJ

# EXHIBIT  C

## AFFIDAVIT

**STATE OF TEXAS**                    §
                                      §
**COUNTY OF WALKER**                  §

My name is Susan L. Schumacher. I am over twenty-one years of age, of sound mind, capable of making this Affidavit and personally acquainted with the facts herein stated.

I am employed as the Assistant Administrator of Offender Grievance at the Central Grievance Office for the Texas Department of Criminal Justice and my office is located in Huntsville, Texas. I do hereby certify that I am the custodian of Offender Grievance Records. I have reviewed the grievance records on Offender **Santos Montoya** TDCJ #544493 Number B01205, and hereby certify that the attached documents requested for the time period of December 1999 to the present relating to *disciplinary case #20000229898, #20000260865, #20000131974, #20000137804, #20000137808, #20000137811, #20000144473, #20000149568, #20000149580, #20001160050 and #20000160064*, are true and correct copies of the grievance records now on file in my office. I further certify that the records attached hereto are maintained in the usual and regular course of business at the Office of Offender Grievance for the Texas Department of Criminal Justice.

In witness whereof, I have hereto set my hand on this the 1st day of March 2002.

*Susan L. Schumacher*
Susan L. Schumacher
Assistant Administrator Offender Grievance
Texas Department of Criminal Justice

Before me, the undersigned authority Linda R. Richey on this day personally appeared Susan L. Schumacher, known to me to be the person whose name is subscribed to the foregoing instrument, and having been by me duly sworn on oath, acknowledged that she had executed the same for the purpose and consideration therein expressed and that the foregoing statements are true and correct.

Given my hand and seal of office on this the 1st day of March 2002.

*Linda R. Richey*
NOTARY PUBLIC in and for
The State of Texas

LINDA R. RICHEY
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 06-17-2003

The Department of **Criminal Justice**

**STEP 1**

PASO 1

**OFFENDER GRIEVANCE FORM**

Forma Para Quejas de los Preso

**OFFICE USE ONLY**

Para Uso De La Oficiana Solamen

Grievance #: 20000997560

Date Received: 4-17-2000

Date Due: 5-22-2000

Grievance Code: 401

Investigator Number: 10667

☐ EM       ☐ UOF      ☐ ME

☐ ADA      ☐ REL      ☐ SGI

Offender Name: Santos Montoya                    TDCJ # 544493

Unit ELLIS 1                    Housing Assignment: B-2-1-13

Unit where incident occurred: Ellis 1

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is whe appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _____ When? _____

What was their response? _____

What action was taken? _____

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate

I'm appealing this disciplinary case #20000229898 where I've been falsely ac sed and found guilty in Major court by Capt. Roesler. In this case I'm being falsely accused of not working without a legitamate reason. I have a reason not going to work. That reason being is my right leg is swollen and causes lot of pain. The reason for the pain and swelling of my leg was cause by M Turrubiates, when in November of 1999 he assigned me to work in the kitchen, forcing me to work for hours at a time sitting on Milk Carts serving the no and evering meals. Major Turrubiates is being backed in his wrongful doings P.A.Bradle Bachman who, by denying me the proper medical attention needed the pain and swelling of my right leg. They try to cover this wrongful act giving me Generic Drugs for my leg problems, namely, 400mg. Ibuprofen and Naproxin and neither does anything for the swelling or pain in my right leg This was stated in court by my substitute counsel, Mr. Wise. These Generic (Naproxin and Ibuprofen), does nothing for the pain I suffers in my right nor the swelling. All that these Generic Drugs does is cause me to suffer aches whenever I take them. All of the problems that I am having at this ti (The lost of class and good conduct time, and being locked up on Special-Ce Restriction), are caused by Major Turrubiates when he assigned me to a job is in fact against my medical restrictions. And the fact that Major Turrubi is being backed by P.A.Bachman, (who is a physician assistant and not a lice physician), in denying me the proper medical attention needed for my medica disability, is illegal and cruel and unusual punishment as mentioned in the AMENDMENT CLAIMS. It is a known fact that I have a poor blood circulatio problem in my right leg that causes my leg to swell up when I sit for long periods of time. And I am force to sit upon Milk Carts and serve the noon evenings meals by being assigned to work in the kitchen, in 1999 when I had

I-127 Front (9/1/1999)                    **PLEASE SIGN ON BACK**                    (OVER)

same problem. Dr. Hurley gave me medication called Tolectin. And on March 6, Brace and limb issued me a pair of Shelf Sig Varius Pressure Stocking for my right leg swelling problem and, finally, on March 25,1991, I was shipped from the Hughes unit to Beto I for medical rehabilitation and given Therapy Treatment for several months that helped to relieve both the swelling and the pain. And I was ready to go back to work on a job that complies with my medical restriction but, here on Ellis unit they have not made any effort to put me on a job that comply with my medical restrictions. I am sending you a copy of the instructions of the Generic Anti-Embolism Stocking issued by Mr. Bachman that specify that I cannot work sitting down because it affects the poor blood circulation in my leg. I won't jeopardize my health to soothe the egos of Classification.

**Action Requested to Resolve your Complaint.**

Stop giving me those Generic Drugs and help me with the pain and swelling in my right leg by providing with the proper care and medical attention needed for the poor blood circulation that causes me so much swelling and pain in my leg. I have suffered this painful problem since 1999.

Offender Signature: _Santos Santago_ # 544493          Date: April 11, 2000

**Administration's Decision**

☐ Mandatory referral to IAD (Grievance worksheet attached)

☐ No action warranted (Explain).

The review of your disciplinary as well as grievance interview in reference to your contentions in this grievance have been completed. The decision of the DHO will stand as heard on 4-5-00. No corrective action is warranted.

Signature Authority: _[signature]_          Date: **MAY 16 2000**

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the Step 1 response. State your reason for appeal on the Step 2 form.

**Returned because:**

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days*

☐ 3. Original not submitted*

☑ 4. Inappropriate/excessive attachments*

☐ 5. No documented attempt at informal resolution.*

☐ 6. No requested relief is stated.*

☐ 7. Malicious use of vulgar, indecent, or physically threatening language directed at an individual.

☐ 8. The issue presented is not grievable

☐ 9. No remedy exists.

☐ 10. Illegible/Incomprehensible*

☐ 11. Inappropriate (request is for employee disciplinary action or consequential or punitive damages).

