IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 1 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| *SANTOS MONTOYA,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. B-01-205 |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF* | § | |
| *CRIMINAL JUSTICE,* | § | |
| *INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

**RESPONDENT COCKRELL'S MOTION TO CANCEL**
**THE EVIDENTIARY HEARING AND MOTION TO DISMISS FOR LACK OF**
**JURISDICTION WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Respondent, Janie Cockrell, Director ("the Director"), Texas
Department of Criminal Justice, Institutional Division ("TDCJ-ID"), by and through her
attorney, the Attorney General of Texas, and files this her Motion to Cancel the Evidentiary
Hearing with Brief in Support.

**I.**

**JURISDICTION**

Based on the following reasons, pursuant to Title 28, United States Code, Section
2254, this court lacks jurisdiction over the subject matter and the party in this case.
Montoya's allegations state a claim for relief under Title 42, Unites States Code, Section
1983.

**II.**

**STATEMENT OF FACTS**

This is, in reality, a civil rights case brought by a Texas state prisoner, Santos
Montoya ("Montoya"); however, Montoya filed a federal petition for habeas corpus relief
on November 11, 2001. On March 8, 2002 the Director filed a Motion for Summary

Judgment with Brief in Support wherein she moved to have Montoya's writ of habeas corpus dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). Respondent's Motion for Summary Judgment at 1-13. On June 12, 2002, the Honorable United States Magistrate Judge set an evidentiary hearing for August 8, 2002 at 2:00 p.m. to determine whether Montoya is entitled to the restoration of good time credits.[1] *See* "ORDER," June 12, 2002 (filed June 13, 2002).

### III.

### MOTION TO CANCEL THE EVIDENTIARY HEARING

For the reasons set out below, Montoya is not entitled to an evidentiary hearing on the issue of whether he is entitled to the restoration of good time credits.

**A.    The record establishes that Montoya's allegations are time-barred under 28 U.S.C. § 2244(d) of the AEDPA.**

In his federal petition for habeas corpus relief, Montoya challenges the punishment assessed by the hearing officer in eleven disciplinary cases. *See* Fed. Writ Pet., at 7, including attached pages; Respondent's Motion for Summary Judgment at 2-13. However, the record clearly establishes that each disciplinary case challenged by Montoya is barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d). *See* Respondent's Motion for Summary Judgment at 7-13. Therefore, in the interest of judicial economy, an evidentiary hearing to determine whether Montoya is entitled to the restoration of good time credits is not warranted.

---

[1] Montoya incurred the loss of good time credits in the following disciplinary cases: (1) 2000144473, (2) 20000149580, (3) 20000160050, (4) 20000229898, and (5) 20000260865.

B.    **Alternatively, Montoya's claims are not cognizable under federal habeas corpus review.**

i.    **Montoya is not eligible for release on mandatory supervision.**

Montoya is not eligible to be released on mandatory supervision due his underlying conviction for murder with a deadly weapon; therefore, Montoya's loss of good time credits does not provide a claim for which habeas corpus relief can be granted.  "The Texas Code of Criminal Procedure article, 42.18 §8(c) provides that 'a prisoner who is not on parole shall be released to mandatory supervision' when his calendar time plus accrued good-conduct time equals the maximum term to which he was sentenced." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  The Fifth Circuit has held that "there is a constitutional expectancy of early release created by Texas's mandatory supervision scheme . . ." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000); *see also Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S. Ct. 2963, 2975 (1974) (stating "the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.").  "When a state creates a right to good time credit and recognizes that its revocation is an authorized sanction for misconduct, a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty concerns.'" *Madison*, 104 F.3d at 768.  However, "[i]n Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose a liberty interest." *Brown v. Cockrell*,

3

No. 3:01-CV-1090-H, 2002 WL 638584 *2 (N.D. Tex. April 17, 2002)[2] (citing *Malchi v. Thaler*, 211 F.3d at 957-58; *Madison v. Parker*, 104 F.3d at 768; *Orellana v. Kyle*, 65 F.3d 29, 31-33 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736 (1996); *Murphy v. Collins*, 26 F.3d 541, 543 & n. 5 (5th Cir.1994)).

