IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**JUL 1 9 2002**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| *SANTOS MONTOYA,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. B-01-205 |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF* | § | |
| *CRIMINAL JUSTICE,* | § | |
| *INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

**RESPONDENT COCKRELL'S OBJECTIONS TO THE MAGISTRATE JUDGE'S
ORDER DENYING RESPONDENT'S MOTION TO CANCEL
THE EVIDENTIARY HEARING AND MOTION TO DISMISS FOR LACK OF
JURISDICTION WITH BRIEF IN SUPPORT[1]**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Respondent, Janie Cockrell, Director ("the Director"), Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"), by and through her attorney, the Attorney General of Texas, and files this her Objections to the Magistrate Judge's Order Denying Respondent's Motion to Cancel the Evidentiary Hearing and Dismiss for Lack of Jurisdiction with Brief in Support. In support thereof, the Director would respectfully show the court the following:

**I.**

**BACKGROUND**

Texas State prisoner, Santos Montoya ("Montoya"), filed a federal petition for habeas

---

[1] The undersigned has construed the Magistrate Judge's Order, "ORDER," July 9, 2002 (filed July 10, 2002), denying Respondent's Motion to Cancel Evidentiary Hearing and Motion to Dismiss for Lack of Jurisdiction With Brief in Support, as the equivalent of a Magistrate Judge's Report and Recommendation, *see* 28 U.S.C. § 636(b)(1) (West 2002); FED. R. CIV. PRO. 72(b) (West 2002); *compare with* FED. R. CIV. PRO. 72(a) (West 2002), thus under 28 U.S.C. § 636(b)(1)(C), the Director is timely filing her Objections. 28 U.S.C. § 636(b)(1)(C) (West 2002); *see also* FED. R. CIV. PRO. 6(a) (West 2002).

corpus relief on November 11, 2001. However, Montoya's claims are not cognizable under federal habeas corpus law and are, in reality, claims that should be brought under Title 42, United States Code, Section 1983. On March 8, 2002 the Director filed a Motion for Summary Judgment with Brief in Support wherein she moved to have Montoya's writ of habeas corpus dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). Respondent's Motion for Summary Judgment at 1-13. On June 12, 2002, the Honorable United States Magistrate Judge set an evidentiary hearing for August 8, 2002 at 2:00 p.m. to determine whether Montoya is entitled to the restoration of good time credits.[2] *See* "ORDER," June 12, 2002 (filed June 13, 2002). On July 1, 2002, Respondent filed a motion to cancel the evidentiary hearing and dismiss for lack of jurisdiction. Respondent's Motion to Cancel Evidentiary Hearing and Motion to Dismiss for Lack of Jurisdiction, at 1-7. On July 9, 2002, the Honorable Magistrate Judge denied this motion. *See* "ORDER," July 9, 2002 (filed July 10, 2002).

## II.

## RESPONDENT'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER DENYING RESPONDENT'S MOTION TO CANCEL THE EVIDENTIARY HEARING AND FAILURE TO DISMISS FOR LACK OF JURISDICTION

For the reasons set out below, the Director objects to this court's failure to dismiss Montoya's claims for failure to state a claim for which federal habeas corpus relief can be granted. Again, the Director respectfully requests that this court find that Montoya is not entitled to an evidentiary hearing on the issue of whether he is entitled to the restoration of good time credits because this court lacks jurisdiction, and therefore, cannot grant the Petitioner relief under federal habeas corpus law.

---

[2] Montoya incurred the loss of good time credits in the following disciplinary cases: (1) 2000144473, (2) 20000149580, (3) 20000160050, (4) 20000229898, and (5) 20000260865.

2

A.     **The record establishes that Montoya's claim is time-barred under 28 U.S.C. § 2244(d) of the AEDPA.**

In his federal petition for habeas corpus relief, Montoya challenges the punishment assessed by the hearing officer in eleven disciplinary cases. *See* Fed. Writ Pet., at 7, including attached pages; Respondent's Motion for Summary Judgment at 2-13. However, the record clearly establishes that each disciplinary case challenged by Montoya is barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d). *See* Respondent's Motion for Summary Judgment at 7-13. Therefore, in the interest of judicial economy, an evidentiary hearing to determine whether Montoya is entitled to the restoration of good time credits is not warranted.

