United States District Court
Southern District of Texas
ENTERED

AUG 2 0 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

SANTOS MONTOYA,                    §
Petitioner,                        §
                                   §
v.                                 §
                                   §          CIVIL ACTION NO. B-01-205
                                   §
JANIE COCKRELL, DIRECTOR,          §
TEXAS DEPARTMENT OF CRIMINAL       §
JUSTICE, INSTITUTIONAL DIVISION,   §
Respondent.                        §

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Respondent Cockrell's Motion for Summary Judgment (Doc. #4).

For the following reasons, it is recommended that said motion be DENIED.

## BACKGROUND

The Director of the Texas Department of Criminal Justice, Institutional Division has

lawful custody of Petitioner Santos Montoya pursuant to a judgment and sentence in the 138th

Judicial District Court of Cameron County, Texas, in cause number 90-CR-68-B. Petitioner

pleaded not guilty to the first-degree felony offense of murder with a deadly weapon. On March

26, 1990, the trial court found Montoya guilty and punishment was assessed at eighty-five years

imprisonment.

The Director also has lawful custody of Montoya pursuant to a fifteen year sentence

assessed on November 17, 1989, after pleading guilty to the felony offense of possession of

marijuana in the 138th Judicial District Court of Cameron County, Texas, in cause number 89-

CR-911-B. Petitioner Montoya has brought this 28 U.S.C. Section 2254 proceeding, but he is

not challenging the validity of his convictions. Rather, Petitioner is challenging the legality of

prison disciplinary hearings.

1

In disciplinary case number 20000131974, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On December 31, 1999, as a result of this disciplinary case, Montoya received seven days commissary restriction. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance, appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000144473, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On January 12, 2000, as a result of this disciplinary case, Montoya received thirty days cell restriction, thirty days commissary restriction, and suspended contact visitation. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000149568, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On January 20, 2000, as a result of this disciplinary case, Montoya's line class was reduced from S3 to S4, and he received a verbal reprimand. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000149580, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On January 20, 2000, as a result of this disciplinary case, Montoya's

2

punishment was assessed at a loss of fifteen days of good time, a line class reduction from S4 to L1, and a twenty day commissary restriction was imposed. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000137804, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On January 23, 2000, as a result of this disciplinary case, Montoya received seven days commissary restriction, and a verbal reprimand. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000137808, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On January 23, 2000, as a result of this disciplinary case, Montoya received fifteen days commissary restriction, and a verbal reprimand. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000137811, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On January 23, 2000, as a result of this disciplinary case, Montoya received thirty days cell restriction. On October 17, 2000, Montoya filed a step one grievance

appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000160050, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On January 28, 2000, as a result of this disciplinary case, Montoya's punishment was assessed at a loss of forty-five days of good time, thirty days special cell restriction, thirty days commissary restriction, thirty days property restriction, and thirty days recreation restriction. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000160064, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On January 28, 2000, as a result of this disciplinary case, Montoya's line class was reduced from L1 to L2, and he received five days commissary restriction. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000229898, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On April 5, 2000, as a result of this disciplinary case, Montoya's punishment was assessed at a loss of ninety days of good time, his line class was reduced from L2 to L3, and he received thirty days special cell restriction, thirty days commissary restriction, thirty days property restriction, and thirty days recreation restriction. On April 17, 2000,

4

Montoya filed a step one grievance appealing the disciplinary proceeding. On May 16, 2000, Montoya's step one grievance was denied. On May 22, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On June 5, 2000, Montoya's step two grievance was denied. On October 17, 2000, Montoya filed a second step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000260865, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On May 3, 2000, as a result of this disciplinary case, Montoya's punishment was assessed at a loss of 120 days of good time, and he received thirty days special cell restriction, thirty days commissary restriction, thirty days property restriction, and thirty days recreation restriction. On May 5, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On June 2, 2000, Montoya's step one grievance was denied. On June 12, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On June 22, 2000, Montoya's step two grievance was denied. On October 17, 2000, Montoya filed a second step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

After Petitioner Santos' disciplinary hearings, he was allowed to see a doctor. The doctor diagnosed Santos with chronic lymphedema. Petitioner claims that his severe medical condition was the reason that he refused to work. Santos has brought a 28 U.S.C. § 2254 petition. Currently, this Court has narrowed said petition to determine only whether Santos is eligible to

5

have his good time credits restored.

## ANALYSIS

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be granted upon a finding that there exists "no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."[1]  In deciding a Motion for Summary Judgment, the Court is not to weigh the evidence in an effort to determine the truth of the matter, but rather, the Court's function is to determine if there exists a genuine issue for trial.[2]

Respondent Cockrell has filed a Motion for Summary Judgment and a Motion to Dismiss for Lack of Jurisdiction.  The Court has set an evidentiary hearing for September 16, 2002, on this matter.  At the hearing, the Court will entertain arguments from attorneys for the Petitioner and the Government.  A key issue, which will be briefed in more detail at the evidentiary hearing, is whether the Petitioner is time barred from bringing his claims in federal court.

Currently, there is a genuine issue of material fact, and this case should not be dismissed on summary judgment.  Therefore, Respondent's Motion for Summary Judgment should be denied.  However, the Court is concerned with whether the Petitioner is time barred, and will hear arguments on this matter at the September 16, 2002 evidentiary hearing.  The Government should be given the option to re-urge their Summary Judgment motion after the evidentiary hearing.  Therefore, Respondent's Motion should be DENIED WITHOUT PREJUDICE.

## RECOMMENDATION

For the reasons stated above, it is recommended that Respondent's Motion for Summary Judgment (Doc. # 4) be DENIED WITHOUT PREJUDICE.

---

[1] Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

[2] See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

6

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[3]

DONE at Brownsville, Texas, this _____ day of August, 2002.

Felix Recio
United States Magistrate Judge

---

[3] Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).