*You may resubmit this issue once corrections are made.

I-127 Back (9/1/1999)          April 14, 2000
4-14-2000

UGI: _[signature] M. C. Lightsey_



**Texas Department of Criminal Justice**

# STEP 2
PASO 2

**OFFENDER GRIEVANCE FORM**

Forma Para Quejas de los Preso

OFFICE USE ONLY
Para Uso De La Oficiana Sola
Grievance # 2000099 75
UGI Rec'd Date: 5-23-00
HQ Rec'd Date: MAY 25 20
Date Due: 
Grievance Code: 401
Investigator Number: 102
☐ EM   ☐ UOF   ☐
☐ ADA  ☐ REL   ☐

Offender Name: **Santos Montoya**    TDCJ # **544493**

Unit: **ELLIS 1**    Housing Assignment: **B2-1 row -13 cell**

Unit where incident occurred: **O.B. ELLIS 1**

---

Give reason for appeal (Be specific). I am dissatisfied with the response at Step 1 because...

_____ The grievance interviewer is missing the whole purpose of my filing of the st grievance. I'm being falsely accused of refusing to work without a legitimate re and punished for said reasons. I have a major problem with my Right-Leg. Th much Swelling and pain in my right-leg because of my Poor Blood Circulation Pro due to the fact that a status post Stab wound with FLEXION LOSS of KN and FOOT. These Staff caused me this problem again on November 1999 when they fo me to work in the Kitchen sitting down for hours on MILK-CARTS serving the me Lunch and Supper and Denied me Proper Medical Attention for my Right-Leg S Problem. On November 22, 1999 I went to see P.A. BACHMANN for the Swelling and Problem I have in my Right-Leg. P.A. BACHMANN told me that I don't have noth wrong in my Right-Leg and all he see was a Big Scar on my muscle and told me out of his office. Then on Dec. 31, 1999 I went to the Infermary again for the s Problem in my Right-Leg. A nurse Mrs. Cooling exam my Right-Leg and get a tape and measure both legs my Right-Leg measure over 39 centimeters and my Left-Le 36 centimeters. Then she send me to P.A. BACHMANN office and I show him m Leg and he just look my leg and told me all I can give you is Pain-Killer-Pills b I can't do nothing with the Swelling Problem in your Right-Leg and your Right is going back to normal. On Jan. 21, 2000 I went to see P.A. BACHMANN again an me let me see your Right-Leg and took a tape measure and measure my Righ and told me still Swollen. I'm going to give you more Pain-Killer Pills and a pair Embolism-Stockings to help you with the Swelling. Because I already told you your Right-Leg is not going back to normal. On February 8, 2000 I went to see D rian and he told me that I have my Right-Leg Swollen and that he already a giving me the Stockings and the Pain Killer Pills and that he was not going me anywhere else for Medical Attention. Here I send you exhibit (1) a copy letter that Major Turrubiarte send to my Lawyer on Feb. 10, 2000. After the cause me the Swelling and Painful Problem in my Right-Leg by forcing work in the Kitchen. Then the Doctor Cherian gave me a new Restrictio

I-128 Front (9/1/1999)    **PLEASE SIGN ON BACK**

On _____ with Security Work on but not Proper Medical Attention for the Swelling and Painful Problem they caused me in my Right-Leg. On March 9, 2000 I was call to the Infermery by P.A. Bachmann just to tell me again did I explain you before that your Right-Leg never is going back to normal laugh. Then gave me more Pain Killer Pills and change the Anti-Embolism Stock from Style No. 521 to style No. 541. On April 4, 2000 I went to see P.A. Bachmann f the Swelling and Painful Problem I have in my Right-Leg and all he did change the G ric Drugs Ibuprophen 400 mg. and the Naproxin 250 mg. to Ibuprophen 600 mg All I been requesting is to give me the Proper Medical Attention to relief the Sw and Painful Problem from my Right-Leg so I can go to work. Just like the Me did on March, April, May, 1991 on B to 1 Unit with the Medical Treatment that rel both the Swelling and Painful Problem and I was ready to go back to work. An stop the situation as well as the continuous punishment from the administrati here at the O. B. Ellis 1 Unit.

---

Offender Signature: _Jonatan Pedrogo_ #544493      Date: May 22, 2000

**Appellate Decision and Reason:**

☐ The Step 1 answer has addressed your complaint. No action will be taken.

☐ You have not provided a good reason for your appeal or for this office to review your claims further. No action will be take

☐ The issue you raise has been resolved or is pending resolution and no further action is warranted.

☐ The issues you present have already been reviewed. No further appeals of the same issues will be addressed. No action wi taken by this office.

A review of major disciplinary case number 20000229898 revealed no violation of due process requirements. Regarding your specific point of appeal, your assignment to the field squad does not violate your medical restrictions. You are expected to turn out for work and make any problems known to the supervisor. In conclusion, no modifications or reversal of this case is warranted. Be advised. Only one issue will be addressed per grievance. You may file a separate grievance regarding your medical complaint.

---

Signature Authority: _Kellie Hutcheson_      Date: JUN 05 2000

**Returned Because:**

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible*

☐ 3. Originals not submitted*

☐ 4. Inappropriate/Excessive attachments*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language directed at an individual.

☐ 6. Inappropriate (request is for employee disciplinary action or consequential or punitive damages).

*You may resubmit this issue once corrections are made.      Grievance Staff:_____

I-128 Back (9/1/1999)

At this particular stage, appellant's condition _____ requires utmost adequate storeable medical assistance (as this have been revised, recommended & determined (previous) qualified Phisician's (please do confirm within my personal medical records) on through this past-years'.

__ Appellant hereby, very clearly and specifically states that he is not refusing to work! He simply demanding for his medical restriction's to be duly reinforced!! No-one other than app-lant can (actually) feel the pain & swelling to the limb-leg. _____

**Action Requested to Resolve your Complaint.**

___ Appellant simply wishes that this Ellis Unit's administration will thoroughly review the _ and correct facts and authority to the case at bar. And upon a thorough investigation and th finder, may this same be (immediately) reversed and said case No. 20000260865 be permanently -ged from off appellant's disciplinary record. Anticipating gratitude for your kind assistance

Offender Signature: _____  Date: ( Thu,) May 4 ) 2 K.