With regard to Montoya, the applicable mandatory supervision statute provides:

> [a] prisoner may not be released to mandatory supervision if the prisoner is serving a sentence for an offense and the judgment for the offense contains an affirmative finding under Subdivision (2), Subsection (a), Section 3g, Article 42.12, of this code or if the prisoner is serving a sentence for:
> (1) a first degree felony under Section 19.02, Penal Code (Murder);
> . . .

TEX. CODE. CRIM. PRO. ANN. art. 42.18 § 8(c) (Vernon 1990).

On March 26, 1999, Montoya was sentenced to eighty-five years imprisonment for the first-degree felony offense of murder with a deadly weapon in violation of Section 19.02 of the Texas Penal Code. Respondent's Motion for Summary Judgment at 1, Exhibit A. As a result, the nature of Montoya's conviction precludes him for ever being eligible for release on mandatory supervision. *See* TEX. CODE. CRIM. PRO. ANN. Art. 42.18 § 8(c) (Vernon Supp. 1990). Therefore, Montoya has no liberty interest in his good time credits that would entitle him to federal habeas corpus relief; thus his petition must be dismissed.

### ii.    Montoya has no right to parole in Texas and the possibility that he will obtain release on parole is speculative.

Furthermore, the loss of good time credits in no way adversely affects Montoya's ability to obtain parole. In *Sandin v. Conner*, the Supreme Court, recognizing that a decision to release an inmate on parole rests on a "myriad of considerations," held that

---

[2] Since only the Westlaw citation is currently available to cite the slip copy, the undersigned has attached a copy for the court's convenience as "Exhibit A."

"[t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke procedural guarantees of the Due Process Clause." 515 U.S. 472, 487, 115 S. Ct. 2293, 2302 (1995). "Discipline by prison officials in response to a wide range misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id.* at 485, 115 S. Ct. at 2301. However, the Court recognized that "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Id.* at 483-484, 115 S. Ct. at 2300. The Court limited such interests to those "limited from freedom of restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process of its own force, . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Id.* at 484, 115 S. Ct. at 2300. "The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Id.* at 478, 115 S. Ct. at 2297 (citing *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532, 2538 (1976)). Ultimately, the court found that the placement of a prisoner in administrative segregation did not violate the Due Process Clause because no liberty interest had been implicated. *Id.* at 486, 115 S. Ct. at 2301.

Moreover, in *Madison v. Parker*, the Fifth Circuit stated that "[i]n Texas, it is entirely speculative whether an inmate will actually obtain parole, inasmuch as there is no right to be released on parole . . . In fact, we have held that there is no constitutional right to expectancy of parole in Texas. 104 F.3d at 768; *see also Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995) (internal citations omitted). Because an inmate has no liberty interest in obtaining parole, an inmate "cannot complain about the constitutionality of procedural devices attendant in parole procedures." *Orellana v. Kyle*, 65 F.3d at 32. In *Madison*, the court held thirty-day commissary and cell restrictions were " merely changes in the conditions . . . [in petitioner's] confinement and do not implicate due process concerns." 104 F.3d at 768.

5

In *Malchi*, the court found that time earning status and custodial classifications are attenuated to release on parole and are "too speculative to afford . . . a constitutionally cognizable claim to the 'right' to a particular time earning status, which right the Texas legislature has specifically denied creating." 211 F.3d at 959. Moreover, "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of . . . [petitioner's] custodial status . . . [and] such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (internal citations omitted).

The restoration of Montoya's good time credits does not state a cognizable claim for federal habeas corpus relief. *See Carson*, 112 F.3d at 820-821; *see also Malchi*, 211 F.3d at 953, *Orellana*, 65 F.3d at 31. It is entirely speculative as to whether Montoya will ever be released on parole due to the fact that an inmate in Texas has no constitutional right to parole. *See Madison*, 104 F.3d at 768. Moreover, a finding of misconduct on Montoya's prison record when determining his eligibility for parole is too attenuated to invoke the protections afforded under the Due Process Clause. *See Sandin*, 515 U.S. at 487, 115 S. Ct. at 2302.