B.     **Additionally, Montoya's claim is not cognizable under federal habeas corpus review.**

i.     **Montoya is not eligible for release on mandatory supervision.**

Montoya is not eligible to be released on mandatory supervision due his underlying conviction for murder with a deadly weapon; therefore, Montoya's loss of good time credits does not provide a claim for which habeas corpus relief can be granted. "The Texas Code of Criminal Procedure article, 42.18 § 8(c) provides that 'a prisoner who is not on parole shall be released to mandatory supervision' when his calendar time plus accrued good-conduct time equals the maximum term to which he was sentenced." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The Fifth Circuit has held that "there is a constitutional expectancy of early release created by Texas's mandatory supervision scheme . . ." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000); *see also Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S. Ct. 2963, 2975 (1974) (stating "the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required

3

by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated."). "When a state creates a right to good time credit and recognizes that its revocation is an authorized sanction for misconduct, a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty concerns.'" *Madison*, 104 F.3d at 768.  However, "[i]n Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose a liberty interest." *Brown v. Cockrell*, No. 3:01-CV-1090-H, 2002 WL 638584 *2 (N.D. Tex. April 17, 2002)[3] (citing *Malchi*, 211 F.3d at 957-58; *Madison*, 104 F.3d at 768; *Orellana v. Kyle*, 65 F.3d 29, 31-33 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736 (1996); *Murphy v. Collins*, 26 F.3d 541, 543 & n. 5 (5th Cir.1994)).

With regard to Montoya, the applicable mandatory supervision statute provides:

> [a] prisoner may not be released to mandatory supervision if
> the prisoner is serving a sentence for an offense and the
> judgment for the offense contains an affirmative finding
> under Subdivision (2), Subsection (a), Section 3g, Article
> 42.12, of this code or if the prisoner is serving a sentence
> for:
> (1) a first degree felony under Section 19.02, Penal Code (Murder);
> . . .

TEX. CODE. CRIM. PRO. ANN. art. 42.18 § 8(c) (Vernon 1990).

On March 26, 1999, Montoya was sentenced to eighty-five years imprisonment for the first-degree felony offense of murder with a deadly weapon in violation of Section 19.02 of the Texas Penal Code. Respondent's Motion for Summary Judgment at 1, Exhibit A. As a result, the nature of Montoya's conviction precludes him for ever being eligible for release on mandatory supervision. *See* TEX. CODE. CRIM. PRO. ANN. Art. 42.18 § 8(c) (Vernon

---

[3] Since only the Westlaw citation is currently available to cite the slip copy, the undersigned has attached a copy for the court's convenience as "Exhibit A."

4

Supp. 1990). Therefore, Montoya has no liberty interest in his good time credits that would entitle him to federal habeas corpus relief; thus, his petition must be dismissed.

### ii.   Montoya has no right to parole in Texas due to the fact that in Texas the  possibility that he will obtain release on parole is speculative.

Furthermore, the loss of good time credits in no way adversely affects Montoya's ability to obtain parole. In *Sandin v. Conner*, the Supreme Court, recognizing that a decision to release an inmate on parole rests on a "myriad of considerations," held that "[t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke procedural guarantees of the Due Process Clause." 515 U.S. 472, 487, 115 S. Ct. 2293, 2302 (1995). "Discipline by prison officials in response to a wide range misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id.* at 485, 115 S. Ct. at 2301. However, the Court recognized that "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Id.* at 483-484, 115 S. Ct. at 2300. The Court limited such interests to those "limited from freedom of restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process of its own force, . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Id.* at 484, 115 S. Ct. at 2300. "The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Id.* at 478, 115 S. Ct. at 2297 (citing *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532, 2538 (1976)). Ultimately, the court found that the placement of a prisoner in administrative segregation did not violate the Due Process Clause because no liberty interest had been implicated. *Id.* at 486, 115 S. Ct. at 2301.