**Administration's Decision**

☐ Mandatory referral to IAD (Grievance worksheet attached)

☐ No action warranted (Explain)

It is the responsibility of the Hearing Officer to determine the credibility of the evidence presented at the hearing. It appears sufficient evidence was presented to substantiate the finding of guilt and penalty imposed as no significant due process or apparent process errors have been noted, the case shall stand and your appeal is denied. No corrective action is warranted.

Signature Authority: _____  Date:  **JUN 0 2 2000**

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the Step response. State your reason for appeal on the Step 2 form.

**Returned because:**

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days*

☐ 3. Original not submitted*

☐ 4. Inappropriate/excessive attachments*

☐ 5. No documented attempt at informal resolution.*

*You may resubmit this issue once corrections are made.

☐ 6. No requested relief is stated.*

☐ 7. Malicious use of vulgar, indecent, or physically threatening language directed at an individual.

☐ 8. The issue presented is not grievable

☐ 9. No remedy exists.

☐ 10. Illegible/Incomprehensible*

☐ 11. Inappropriate (request is for employee disciplinary action or consequential or punitive damages).

I-127 Back (9/1/1999)    UGI: _____

Texas Department of Criminal Justice

# STEP 2
PASO 2

## OFFENDER GRIEVANCE FORM
Forma Para Quejas de los Preso

**OFFICE USE ONLY**
Para Uso De La Oficiana Solamer
Grievance #: 200010857
UGI Rec'd Date: 6-13-00
HQ Rec'd Date: JUN 1 4 2000
Date Due: 7-12
Grievance Code: 401
Investigator Number: I057
☐ EM     ☐ UOF     ☐ MI
☐ ADA    ☐ REL     ☐ SS

Offender Name: Santos Montoya      TDCJ # 544493

Unit: Ellis Unit      Housing Assignment: (at the making) B-2, I-07

Unit where incident occurred: (Same)

---

Give reason for appeal (Be specific). I am dissatisfied with the response at Step 1 because...

— Appellant serves final notice of appeal & (Final) attempt of exhaustion of administrative remedies.

— Appellant is not only dissatisfied with the I-127 Step One's - negative responce but this same is complet deceiving.

— Appellant has yet to be provided with an authentic copy of the (referral) "investigative report"!!! Appellant finding (NOT-PROVEN) of guilt was based solely upon a hearsay statement (being this same, the Officer's rep Subsequently, if and when the said/claim'd "credible evidence" would indeed timely, duly and adequately pre then (this) & so many others) appellant (s) beyond a shadow of a doubt would have been proven innocent to the and bogus charges!!!

— Appellant timely and diligently presented to both CO-3 Buttrick (reporting Officer) & too Captain O'Dwyer (i an "Administrative Official - Lay In Pass" in order to sustantiate appellant's "Legitimate Reason" for abser

— And in addition to all the above, Mr. Wise, (appellant's Substitute Counsel), made NO-EFFORT (whatso to even try to defend appellant - through the entire Dis. Hearing. Said Capt. O'Dwyer, upon overriding the Specific Instruction's ("Medical Lay In-Pass") - cynically, biasly and recklessly support's the color of la with the habitual pattern & practice of prejudicial malice.

— Therefore, and upon the most keen perusal of appellant's recording tape; and with all of the above & (appell attached "I-127 Step One's) details, appellant duly provides ample and sufficient reason(s) in order to that not only a grave error have been committed against appellant; but this common practice endlessly conti with dreaded results'; & will continue without a vigilant-presence of an "State" Comptroller; an alternate (of equal authority).

---

★ - Administrative Governing Guideline Standards = specifically and strictly posting advices ("Dis -plinary Officers") "to closely adhere to (et al) mandatory stipulations." To simply "Find" an innoc guilty - is totally contrary to professional ethics:

"Two Wrongs Do NOT Make A Right; or Two Rights Do NOT Make A Wrong !!"

Said "I-127 Step One's - responce in likewise manner not only protects but also encourages th color of law (fellow employe's) to continue exhibit delinquent example as to how professionalism is easil converted to insubordinate corruption (on behalf of so-called "Law Abiding/Enforcing Citizen's??").

— In conclusiveness, appellant is simply pursuant to the most immediate and comprehensible relie

---

I-128 Front (9/1/1999)      **PLEASE SIGN ON BACK**      (OVER)

remanding, reversing & permanently expunging Major Case No. 2000026 865 from off appellant's electric record. Furthermore, that appellant's Line Class Status also be restored to the finding prior to the case at bar.

Appellant very strongly, firmly and sincerely sustains the fundamental factor of innocence to said Co-3 B. Butrick's false charges (and/or his report); also, said Co-3 B. Butrick is well known to have an extensive reputation of always lying against state prisoners'.

Appellant hereby anticipate cordial and warm appreciation for your kind time, assistance, but above for your professional consideration and keen perusing to the foregoing (Final) appeal & exhaustion of ad trative remedies.

Awaiting for your most prompt responce, I remain.

Offender Signature: _____     Date: (Sat.), June 3 | 2 k.

**Appellate Decision and Reason:**

- [ ] The Step 1 answer has addressed your complaint. No action will be taken.
- [ ] You have not provided a good reason for your appeal or for this office to review your claims further. No action will be taken.
- [ ] The issue you raise has been resolved or is pending resolution and no further action is warranted.
- [ ] The issues you present have already been reviewed. No further appeals of the same issues will be addressed. No action will be taken by this office.

A review of major disciplinary case number 20000260865 revealed no violation of due process requirements. Regarding your specific points of appeal, there was sufficient evidence presented to justify the charge and the penalties imposed. The medical department was consulted on your behalf and stated that you did not have a medical pass or condition that would preclude you from performing your assigned duties. You receive a fair and impartial hearing. In conclusion, no modifications or reversal of this case is warranted.