**iii.    Montoya's claims would be properly brought under 42 U.S.C. § 1983.**

Finally, as established above, Montoya's loss of good time credits does not present this court with a basis on which to grant federal habeas corpus relief because he is not eligible for release on mandatory supervision and he has no right to release on parole. "The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement." *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.,* 37 F.3d 166, 168 (5th Cir. 1994) (*citing Spina v. Aaron*, 821 F.2d 1126,

6

1128 (5th Cir. 1987)). "[T]he writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the *fact* of confinement." *Id*, 37 F.3d at 168. Conversely, a "section 1983 action is an appropriate remedy for recovering damages resulting from illegal administrative procedures." *Id.*; *see Richardson v. Fleming*, 651 F.2d 366, 372–76 (5th Cir. 1981). Moreover, when addressing the blurred line between challenges based on confinement and challenges to procedures that affect the release from custody, the Fifth Circuit held that "[i]f 'a favorable determination would not automatically entitle the prisoner to accelerated release,' . . . the proper vehicle is a § 1983 suit." *Carson v. Johnson*, 112 F.3d 818, 820-821 (5th Cir. 1997).

In the instant case, since Montoya is not eligible for release on mandatory supervision and the impact of the loss of good time credits on his release on parole is speculative as he has no right to parole, the "fact or duration" of Montoya's confinement has not been challenged. *See Cook*, 37 F.3d at 168. Rather, he only challenges "the rules, customs, and procedures affecting 'conditions' of confinement," or custody. *See id.* (*citing Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)). The restoration of good time credits in this case would not entitle Montoya to an accelerated release. *Carson*, 112 F.3d at 820-821. Accordingly, Montoya's claims are not cognizable under federal habeas corpus law and Montoya is not entitled to an evidentiary hearing. If Montoya wishes to pursue this matter, he should raise the allegation under 42 U.S.C. § 1983.

## IV.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that the evidentiary hearing be cancelled and Montoya's federal habeas corpus petition be dismissed for lack of jurisdiction.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for
Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

\*Lead Counsel

*STACEY M. GOLDSTEIN
Assistant Attorney General
State Bar No. 24031632

P. O. Box 12548, Capitol Station
Austin, Texas   78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

TO:    David S. Gonzales, III you are hereby notified that the undersigned attorney will bring the foregoing Motion before the Court as soon as the business of the Court will permit.

STACEY M. GOLDSTEIN
Assistant Attorney General

8

## CERTIFICATE OF SERVICE

I, Stacey M. Goldstein, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent's Motion to Cancel Evidentiary the Hearing And Motion to Dismiss for Lack of Jurisdiction With Brief in Support has been served by placing it in the United States Mail, postage prepaid, on this the 27th day of June, 2002, addressed to:

David S. Gonzales, III
Attorney at Law
501 E Tyler Ave
Harlingen, TX 78550

STACEY M. GOLDSTEIN
Assistant Attorney General

# EXHIBIT   A

Slip Copy
(Cite as: 2002 WL 638584 (N.D.Tex.))

Page 2

Only the Westlaw citation is currently available.

United States District Court, N.D. Texas, Dallas Division.

Arthur BROWN, Jr., # 325290, Petitioner,
v.
Janie COCKRELL, Director, Texas Department of Criminal Justice, Institutional Division, Respondent.

**No. 3:01-CV-1090-H.**

April 17, 2002.

*ORDER*

SANDERS, J.

*1 After making an independent review of the pleadings, files and records in this case, and the Findings, Conclusions and Recommendation of the United States Magistrate Judge, I am of the opinion that the findings and conclusions of the Magistrate Judge are correct and they are adopted as the findings and conclusions of the Court.

IT IS, THEREFORE, ORDERED that the findings, conclusions and recommendation of the United States Magistrate Judge are adopted.

*FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court, this case has been referred to the United States magistrate judge. The findings, conclusions and recommendation of the magistrate judge, as evidenced by his signature thereto, are as follows:

*FINDINGS AND CONCLUSIONS:*

*Type of Case:* This is a petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

*Parties:* Petitioner is currently confined at the Michael Unit of the Texas Department of Criminal

Justice--Institutional Division (TDCJ-ID) in Tennessee Colony, Texas. Respondent is the Director of the TDCJ-ID.

*Statement of Case:* On May 20, 1981, following a plea of not guilty, a jury convicted Petitioner of aggravated rape in the 203rd Judicial District Court, Dallas County, Texas, Cause No. F81-3705-P. Punishment was assessed at life imprisonment in the TDCJ-ID. (Pet. at 2 and Respondent's exh. A).

In this action, Petitioner challenges two disciplinary proceedings, No. 20000278149--for possessing a deadly weapon--and No. 20010104801--for extortion of money--which occurred at the Michael Unit on May 19 and December 27, 2000, respectively. (Petition at 5). He received the following punishment as a result of the first disciplinary action: he was placed in solitary confinement; his classification was reduced from S-3 to L-2; he lost forty-five days of recreation and commissary privileges, and he lost 365 days of good-time credits. As a result of the second disciplinary action, Petitioner received the following punishment: his classification was reduced from L-2 to L-3, he lost fifteen days of recreation and commissary privileges, and he lost 100 days of good-time credits.

On February 27, 2001, Petitioner filed a state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging the first disciplinary proceeding. *See Ex parte Brown,* No. 11,906-08, at 2. On June 27, 2001, the Texas Court of Criminal Appeals denied the application without a written order on the findings of the trial court without a hearing. *Id.* at cover. [FN1] Petitioner has exhausted his administrative remedies regarding the second disciplinary proceeding. (*See* Resp.'s Answer at 3 and Exh. D).

FN1. In its findings and conclusions, the state trial court found that Petitioner's claims were not cognizable in a state writ application. *See Ex part* Brager, 704 S.W.2d 46 (Tex.Crim.App.1986) (holding that Court of Criminal Appeals will not entertain claims concerning alleged violations of prison disciplinary procedures).

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

Petitioner raises the following grounds regarding disciplinary Case No. 20000278149:

(a) TDCJ officials deliberately endangered his life when they transferred him to the Michael Unit on February 9, 2000, where one of his known enemies was confined;

*2 (b) The disciplinary hearing officer refused to consider his self defense theory--i.e., that he needed to possess a weapon (1) because his known enemy would be assigned to his cell, thus placing him in imminent danger, and (2) because prison officials had disregarded his plea for assistance;

(c) His placement in administrative segregation because he posed a threat to the safety of other inmates was arbitrary and a pretext to "cover up the plot to get petitioner seriously injured or killed ."

Petitioner raises the following grounds regarding disciplinary Case No. 20010104801:

(a) His free speech rights were violated because he received a disciplinary violation for sending a letter to another inmate asking for an out of court settlement in lieu of a lawsuit;

(b) His due process rights were violated because his case was not investigated; and

(c) He was denied effective assistance of counsel because counsel substitute did not prevent the DHO from relying on the allegedly false investigation report and did not enter the statement of his witness Oscar as evidence. [FN2]

> FN2. Jurisdiction is proper in this Court as well as in the Eastern District of Texas. *See Wadsworth v. Johnson,* 235 F.3d 959, 962-63 (5th Cir.2000).

*Findings and Conclusions:* Federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir.1995). The instant petition does not present a cognizable basis for habeas corpus relief.

Liberally construed, the petition alleges prison officials denied Petitioner due process protection during the disciplinary proceedings at issue. Prisoners charged with rule violations are entitled to

certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impinge upon a liberty interest. In *Sandin v. Conner,* 515 U .S. 472 (1995), the Supreme Court held that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. In Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *See* Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir.2000); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir.1997); *see also Orellana,* 65 F.3d at 31-33; Murphy v. Collins, 26 F.3d 541, 543 & n. 5 (5th Cir.1994).

Petitioner's habeas corpus action is based *inter alia* on his claim that the forfeiture of 465 days of good-time credits, imposed as a result of the disciplinary convictions in this case, implicates the Due Process Clause because it has delayed his release under Texas's mandatory supervision law.