Moreover, in *Madison v. Parker*, the Fifth Circuit stated that "[i]n Texas, it is entirely speculative whether an inmate will actually obtain parole, inasmuch as there is no right to be released on parole . . . In fact, we have held that there is no constitutional right to expectancy

5

of parole in Texas." 104 F.3d at 768; *see also Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995) (internal citations omitted). Because an inmate has no liberty interest in obtaining parole, an inmate "cannot complain about the constitutionality of procedural devices attendant in parole procedures." *Orellana,* 65 F.3d at 32. In *Madison,* the court held thirty-day commissary and cell restrictions were "merely changes in the conditions . . . [in petitioner's] confinement and do not implicate due process concerns." 104 F.3d at 768.

In *Malchi,* the court found that time earning status and custodial classifications are attenuated to release on parole and are "too speculative to afford . . . a constitutionally cognizable claim to the 'right' to a particular time earning status, which right the Texas legislature has specifically denied creating." 211 F.3d at 959. Moreover, "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of . . . [petitioner's] custodial status . . . [and] such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (internal citations omitted).

The restoration of Montoya's good time credits does not state a cognizable claim for federal habeas corpus relief. *See Carson v. Johnson,* 112 F.3d 818, 820-821 (5th Cir. 1997); *see also Malchi,* 211 F.3d at 953, *Orellana,* 65 F.3d at 31. It is entirely speculative as to whether Montoya will ever be released on parole due to the fact that an inmate in Texas has no constitutional right to parole. *See Madison,* 104 F.3d at 768. Moreover, a finding of misconduct on Montoya's prison record when determining his eligibility for parole is too attenuated to invoke the protections afforded under the Due Process Clause. *See Sandin,* 515 U.S. at 487, 115 S. Ct. at 2302.

### iii.    Montoya's claim would be properly brought under 42 U.S.C. § 1983.

Finally, as established above, Montoya's loss of good time credits does not present this court with a basis on which to grant federal habeas corpus relief because he is not eligible

6

for release on mandatory supervision and he has no right to release on parole. "The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement." *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.,* 37 F.3d 166, 168 (5th Cir. 1994) (*citing Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)). "[T]he writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the *fact* of confinement." *Id*, 37 F.3d at 168. Conversely, a "section 1983 action is an appropriate remedy for recovering damages resulting from illegal administrative procedures." *Id.*; *see Richardson v. Fleming*, 651 F.2d 366, 372–76 (5th Cir. 1981). Moreover, when addressing the blurred line between challenges based on confinement and challenges to procedures that affect the release from custody, the Fifth Circuit held that "[i]f 'a favorable determination would not automatically entitle the prisoner to accelerated release,' . . . the proper vehicle is a § 1983 suit." *Carson*, 112 F.3d at 820-821.

In the instant case, since Montoya is not eligible for release on mandatory supervision and the impact of the loss of good time credits on his release on parole is speculative as he has no right to parole, the "fact or duration" of Montoya's confinement has not been challenged. *See Cook*, 37 F.3d at 168. Rather, he only challenges "the rules, customs, and procedures affecting 'conditions' of confinement," or custody. *Id.* (*citing Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)). The restoration of good time credits in this case would not entitle Montoya to an accelerated release. *Carson*, 112 F.3d at 820-821. Accordingly, Montoya's claims are not cognizable under federal habeas corpus law and Montoya is not entitled to an evidentiary hearing. If Montoya wishes to pursue this matter, he should raise this allegation under 42 U.S.C. § 1983.

## III.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that the evidentiary hearing be cancelled and Montoya's federal habeas corpus petition be dismissed.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for
Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

STACEY M. GOLDSTEIN*
*Lead Counsel                Assistant Attorney General
State Bar No. 24031632

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

8

## NOTICE OF SUBMISSION

TO:    David S. Gonzales, III you are hereby notified that the undersigned attorney will bring the foregoing Motion before the Court as soon as the business of the Court will permit.

STACEY M. GOLDSTEIN
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Stacey M. Goldstein, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Objections to the Magistrate Judge's Denial of Respondent's Motion to Cancel Evidentiary the Hearing And Motion to Dismiss for Lack of Jurisdiction With Brief in Support has been served by placing it in the United States Mail, postage prepaid, on this the 18th day of July, 2002, addressed to:

David S. Gonzales, III
Attorney at Law
501 E Tyler Ave
Harlingen, TX 78550

STACEY M. GOLDSTEIN
Assistant Attorney General

9