Signature Authority: _Kellie Hutchison_     Date:     JUN 22 2000

**Returned Because:**

- [ ] 1. Grievable time period has expired.
- [ ] 2. Illegible/Incomprehensible*
- [ ] 3. Originals not submitted*
- [ ] 4. Inappropriate/Excessive attachments*
- [ ] 5. Malicious use of vulgar, indecent, or physically threatening language directed at an individual.
- [ ] 6. Inappropriate (request is for employee disciplinary action or consequential or punitive damages)

*You may resubmit this issue once corrections are made.     Grievance Staff: _____

I-128 Back (9/1/1999)

Texas Department of Criminal Justice

# STEP 1
## PASO 1

**OFFENDER GRIEVANCE FORM**

Forma Para Quejas de los Preso

| OFFICE USE ONLY |
|---|
| Para Uso De La Oficina Solamente |
| Grievance #: 2001030779 |
| Date Received: 10-17-2000 |
| Date Due: 11-26-2000 |
| Grievance Code: 401 |
| Investigator Number: 1067 |

Offender Name: Santos Montoya    TDCJ # 544493

Unit: Ellis 1    Housing Assignment: D-11 1-8

Unit where incident occurred: Ellis 1 Unit

☐ EM    ☐ UOF    ☐ MED
☐ ADA    ☐ REL    ☐ SSI

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Dr. Francis Cherian    When? Oct. 3, 2000

What was their response? Dr. Cherian told me to show the letter to Warden Morgan to solve this

What action was taken? NONE:

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.

I'm requesting that disciplinary cases # 20000131974, 20000144473, 20000149868, 20000149580, 20000137804, 20000137808, 20000137811, 20000160050, 20000160064, 20000229898, 20000260865. be totally expunged from my records. Where I'm been falsely accused of refussing to turn out to work without a legitimate reason. Because Dr. Cherian said that I have a Chronic Lymphedema problem of Swelling and limited movement of my right leg and Right Ankle due to previous trauma and previous surgery which is noted in my Medical Records. And this Chronic Lymphedema painful problem of Swelling I have in my Right-leg because of my Poor-Blood-Circulation got agravated when these Staff forced me to work sitting down for hours on the Hard Plastic Milk Carts serving the meals Lunch and Supper everyday in the Kitchen from November 11, 1999 to December 26, 1999. Because this Chronic Lymphedema and painful Swelling Problem I have in my Right-leg got Agravated when I was forced to work in the Kitchen sitting down for hours on the Hard Plastic Milk Carts serving the meals Lunch and Supper everyday. Dr. Francis Cherian have to give me another Work-Restriction named Sedentary Work Only on February 22, 2000 and treated me with various kinds of NSAID's ranging from Naproxyn and Indocyn to Motrin and was provided extra large size stockings. Then on May 16, 2000 Dr. F. Cherian referred me to Brace and Limb Clinic to reissue a New pair of special orthopedic shoes and proper anti-embolism stockings to help me with the Chronic Lymphedema and painful Swelling problem I have in my Right-Leg because of my poor blood circulation. On August 9, 2000 I was send to Brace and Limb Clinic - E.R.M.F. on Estelle Unit and Prison Physician J. BJORNSON P.T. issued to me a pair special orthopedic shoes size 8E and a pair of proper True Form Compression off shelf Stockings size medium to help me with the Chronic Lymphedema and painful problem of Swelling I have in my Right-Leg →

I-127 Front (9/1/1999)    PLEASE SIGN ON BACK    (OVER)

because of my poor blood circulation. I'm only asking that a fair review he given in right of my Medical Condition. And that the above disciplinaries be expunged from my records. On October 1, 2000 I send a I-60 to Sr. Warden Tim Morgan for a interview regardin this problem and I havent recieve a answer untill this date.

**Action Requested to Resolve your Complaint.**

All disciplinary cases be expunged from my records and get my class, good time and Minimum Custody back. Or refered this problem to Internal Affairs to Investigate and help me solve this problem.

Offender Signature: _____ #544493    Date: October 17, 2000

**Administration's Decision**

☐ Mandatory referral to IAD (Grievance worksheet attached)

☐ No action warranted (Explain).

Issue of eleven disciplinaries to be expunged per this grievance has been reviewed. There is no medical documentation to record that would entertain disciplinaries to be expunged per your issue raised in this grievance. The disciplinaries will remain as record for your actions per charges noted. No corrective action is warranted.

Signature Authority: _____    Date: **NOV 21 2000**

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the Step 1 response. State your reason for appeal on the Step 2 form.

**Returned because:**

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days.*

☐ 3. Original not submitted.*

☐ 4. Inappropriate/excessive attachments.*

☐ 5. No documented attempt at informal resolution.*

*You may resubmit this issue once corrections are made.

I-127 Back (9/1/1999)

☐ 6. No requested relief is stated.*

☐ 7. Malicious use of vulgar, indecent, or physically threatening language directed at an individual.

☐ 8. The issue presented is not grievable.

☐ 9. No remedy exists.

☐ 10. Illegible/Incomprehensible.*

☐ 11. Inappropriate (request is for employee disciplinary action or consequential or punitive damages).

UGI: _____

Texas Department of Criminal Justice

# STEP 2

PASO 2

## OFFENDER GRIEVANCE FORM

Forma Para Quejas de los Preso

OFFICE USE ONLY

Para Uso De La Oficina Solamente

Grievance #: 2001030779
UGI Rec'd Date: 11-09-00
HQ Rec'd Date: DEC 01 2000
Date Due: 01-05-01
Grievance Code: 401
Investigator Number: 30746

☐ EM    ☐ UOF    ☐ MED
☐ ADA   ☐ REL    ☐ SSI

Offender Name: Santos Montoya    TDCJ # 544493

Unit: Ellis 1    Housing Assignment: D11-1 Row 7 Cell

Unit where incident occurred: Ellis 1

Give reason for appeal (Be specific). I am dissatisfied with the response at Step 1 because...