*3 According to the parole laws in effect at the time of Petitioner's conviction, "[a] prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the Board when the calendar time served plus any accrued good conduct time equal the maximum term to which he was sentenced." Tex.Code Crim. Proc. 42.12 § 15(b) and (c) (Vernon 1977). However, a life sentence is not capable of calculation under the mandatory supervision statute. *See Randall v. Cockrell,* 2001 WL 1597829, No. 3:01cv530-X (N.D.Tex. Dec. 11, 2001); *Elliott v. Johnson,* 2001 WL 123984, 3:01 cv1425-R (N.D.Tex. Jan. 16, 2001). The Texas Court of Criminal Appeals recently reached the same conclusion in *Ex parte* Franks, ____ S.W.3d ____, 2001 WL 1636423 (Tex.Crim.App. Dec. 19, 2001) (No. 74,123). It explained: "Under a literal reading of this law, it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." *Id .* at 2. Therefore, Petitioner is not

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

Slip Copy                                                                                          Page 4
(Cite as: 2002 WL 638584 (N.D.Tex.))

eligible for mandatory supervised release on his life
sentence.

Because Petitioner is not entitled to early release or
mandatory supervision, the loss of good-time
credits in his case does not affect the fact or
duration of his sentence and, therefore, does not
deprive him of a liberty interest. [FN3]

> FN3. Respondent contends that Petitioner's
> claim for restoration of good-time credits
> is not cognizable in this habeas corpus
> action because it does not affect the fact
> and duration of his sentence. Relying on
> Orellana v. Kyle, 65 F.3d 29, 31-33 (5th
> Cir.1995), and Carson v. Johnson, 112
> F.3d 818, 821 (5th Cir.1997), she asserts
> the proper vehicle is a civil rights action
> pursuant to 42 U .S.C. § 1983. Orellana
> and Carson are distinguishable from the
> instant case. Neither the complaint in
> Orellana (which challenged parole review
> procedures) nor the habeas petition in
> Carson (which challenged administrative
> segregation confinement) sought speedier
> release from custody, thus affecting the
> fact and duration of the prisoner's
> sentence.
> In this case, Petitioner requests inter alia
> the restoration of lost good- time credits.
> Thus, on its face his petition seeks speedier
> release--a claim clearly cognizable in a
> habeas action under 28 U.S.C. § 2254. See
> In re Cain, 137 F.3d 234, 236 (5th
> Cir.1998) (relying on Preiser v. Rodriguez,
> 411 U.S. 475 (1973), to hold that a
> prisoner may seek redress for the loss of
> good-time credits following a prison
> disciplinary proceeding only through a
> habeas petition). The fact that the petition
> lacks merit because Petitioner is not
> entitled to mandatory supervised release on
> a life sentence is inapposite to whether the
> claim is cognizable in a habeas corpus
> action.

None of the other sanctions, which Petitioner
received for the disciplinary actions in this case,
affect the fact or duration of his sentence, thus
depriving him of a liberty interest. Commissary and
recreation restrictions do not implicate a protected

liberty interest because they do not impose a
significant or atypical hardship on the inmate in
relation to the ordinary incidents of prison life.
Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir.2000);
Madison v. Parker, 104 F.3d 765, 768 (5th
Cir.1997). Similarly the change in Petitioner's
custodial status, which affects his earning of good-
time credits, does not deprive him of a protected
liberty interest. As noted above, Petitioner is not
entitled to mandatory supervision. Therefore, any
change in his good-time earning status does not
affect a protected liberty interest. Even if mandatory
supervised release eligible, the Fifth Circuit has
held that the effect of a change in a prisoner's
good-time earning status on the timing of his release
on mandatory supervision was too speculative to
afford him a constitutionally cognizable "right" to a
particular time-earning status. Malchi, 211 F.3d at
959.