I'm appealing grievance # 2001030779 decision because I'm not satisfy and Mr. Lightsey is missing the whole purpose of my filing of this step 1 grievance. Because on this cases I'm been accused of refussing to turn out to work without a legitimate reason. And I have a legitimate reason Dr. Cherian said that I have a Chronic Lymphedema problem of Swelling and limited movement of my right Leg and Right ankle. due to a previous trauma and previous surgery which is noted in my Medical Records. And this Chronic Lymphedema problem of Swelling got aggravated when these Staff forced me to work sitting down for hours on the Hard Plastic Milk Carts serving the meals Lunch and Supper everyday in the Kitchen from November 11, 1999 to December 26, 1999. And when these Staff cause me the Swelling and Painful problem that I can not go to work and have to limp because of the pain I was suffering when I try to walk. They start writing me the cases and punish me for a problem that they cause me. On January 3, 2000 Lt. Gribs runs me Court on this case # 20000171974; On January 12, 2000 Capt Spivy runs me Major Court on this Major Case # 20000144473 and found me guilty because P.A. Bachmann told him that I don't have nothing wrong in my right Leg. On January 16, 2000 Lt. Brewer runs me Court on these 3 minor cases # and finds me guilty and told me when you get everything straight with the Medical they will take there cases out your records because I see you have a problem on your right Leg is Swollen. Case numbers 20000137804, 20000137808, 20000137811. On January 20, 2000 Capt. Roesler runs me Major Court on these two Major Cases # 20000141868, 20000149580 and find me guilty and told me I understand your problem Montoya but as for Mr. Bachmann states that you don't have nothing wrong in your right-Leg I have to find you guilty. Because Mr. Bachmann states in Court that I don't have nothing wrong in my Right-leg but that I have a appointment to see the Doctor on January 21, 2000. to exam my Right-leg and take me X-Rays. On January 28, 2000 Capt Roesler runs me Major Court again on these other 2 cases # 20000160059, 20000160064 and find me guilty because Mr. Bachmann states in Court that I don't have nothing wrong in my right-Leg but still have pending a appointment with the Doctor to take X-Rays in my Right-Leg. On January 31, 2000 I was transfer to Estelle Unit to get the X-Rays in

I-128 Front (9/1/1999)    **PLEASE SIGN ON BACK**    (OVER)

my Case Manager, told me that this is the same pattern in destify. There were surgical clips in the soft tissues behind the tibia. Because the Chronic Lymphedema I have in my Right Leg get aggravated and cause me the Swelling and painful problem when I was forced to work in the Kitchen. Dr. Cherian have to treatment treated me with various Kinds of NSAIDS ranging from Naproxen and I doesn to Motrin and issued me proper fitting extra larger [x]emobolism stockings for my condition. And gave me another work-Restriction named Sedentary Work Only on February 22, 2000 and referred me to Brace and Limb Clinic to reissue me new pair orthopedic special shoes and proper anti embolism stockings on May 16, 2000. On August 9, 2000 I was sent to Estelle Unit FRMC Brace and Limb Clinic and the Prision Physician J. BJORNSON P.T. Issued me 2 pair P.W. Minor #11079 size 8 E. orthopedic shoes and a pair of Proper True Form Compression Off Self Stockings size Medium to help me with the Chronic Lymphedema and painful Swelling problem I have in my Right Leg. Here I send you a copy of my H.S. M.18 and a copy of the letter that Major D.A. Turrubiante send to my lawyer. Before all this problem happened to me; I request a job change from the Kitchen and explain the Major that I was going to have problems with my right-leg and Major ignores me.

Offender Signature: [signature] #944493          Date: Nov. 25, 2000

**Appellate Decision and Reason:**

☐ The Step 1 answer has addressed your complaint. No action will be taken.

☐ You have not provided a good reason for your appeal or for this office to review your claims further. No action will be taken.

☐ The issue you raise has been resolved or is pending resolution and no further action is warranted.

☐ The issues you present have already been reviewed. No further appeals of the same issues will be addressed. No action will be taken by this office.

Per policy, you have fifteen (15) days from your disciplinary hearing in which to file your grievance. Only one disciplinary case per grievance will be addressed. No further action is warranted on this issue.—ls

Signature Authority: [signature]          Date: DEC 0 7 2000

**Returned Because:**

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible*

☐ 3. Originals not submitted*

☐ 4. Inappropriate/Excessive attachments*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language directed at an individual.

☐ 6. Inappropriate (request is for employee disciplinary action or consequential or punitive damages).

*You may resubmit this issue once corrections are made.          Grievance Staff: _____

I-128 Back (9/1/1999)

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Gary Johnson
Director
Institutional Division

P.O. Box 99 ● Huntsville, TX  77342-0099

Wayne Scott

Executive Director

February 10, 2000

Mr. Walter J. Pink
Attorney at Law
2646 South Loop West, Suite #195
Houston, Texas 77054

Re:  Santos Montoya #544493

Dear Mr. Pink:

I am in receipt of your recent letter reference offender Santos Montoya, TDCJ-ID No. 544493.

Offender Montoya was assigned to the A.M. kitchen on November 10, 1999.  Since his assignment, he has repeatedly refused to work, claiming that his medical condition precluded his assignment.  Offender Montoya's supervisor states that the offender's specific assignment in the kitchen as a kitchen helper/counter attendant is within his medical restrictions, which are:  limited standing; no squatting, no reaching over shoulders; and no work exposure to loud noises.

If you should have further questions concerning offender Montoya's health, you may contact the Unit Health Administrator, Mrs. Kent.

Sincerely,

D. A. Turrubiarte,  Major
Ellis Unit

DT:lm



TEXAS DEPARTMENT OF CRIMINAL JUSTICE
HEALTH SUMMARY FOR CLASSIFICATION

NAME: MONTOYA,SANTOS                          DOB: 03/31/1961        P U L H E S
TDCJ#: 00544493  SID#: 03296175               WGT: 196 LBS
UNIT: E          HOUSING: J-4-1-17B           HGT: 5'05"
JOB: SPECIAL CELL RESTRICTION

I.  UNIT OF ASSIGNMENT (CHECK ONE)
X  A. NO RESTRICTION                          __ E. BARRIER-FREE FACILITY
   B. REGIONAL MEDICAL FACILITY               __ F. SINGLE LEVEL FACILITY
__ C. EXTENDED CARE FACILITY                  SUITABLE FOR TRUSTEE CAMP ASSIGNMENT?X YES _NO
__ D. PSYCHIATRIC CARE FACILITY               SUITABLE FOR SHIP FACILITY?          X YES _NO

II. HOUSING ASSIGNMENT
A.  BASIC HOUSING (CHECK ONE)                 B.  BUNK ASSIGNMENT (CHECK ONE)
X  1. NO RESTRICTION                          __ 1. NO RESTRICTION
__ 2. SINGLE CELL ONLY                        XX 2. LOWER ONLY
__ 3. SINGLE CELL ONLY
__ 4. SPECIAL HOUSING (HOUSING WITH           C.  ROW ASSIGNMENT (CHECK ONE)
      PATIENT WITH LIKE MEDICAL CONDITION     __ 1. NO RESTRICTION
__ 5. CELL BLOCK ONLY                         XX 2. GROUND FLOOR ONLY