Nor does Petitioner's long-term assignment to
administrative segregation--now totaling almost
twenty-two months--deprive him of a protected
liberty interest. [FN4] In Sandin v. Conner, 515
U.S. 472, 486 (1995), the Supreme Court concluded
that "segregated confinement did not present the
type of atypical, significant deprivation in which a
state might conceivably create a liberty interest."
On the basis of Sandin, the Fifth Circuit has found
that " 'administrative segregation, without more,
simply does not constitute a deprivation of a
constitutionally cognizable liberty interest." '
Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir.1996)
(quoting Luken v. Scott, 71 F.3d 192, 193 (1995))
(addressing claim that confinement in
administrative segregation violated prisoner's due
process rights). The Fifth Circuit has also rejected a
state prisoner's claim that the additional restrictions
imposed on those in administrative segregation
violated his due process rights. Martin v. Scott, 156
F.3d 578, 580 (5th Cir.1998) (per curiam). It stated
" 'absent extraordinary circumstances,
administrative segregation as such, being an
incident to the ordinary life of a prisoner, will never
be a ground for constitutional claim because it
simply does not constitute a deprivation of a
constitutionally cognizable liberty interest." ' Id. at
580 (quotation omitted). Petitioner's contentions
that (1) he is confined to his cell twenty- three hours
per day, (2) he is not allowed to possess hygiene
items such as a deodorant, lotion or hair
conditioner, (3) he is denied the right to possess his
personal property except for legal materials, and (4)

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

Slip Copy
(Cite as: 2002 WL 638584 (N.D.Tex.))

he is denied access to general library material and educational, vocational and rehabilitative programs ( *see* Petitioner's Memorandum of Law in support of petition at 11, and Supplemental Reply at 4), do not present extraordinary circumstances sufficient to create a protected liberty interest. [FN5]

> FN4. Petitioner concedes that TDCJ-ID reviews his assignment to administrative segregation every six months. A determination is then made as to whether his continued segregation is justified. *See, e.g. Ruiz v. Estelle*, 503 F.Supp. 1265, 1364 (S.D.Tex.1980) (discussing periodic review of reasons for confining inmates in administrative segregation).

> FN5. To the extent Petitioner relies on *Ruiz v. Johnson*, 37 F.Supp.2d 855, 913 (S.D.Tex.1999), to assert that his long-term assignment to administrative segregation creates an atypical and significant hardship, his contention is unpersuasive. *Ruiz* held that "the extreme deprivations and repressive conditions of confinement in the TDCJ's administrative segregation units violated the prohibition against cruel and unusual punishment contained in the Eighth Amendment to the U.S. Constitution, as to the plaintiff class generally and to the subclass of mentally ill inmates housed in such confinement." *Ruiz v. Johnson*, 154 F.Supp.2d 975, 985 (S.D.Tex.2001). Contrary to Petitioner's assertion, *Ruiz* did not address the due process claim at issue in this case.

*4 Moreover, as a prisoner, Petitioner does not have a "protectable property or liberty interest in custodial classifications." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999); *see also Mikeska v. Collins*, 900 F.2d 833, 836 (5th Cir.1990), *withdrawn and superseded on reh'g but reinstated for cited proposition*, 928 F.2d 126 (1991). Such classifications are generally within the broad discretion of prison officials and courts do not interfere except in extreme circumstances, none of which are present in Plaintiff's complaint. *Mikeska*, 900 F.3d at 836.

Because none of the sanctions, which Petitioner received for the disciplinary convictions in this case, deprived him of a protected liberty interest, he was not entitled to due process protection in the course of the disciplinary proceedings. Therefore, the petition does not present a cognizable basis for habeas relief and should be denied.

Insofar as Petitioner contends that he received ineffective assistance of counsel during the disciplinary proceeding, this claim also fails to state a claim for habeas relief. A prison inmate does not have a federal constitutional right to either appointed or retained counsel at prison disciplinary hearings that are not part of a criminal prosecution. *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976); *Enriquez v. Mitchell*, 533 F.2d 275, 276 (5th Cir.1976).

*RECOMMENDATION:*

For the foregoing reasons, it is recommended that the District Court deny the petition for a writ of habeas corpus.

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

*NOTICE*

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir.1996) (*en banc* ), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

2002 WL 638584 (N.D.Tex.)

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works