III. WORK ASSIGNMENT/RESTRICTIONS (CHECK ALL THAT APPLY)
__ 1. MEDICALLY UNASSIGNED                    15.NO FOOD SERVICE
XX 3. PSYCHIATRICALLY UNASSIGNED              16.NO REPETITIVE USE OF HANDS
XX 3. SEDENTARY WORK ONLY                     17.NO WALKING ON WET UNEVEN SURFACES
__ 4. FOUR HOUR WALL RESTRICTION             18.NO NOT ASSIGN TO MEDICAL
__ 5. FOUR HOUR LIMITED WORK RESTRICTION     19.NO WORK IN BRIGHT SUNLIGHT
__ 6. EXCUSE FROM SCHOOL                      20.NO TEMPERATURE EXTREMES
XX 7. LIMITED STANDING                        21.NO HUMIDITY EXTREMES
__ 9. NO WALKING )     YARDS                   22.NO EXPOSURE TO ENVIRONMENTAL POLLUTANTS
__ 9. NO LIFTING )     LBS.                    23.NO WORK WITH CHEMICALS OR IRRITANTS
10.NO BENDING AT WAIST                        24.NO WORK REQUIRING SAFETY BOOTS
XX 11.NO SQUATTING                            25.NO WORK AROUND MACHINES WITH MOVING PARTS
__ 12.NO CLIMBING                             XX 26.NO WORK EXPOSURE TO LOUD NOISES
__ 13.LIMITED SITTING                         27.NO WORK REQUIRING COMPLEX INSTRUCTIONS
XX 14.NO REACHING OVER SHOULDER

IV. DISCIPLINARY PROCESS (CHECK ONE)
X  A. NO RESTRICTIONS
__ B. CONSULT REPRESENTATIVE OF MENTAL HEALTH DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION
__ C. CONSULT REPRESENTATIVE OF MEDICAL DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION

V.  INDIVIDUALIZED TREATMENT PLAN (CHECK ALL THAT APPLY)
X  A. NO RESTRICTION                          __ C. PSYCH REPRESENTATIVE REQUIRED
__ B. MEDICAL REPRESENTATIVE REQUIRED

VI. TRANSPORTATION RESTRICTIONS (CHECK ONE)
X  A. NO RESTRICTION                          __ C. WHEELCHAIR VAN
__ B. EMS AMBULANCE                           __ D. VAN (SOUTHERN REGION ONLY)

CHERIAN                    MD    02/22/2004
PRINTED NAME AND TITLE OF REVIEWER    DATE        SIGNATURE OF REVIEWER

# GRIEVANCE INVESTIGATION WORKSHEET
## Restricted & Confidential

| GRIEVANCE OFFICE USE ONLY | | STEP 1 ☑ |
|---|---|---|
| | | STEP 2 ☐ |

Unit: **911?**  UGI/CGI: **LIGHTSEY**   Date Initiated: **10-17-00**   Date Completed: **OCT 17 2000**

Offender Name: **SANTOS MONTOYA**   TDCJ #: **574493**   Housing: **B15 1-7**

Grievance #: **2001030779**   Code: **401**   Date Due: **11-26-2000**

| EMERGENCY | USE OF FORCE | DISCIPLINARY ISSUE | PROPERTY ( ) RELIGION ( ) MEDICAL ( ) | ADA ( ) 961 ( ) |
|---|---|---|---|---|
| ( ) YES (✓) NO | ( ) MAJOR ( ) MINOR ( ) UR # | ( ) MA ( ) MI # | | |

Summary of Issues: *(include date, time, location) NOTE: For claims of Excessive/Unreported UOF, or Harassment/Retaliation for use of the Grievance Procedure or Access to Courts rights, other legal entitles, the investigation must be conducted by Internal Affairs. Complete the Fact Sheet for I.A.D. Investigation.*

Medical issue of disciplinary cases per Dr Cheron
11 Disciplinary cases to be appealed.

Requested Remedy: All disciplinary cases be expunged from records
and get his class and good time and Minimum custody
back. Or refer this problem to internal affairs to
investigate and help him solve this problem.

The following is to be completed by the investigating official. The investigating official must sign the bottom.
(Attach Statements/Supporting Documentation if applicable.)

Summary of Fact Finding Activity: Case of some disciplinary have already
been appealed by this offender. Check file

This offender has raised this appeal in previous
grievance.

3-360 Case PA Bachman  1-22-00  PA Bachman  1-12-00  Kit Rx 10-15-00
12/3/ Kit Rx Medication 1/13/ HUDSM Problem - 1-8-00
12/24/00  12/26/99 974  12/30/99 560  (3-31-00 856) Less 9C Range 2 to L3

Suggested Response to Offender: 5-1-00 120 Rad Lost  (6/23/00 Torres Ruiz)

Issue of all disciplinary to be expunged per this grievance
has been reviewed. There is no medical documentation
to record that would entitle disciplinary to be expunged
per your issue raised in this grievance. The disciplinary
will remain as record for your actions per charges noted.

OUTCOME CODE ____ **D** ____ (Grievance Office Use Only)

Completed By   Signature **M.C. Lightsey**   Date **11/20/00**

Printed Name **M.C. LIGHTSEY**   Title **Griev. Inv.**

(Note: This grievance is being processed in an effort to resolve a problem through the established procedures identified in BP-03.77 and AD-03.82. It is expressly prohibited to subject the grieving offender, other offenders, or staff to any form of reprisal for the use of these procedures. The Internal Affairs Division will investigate all such claims.) OIG-01 (Front) Rev. 11/99

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### INSTITUTIONAL DIVISION

**Name:** _Montoya, Santos_
**TDCJ No.:** _544493_
**Unit:** _Ellis_

| Date & Time | Notes |
|---|---|
| 9-21-00 DIV | _illegible handwritten notes_ |
| | B. BACHMANN PHYSICIAN ASSISTANT |
| 10/3/00 | BMD to clinic For HSM  Randolph PA |
| | BP 148/94  P 73   R 18   T 99°   WT 205 |
| 10/3/00 10° | S- HIV to see if he needs cardiac/hypertension meds |
| | O- BP element 130/82 |
| | cus _illegible_ |
| | _illegible_ no evidence of cardiomegaly |
| | A: R/o HTN |
| | P ① Pt also counseled low salt diet |
| | Exercise to lose wt. No meds indicated at this |
| | time. |
| | F. Chehan, MD   _signature_  10/5/00 |

11/20/00   MON 14:04 FAX 409 437   04     EASTERN REGION     @002
08/24/00   WED 10:45 FAX 995 8757  189     ELLIS MED CLINIC

# UTMB CORRECTIONAL MANAGED CARE
### Ellis Facility
### Rt. 6 FM 980
### Huntsville, TX 77343
### Telephone 409/636-7321
### Fax 409/636-7321 Ext 7313

Date:  5/16/00

Terri Hodge
District 100
State Representative
The State of Texas
The House of Representatives

Dear Ms. Hodge

Subject:  Offender,          Santos Montoya
                              TDCJ# 544493

Offender Santos Montoya TDCJ# 544493 has signed a release of information form.

Santos Montoya,  TDCJ# 544493 is a 39 year old Hispanic male who has a chronic history of swelling and decreased ROM @ ankle due to knife wounds and ensuing surgery 10 years ago.  He was previously seen and evaluated by the clinicians at Ellis Unit for this condition, and a diagnosis of chronic lymphedema @ leg due to previous surgery of (L) ankle and ORIF @ ankle was made. His cardiovascular system, GI system were within normal limits to account for any type of swelling or peripheral edema.  He was treated with various kinds of NSAID's ranging from Naproxyn and Indocin to Motrin and was issued proper fitting extra larger embolism stockings for his condition.  We have small medium, large and extra large stockings.  He was provided extra large size stocking which fit him fine.

He was seen by Hospital Galveston Orthopedic department on 7/11/91 for his problem of chronic leg swelling and limitation of movement of @ ankle.  The diagnoses of swelling and limitation ROM of (L) leg was due to previous trauma and previous surgery.  He was placed on NSAID and discharged from the clinic.

When he was seen by Mr. Backmann, PA on 1/21/00 an x-ray of @ lower leg was ordered which was reported as no recent fracture or acute bone pathology identified and there were surgical clips in the soft tissues behind the tibia.

He was seen by Dr. F. Cherian, the medical director, on 5/16/00 to evaluate his medical condition.  At that time there was no peripheral edema or swelling noticed.  He has limitation of dorsiflexion @ ankle, his special shoes were wearing out (issued June, 1998, at Hughes Unit) and he was wearing anti embolism knee high stockings fitting fine.  He was referred to Brace and Limb clinic to reissue new special shoes and proper anti embolism stockings.

MAR 01 2002 11:09 FR 00                        TO 91512936125        P.11

He has sedentary job restrictions, but he refused to work when he was assigned a job, and so he is on special cell restriction at this time.

Sincerely,

Dr. Francis Cherian
Cluster Medical Director Ellis/Eastham

cc: G. Adams, M.D., Eastern Region Medical Director
    file

```
IUCF09                      DATE: 10/17/00        SENTENCE : 0385 04 20
SCIPLINARY RECORDS          TIME: 11:04:00        FLAT TIME : 0016 1
C NO: 00544453 NAME: MONTOYA, SANTOS              EG'D TIME : 0000 04 27
ICE: H    SEX: M   STATUS: L3  DSP    CUSTODY: MF ADM TIME : 2005 00 25
: SCORE:      7.5  PRIMARY LANGUAGE: ENGLISH      BONUS TIME : 2000 04 00
:    87  CF SCORE: 000  MADP CODE:     PRIOR      TOTAL TIME : 0024 04 30
                                                  TOTAL TIME LEFT: 00278  DAVE
FF      HEAR    REPORT      OFF                    ***********PENALTIS(S)ID*************
ATE     DATE    NUMBER      CODE DESCRIPTORS LVL   REF SOL/CLASS/TIME/XI/CL/PR/CL
0300  062800  200003 /448 24.0        2 MI G X                              030
                            45.0      3 MI G
0100  050500  200002609 5 25.0 UA     2 MA G                     100    20  030
310   040500  200002 3098 25.0 UA     2 MA G     02 03    90     30  030
2300  012600  2000 1 6644 25.0 UA     2 MA       11 5                      005
2200  012800  2000 168650 25.0 UA     2 MA               45     30  020
195   012300  2020 137011 25.0 UA     2 M A                          30
9099  012200  200001 8 8 25.0 UA      2 M                                  015
9999  012200  200001 7024 25.0 UA     2 M                                  007
09 4  012000  2 00149520 25.0 UA      2 MO                                 003
```

ITER THE NEXT TRANS CODE OR AND/OR TXCOD _____
                            OR OR SCROD _____

*Talk to Dr Chinan*
*Monigomey*

SENTENCE : 0005 00 00
FLAT TIME: 0018 11 12
GOOD TIME: 0000 04 21
WORK TIME: 0005 00 26
BONUS TIME: 0000 00 00
TOTAL TIME: 0024 04 30
TOTAL TIME LOST: 00070 DAYS

```
IUCR09                    DATE: 10/17/00          SENTENCE : 9085 00 00
DISCIPLINARY RECORDS      TIME: 11:24:39          FLAT  TIME: 0010 11 13
 NO: 00544493 NAME: MONTOYA,SANTOS                GOOD  TIME: 0008 04 21
F: H   SEX: M   STATUS: L3 DSP    CUSTODY: ME     WORK TIME: 3005 03 26
SCORE:   7.9   PRIMARY LANGUAGE: ENGLISH          BONUS TIME: 0000 00 00
    87 CF SCORE: 000  MROP CODE:   PRIOR DISC:    TOTAL TIME: 3024 04 30
                                                 TOTAL TIME LOST: 00270 DAYS
F   HEAR  REPORT      OFF                ****************PENALTY(S)*************
TE   DATE  NUMBER    ZONE DESCRIPTORS LVL          REP/SOL/CLASS/TIME/XD/CR/PR/CU
200 012000 20200149568 25.0 UA          2 MA 5       S3-S4
200 011200 20000144473 25.0 UA          2 MM 6                          30 030 X
695 123199 20000131974 25.0 RP          2 MI 6                          00
399 072499 19990350235 16.0 DC          2 MI 6 X
396 12499 19990091849 21.0 IA           2 MA 6       X S3-S4
97  060397 19970294768 24.0            2 MI 6 1
396 070196 19960330543 24.0            2 MI 6
495 053195 19950237227 06.0 WP          1 MA 6       S3-L1            30 030
394 080694 19940009.049 15.0            2 MI 6                          015
394 022394 19940000665 15.0            2 MI 6                       10
                                       CONTINUED
```

```
R THE NEXT TRANS CODE 06 AND/OR TDCNO_____
                       AND/OR SIDNO
HELP, PF3-ADDTL RECORDS, PF4-PREV RECORDS, PF7-SELECT, PA1-MENU
```

```
CR09                             DATE: 12 /7/00               SENTENCE : 0045 00
IPLINARY RECORDS                 TIME: 11:24:39               FLAT [illegible]
ID: 00544495 NAME: MONTOYA,SANTOS                             BOOK [illegible]
[illegible]  SEX: M  STATUS: L3  DSN    CUSTODY: [illegible]  WORK [illegible]
[illegible]     7.3  PRIMARY LANGUAGE: ENGLISH                 BONUS [illegible]
 87  OF SCORE: 000  ARDP CODE:    PRIOR DISC:                  TOTAL TIME: [illegible]
                                                               TOTAL TIME [illegible] 07270
     HEAR    REPORT       OFF                           ********* PENALTIES *********
     DATE    NUMBER       CODE DESCRIPTORS LVL.  ..  FEN/SOL/CLASS/TIME/[illegible]
00 012000 20000149060 25.0 UA           2 MA E [illegible]   SS-S4
00 011700 20000144473 25.0 UA           2 MA [illegible]
99 122199 20000131974 25.0 RF           2 MI [illegible]
[illegible] 072499 19990350235 16.0 DC  [illegible] MI [illegible]
[illegible] 112498 19990071545 [illegible] IA  [illegible] MA [illegible]
[illegible] 060397 19970094766 24.0     [illegible] MI [illegible]
[illegible] 070196 [illegible]  24.3     [illegible] MI [illegible]
[illegible] [illegible] 19950 [illegible] 
[illegible] 062094 1994003 [illegible]
[illegible]

[illegible] CODE OR [illegible]
[illegible] RECORDS, [illegible] RECORDS, [illegible]
```

# GRIEVANCE INVESTIGATION WORKSHEET
### Restricted & Confidential

STEP 1 ☐
STEP 2 ☐

GRIEVANCE OFFICE USE ONLY

Unit: CGO　UGI/CGI: IO746　Date Initiated: 11-29-00　Date Completed: _____

Offender Name: Montoya, Santos　TDCJ #: 544493　Housing: E

Grievance #: 2001030779　Code: 401　Date Due: 01-03-01

| EMERGENCY | USE OF FORCE | DISCIPLINARY ISSUE | PROPERTY ( )　ADA ( ) |
| --- | --- | --- | --- |
| ( ) YES ( ) NO | ( ) MAJOR ( ) MINOR ( ) UR # | ( ) MA　( ) MI # | RELIGION ( )　991 ( ) MEDICAL ( ) |

Summary of Issue: *(include date, time, location.) NOTE: For claims of Excessive/Unreported UOF, or Harassment/Retaliation for use of the Grievance Procedure or Access to Courts rights, other legal activities, the investigation must be conducted by Internal Affairs. Complete the Fact Sheet for I.A.D. Investigation.*

Improperly Chrg

Requested Remedy: Question discp Cases

The following is to be completed by the investigating official. The investigating official must sign the bottom.
(Attach Statements/Supporting Documentation if applicable.)

Summary of Fact Finding Activity: Per policy, you have 15 days from your hearing to file your grier on discp case. Only one disrip case per grier will be addressed.

No further action on this issue.

Suggested Response to Offender: _____

OUTCOME CODE _____　(Grievance Office Use Only)

Completed By　Signature _____　Date _____

Printed Name _____　Title _____

(Note: This grievance is being processed in an effort to resolve a problem through the established procedures identified in BP-03.77 and AD-03.82. It is expressly prohibited to subject the grieving offender, other offenders, or staff to any form of reprisal for the use of these procedures. The Internal Affairs Division will investigate all such claims.) OG-01 (Front) Rev. 11/99

## GRIEVANCE INVESTIGATION WORKSHEET
### Restricted & Confidential

| GRIEVANCE OFFICE USE ONLY | | | | STEP 2 |
|---|---|---|---|---|

| | | |
|---|---|---|
| Unit: CGO   CGI: I0746 | Date Initiated: 11-29-00 | Date Completed: 12-05-00 |
| Offender Name: Montoya, Santos | TDCJ No: 544493 | Housing: E |
| Grievance No: 2001030779 | Code: 401 | Date Due: 01-03-01 |

| EMERGENCY | USE OF FORCE | DISCIPLINARY ISSUE | PROPERTY ☐ | ADA ☐ |
|---|---|---|---|---|
| YES ☐ NO ☐ | MAJOR ☐ MINOR ☐ UR ☐ | MAJOR ☐  MINOR ☐ | RELIGION ☐ | SSI ☐ |
| | UOF # | # | MEDICAL ☐ | |

**Summary of Issue:** *(Include date, time location.) NOTE: For claims of Excessive/Unreported UOF, or Harassment/Retaliation for use of the Grievance Procedure or Access to Courts rights, other legal activities, the investigation must be conducted by Internal Affairs. Complete the Fact Sheet for I.A.D. Investigations.*
Improperly charged

**Requested Remedy:**
Overturn disciplinary cases.

The following is to be completed by the investigating official. The investigating official must sign the bottom. (Attached Statement/Supporting Documentation is applicable.)
**Summary of Fact Finding Activity:**
The offender is attempting to appeal eleven (11) cases on this grievance. Per policy, the offender has fifteen (15) days from his hearing to file his appeal. Only one disciplinary case per grievance will be addressed. No further action warranted on this issue.

**Suggested Response to Offender:**
Per policy, you have fifteen (15) days from your disciplinary hearing in which to file your grievance. Only one disciplinary case per grievance will be addressed. No further action is warranted on this issue.

| Completed By: | Signature: | Date: | 12-05-00 |
|---|---|---|---|
| | Printed Name: Ginger Isenburg | Title: | CGI |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *SANTOS MONTOYA,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. B-01-205 |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

**ORDER**

Be it remembered that on this day came to be considered Respondent Cockrell's Motion for Summary Judgment, and the Court after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is hereby ORDERED, ADJUDGED and DECREED that said Motion be, and it is hereby GRANTED.

SIGNED on this the _____ day of _____, 2002.


_____
JUDGE PRESIDING