24

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 3 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| SANTOS MONTOYA, | § |
| Petitioner, | § |
| | § |
| v. | § |
| | § |
| JANIE COCKRELL, DIRECTOR, | § |
| TEXAS DEPARTMENT OF | § |
| CRIMINAL JUSTICE, | § |
| INSTITUTIONAL DIVISION, | § |
| Respondent. | § |

CIVIL ACTION NO. B-01-205

## RESPONDENT COCKRELL'S MOTION TO CANCEL THE SECOND EVIDENTIARY HEARING AND SECOND MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Respondent, Janie Cockrell, Director ("the Director"), Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"), by and through her attorney, the Attorney General of Texas, and files this her Motion to Cancel the Second Evidentiary Hearing and Second Motion for Summary Judgment with Brief in Support.

## I.

## JURISDICTION

Based on the following reasons, pursuant to Title 28, United States Code, Sections 2254 and 2241, this court lacks jurisdiction over the subject matter and the party in this case.

## II.

## PROCEDURAL HISTORY

Although filed as a federal habeas corpus case under 28 U.S.C. §§ 2241, 2254 on November 11, 2001, this is, in reality, a civil rights case brought by a Texas state prisoner, Santos Montoya ("Montoya").

On March 8, 2002 the Director filed a Motion for Summary Judgment with Brief in Support wherein she moved to have Montoya's writ of habeas corpus dismissed with

prejudice as time-barred under 28 U.S.C. § 2244(d). Respondent's Motion for Summary Judgment with Brief in Support, March 6, 2002 (filed March 8, 2002), at 1-13. On June 12, 2002, the Honorable United States Magistrate Judge set an evidentiary hearing for August 8, 2002 at 2:00 p.m. to determine whether Montoya is entitled to the restoration of good time credits.[1] *See* "ORDER," June 12, 2002 (filed June 13, 2002).

On July 1, 2002, Respondent filed a motion to cancel the evidentiary hearing and dismiss for lack of jurisdiction. Respondent's Motion to Cancel Evidentiary Hearing and Motion to Dismiss for Lack of Jurisdiction, June 27, 2002 (filed July 1, 2002), at 1-7. On July 9, 2002, the Honorable Magistrate Judge denied this motion. *See* "ORDER," July 9, 2002 (filed July 10, 2002). As a result, on July 19, 2002, the Director timely filed her objections to the magistrate's denial of Respondent's motion to cancel the evidentiary hearing. Respondent Cockrell's Objections to the Magistrate Judge's Denial of Respondent's Motion to Cancel the Evidentiary Hearing and Motion to Dismiss for Lack of Jurisdiction with Brief in Support, July 18, 2002 (filed July 19, 2002).

On August 8, 2002 at 2:00 p.m., the Director, by and through her attorney, the Attorney General of Texas, appeared before the Honorable Magistrate Judge Recio. On the same day, the Magistrate Judge ordered the Director to advise the court on whether respondent would consent to proceed before the Honorable Magistrate Judge. *See* 28 U.S.C. § 636(b)(1) (West 2002). On August 13, 2002, Respondent filed an advisory with the court wherein she withheld her consent to proceed before the Magistrate Judge. Respondent's Advisory to the Court, August 9, 2002 (filed August 13, 2002).

Thereafter, on August 15, 2002, the magistrate judge set a second evidentiary hearing for September 16, 2002 at 8:30 a.m. and ordered the Division Chief of the Habeas Corpus Division of the Office of the Attorney General, S. Michael Bozarth, to appear. *See*

---

[1] Montoya incurred the loss of good time credits in the following disciplinary cases: (1) 20000149580, (2) 20000160050, (3) 20000229898, and (4) 20000260865.

"ORDER," August 15, 2002 (filed August 15, 2002). On August 20, 2002, the magistrate judge issued a report and recommendation wherein he denied Respondent's Motion for Summary Judgment finding that there is genuine issue of material fact as to whether or not the Petitioner is barred by the statute of limitations. Magistrate Judge's Report and Recommendation, August 20, 2002 (filed August 20, 2002). The magistrate judge stated that "[a] key issue, which will briefed in more detail at the evidentiary hearing [scheduled for September 16, 2002], is whether the Petitioner is time barred from bringing his claims in federal court. Magistrate Judge's Report and Recommendation, August 20, 2002 (filed August 20, 2002), at 6.[2] Lastly, on August 22, 2002, this court issued an order granting the Petitioner's motion for a continuance and re-scheduled the secondary evidentiary hearing for September 25, 2002 at 2:00 p.m. *See* "ORDER," August 22, 2002 (filed August 22, 2002).

## III.

## STATE COURT RECORDS

In addition to the other records previously filed in this case, the Director is simultaneously forwarding copies of Montoya's state applications for habeas corpus relief, *Ex parte Montoya*, Application Nos. 34,306-01, -02, -02, -04, under separate cover.

## IV.

### RESPONDENT COCKRELL'S MOTION TO CANCEL THE SECOND EVIDENTIARY HEARING AND SECOND MOTION FOR SUMMARY JUDGEMENT WITH BRIEF IN SUPPORT

For the reasons set out below, there are no disputed issues of material fact which require a second evidentiary hearing with regard to this cause. First, the witnesses ordered

---

[2] In his report and recommendation, the court reiterated its decision to limit review of Montoya's federal petition to the issue of whether he eligible to have his time credits restored. Magistrate Judge's Report and Recommendation, August 20, 2002 (filed August 20, 2002), at 5. As a result, the Director has limited her discussion of the issues addressed in this motion to those disciplinary cases where Montoya lost good time credits. *See also* text accompanying note 1 *supra*.

to appear before this court, Keith Clendennen and Susan L. Shumacher, have signed affidavits providing that they have no information which would aid the court in resolving the contested issues to be addressed at the evidentiary hearing. Second, Montoya's claims concerning the restoration of good time credit do not state a cognizable basis for federal habeas corpus relief because the nature of Montya's underlying conviction, murder with a deadly weapon, precludes him from ever being eligible for mandatory supervised release; as a result, he has no liberty interest in his good time credits. Third, since inmates in Texas have no right to release on parole and therefore no liberty interest in parole, the loss of good time credits in no way affects Montoya's eligibility towards release on parole. Thus, the record establishes that Montoya has failed to state a claim for which this court can grant federal habeas corpus relief. Furthermore, Montoya's claims are barred by the statute of limitations under 28 U.S.C. 2244(d) of the AEDPA. Finally, with regard to each disciplinary case where Montoya lost good time credits, his due process rights were not violated and there was sufficient evidence in each case to support the hearing officer's finding of guilt.

The Director respectfully requests that the court cancel the second evidentiary hearing and dismiss Montoya's federal habeas corpus petition for failing to state a claim for which federal habeas corpus relief can be granted. Alternatively, the Director respectfully requests that his petition be dismissed as time-barred under 28 U.S.C. 2244(d). Moreover, in the event that this court denies the fact that Montoya has no liberty interest in the restoration of his good time credits and denies the time-bar, the Director requests that Montoya's petition be dismissed with prejudice on its merits. Lastly, in the interest of judicial economy, the Director requests that any issues which the court deems to be relevant and unresolved be dealt with accordingly through a scheduled conference call.

**A.    Keith Clendennen and Susan L. Shumacher have no pertinent information with regard to the claims now before the court.**

In addition to following arguments urging this court to dismiss Montoya's federal petition, the Director would like to inform the court that both Keith Clendennen and Susan L. Shumacher do not possess any information which would aid the court with the resolution of this case. Exhibit A; Exhibit B.[3] Both individuals ordered by the court to appear at the second evidentiary hearing have signed a sworn affidavit providing that they have no personal knowledge of the facts and/or investigation concerning disciplinary case numbers 20000149580, 20000160050, 20000229898, and 20000260865 and grievance case numbers 2000099750, 2000108595, and 2001030779. Exhibit A; Exhibit B. Based on the fact that these witnesses can offer no information towards the resolution of the contested issues before this court, their presence at the second evidentiary hearing would yield no more relevant information than that now before this court. Therefore, the Director respectfully requests that the second evidentiary hearing be cancelled.

**B.    Montoya's claims are not cognizable under federal habeas corpus law.**

**1.    Under Texas law Montoya is not eligible for release on mandatory supervision; therefore, he has no liberty interest in the restoration of good time credits.**

Under Texas law Montoya is not eligible to be released on mandatory supervision due his underlying conviction for murder with a deadly weapon. As a result, Montoya's loss of good time credits in disciplinary cases 20000149580, 20000160050, 20000229898, and 20000260865 does not provide a basis for which habeas corpus relief can be granted.

"The Texas Code of Criminal Procedure article, 42.18 § 8(c) provides that 'a prisoner who is not on parole shall be released to mandatory supervision' when his calendar time plus

---

[3] The undersigned has attached an affidavit from Susan L. Shumacher hereto as "Exhibit A." The undersigned has also attached an affidavit from Keith Clendennen hereto as "Exhibit B."

accrued good-conduct time equals the maximum term to which he was sentenced." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The Fifth Circuit has held that "there is a constitutional expectancy of early release created by Texas's mandatory supervision scheme . . ." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000); *see also Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S. Ct. 2963, 2975 (1974) (stating "the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated."). "When a state creates a right to good time credit and recognizes that its revocation is an authorized sanction for misconduct, a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty concerns.'" *Madison*, 104 F.3d at 768.

On March 26, 1990, Montoya was found guilty of the first degree felony offense of the murder of Maria De Lourdes with a deadly weapon in violation of Section 19.02(a) of the Texas Penal Code. *Ex parte Montoya*, Application No. 24,306-01, at 23-35, 65-80, 89, 90-94, 97. On March 26, 1990, the jury assessed his punishment at eight-five years imprisonment. *Id.* at 86, 89, 90-94. As a result, the nature of Montoya's conviction precludes him for ever being eligible for release on mandatory supervision. *See* TEX. CODE. CRIM. PRO. ANN. Art. 42.18 § 8(c) (Vernon Supp.1990). The mandatory supervision statute in effect when Montoya committed murder with a deadly weapon provides in pertinent part:

> [a] prisoner may not be released to mandatory supervision
> if the prisoner is serving a sentence for an offense and the
> judgment for the offense contains an affirmative finding
> under Subdivision (2), Subsection (a), Section 3g, Article
> 42.12, of this code or if the prisoner is serving a sentence
> for:
> (1) a first degree felony under Section 19.02, Penal Code
> (Murder); . . .

6

TEX. CODE. CRIM. PRO. ANN. Art. 42.18 § 8(c) (Vernon Supp.1990) (effective September 1, 1987)[4] (currently codified at TEX. GOV'T CODE ANN. §508.154) (Vernon 2002); *see also Malchi*, 211 F.3d at 958, n.6.

Additionally, under Section 8(c) of Article 42.18 of the Texas Code of Criminal Procedure, Montoya is also precluded from ever being released on mandatory supervision due to the fact that there was an affirmative finding of the use of a deadly weapon with regard to his conviction for murder.[5] *Ex parte Montoya*, Application No. 24,306-01, at 15, 71, 79

A petitioner is not entitled to federal habeas corpus relief "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United

---

[4] The historical and statutory notes to Section 18(c) of Article 42.18 of the Texas Code of Criminal Procedure which relate to Section 8(c) of Article 42.18 of the Texas Code of Criminal Procedure provide "[t]he change in law made by Section 7 of this Act to Section 8(c), Article 42.18, Code of Criminal Procedure, as added by Section 2, Chapter 427, Acts of the 69th Legislature, Regular Session, 1985, and amended by Chapter 8, Acts of the 69th Legislature, 3rd Called Session, 1986, effective September 1, 1987, *applies to a defendant's eligibility for release on mandatory supervision only if the defendant is sentenced for an offense committed on or after the effective date of this Act.*" (Vernon Supp. 1990) (emphasis added).

[5] Section 3(g)(2)(a) of Article 42.12 of the Texas Code of Criminal Procedure provides: "to a defendant when it is shown that the defendant used or exhibited a deadly weapon as defined in Section 1.07(a)(11), Penal Code, during the commission of a felony offense or during immediate flight therefrom. Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court. Upon an affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, the court shall enter that finding in its judgment." (Vernon Supp. 1990). As defined in Section 1.07(a)(11) of the Texas Penal Code, deadly weapon means: "(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." (Vernon Supp. 1990).

States Constitution or the laws of the United States." *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736 (1996). Since the Texas legislature has specifically excluded Montoya from being eligible for release on mandatory supervision, it necessarily follows that he has no liberty interest in his good time credits. As a result, his claims for the restoration of good time credits do not provide a basis for federal habeas corpus relief can be granted; therefore his petition must be dismissed. *Madison,* 104 F.3d at 768 (acknowledging that under 42.18 § 8(c) certain inmates are not eligible for release to mandatory supervision and holding that, if on remand the district court finds that the petitioner is not eligible for mandatory supervision, the court may reinstate the dismissal of the petitioner's writ for habeas corpus relief because the petitioner would not be entitled to procedural due process as required by *Wolff*); *see also Malchi,* 211 F.3d at 957-58.

### 2.   Montoya has no right to parole in the State of Texas.

Furthermore, the loss of good time credits in no way adversely affects Montoya's ability to obtain release on parole. In *Sandin v. Conner*, the Supreme Court, recognizing that a decision to release an inmate on parole rests on a "myriad of considerations," held that "[t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke procedural guarantees of the Due Process Clause." 515 U.S. 472, 487, 115 S. Ct. 2293, 2302 (1995). "Discipline by prison officials in response to a wide range misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id.* at 485, 115 S. Ct. at 2301. However, the Court recognized that "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Id.* at 483-484, 115 S. Ct. at 2300. The Court limited such interests to those "limited from freedom of restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process of its own force, . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Id.* at 484, 115 S. Ct. at 2300. "The Due Process Clause does not protect every change

8

in the conditions of confinement having a substantial adverse impact on the prisoner." *Id.* at 478, 115 S. Ct. at 2297 (citing *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532, 2538 (1976)). Ultimately, the court found that the placement of a prisoner in administrative segregation did not violate the Due Process Clause because no liberty interest had been implicated. *Id.* at 486, 115 S. Ct. at 2301.

Moreover, in *Madison*, the Fifth Circuit stated that "[i]n Texas, it is entirely speculative whether an inmate will actually obtain parole, inasmuch as there is no right to be released on parole . . . In fact, we have held that there is no constitutional right to expectancy of parole in Texas. 104 F.3d at 768; *see also Allison v. Kyle*, 66 F.3d 71, 73-74 (5th Cir. 1995) (internal citations omitted). Because an inmate has no liberty interest in obtaining parole, an inmate "cannot complain about the constitutionality of procedural devices attendant in parole procedures." *Orellana*, 65 F.3d at 32. In *Madison*, the court held thirty-day commissary and cell restrictions were " merely changes in the conditions . . . [in petitioner's] confinement and do not implicate due process concerns." 104 F.3d at 768.

In *Malchi*, the court found that time earning status and custodial classifications are attenuated to release on parole and are "too speculative to afford . . . a constitutionally cognizable claim to the 'right' to a particular time earning status, which right the Texas legislature has specifically denied creating." 211 F.3d at 959. Moreover, "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of . . . [petitioner's] custodial status . . . [and] such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (internal citations omitted).

With regard to Montoya's eligibility to obtain parole, the restoration of Montoya's good time credits does not state a cognizable claim for federal habeas corpus relief. *See Carson*, 112 F.3d at 820-821; *see also Malchi*, 211 F.3d at 953, *Orellana*, 65 F.3d at 31. It

is entirely speculative as to whether Montoya will ever be released on parole due to the fact that an inmate in Texas has no constitutional right to parole. *See Madison*, 104 F.3d at 768. Moreover, a finding of misconduct on Montoya's prison record when determining his eligibility for parole is too attenuated to invoke the protections afforded under the Due Process Clause. *See Sandin*, 515 U.S. at 487, 115 S. Ct. at 2302.

Finally, as established above, Montoya's loss of good time credits does not present this court with a basis on which to grant federal habeas corpus relief because he is not eligible for release on mandatory supervision and he has no right to release on parole. "The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement." *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994) (*citing Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)). "[T]he writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the *fact* of confinement." *Id*, 37 F.3d at 168. Conversely, a "section 1983 action is an appropriate remedy for recovering damages resulting from illegal administrative procedures." *Id.*; *see Richardson v. Fleming*, 651 F.2d 366, 372–76 (5th Cir. 1981). Moreover, when addressing the blurred line between challenges based on confinement and challenges to procedures that affect the release from custody, the Fifth Circuit held that "[i]f 'a favorable determination would not automatically entitle the prisoner to accelerated release,' . . . the proper vehicle is a § 1983 suit." *Carson v. Johnson*, 112 F.3d 818, 820-821 (5th Cir. 1997).

Since Montoya is not eligible for release on mandatory supervision and the impact of the loss of good time credits on his release on parole is speculative as he has no right to parole, the "fact or duration" of Montoya's confinement has not been challenged. *See Cook*, 37 F.3d at 168. Rather, he only challenges "the rules, customs, and procedures affecting

'conditions' of confinement," or custody. *See id.* (citing *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)). The restoration of good time credits in this case would not entitle Montoya to an accelerated release. *Carson*, 112 F.3d at 820-821.

Therefore, with regard to the instant case, assuming *arguendo* that Montoya's claims are not barred the statute of limitations under the AEDPA, *see* PartIV.C *supra*, Montoya can *never* overcome the fact that under Texas law he is not eligible for mandatory supervised release and therefore has no liberty interest in good time credits. Additionally, he has no liberty interest in being on parole. As a result, he has failed to provide a federal constitutional claim which would entitle him to federal habeas corpus relief. *See Orellana*, 65 F.3d at 31; *Carson*, 112 F.2d at 820-821. If Montoya wishes to pursue to case, he should seek relief under 42 U.S.C. § 1983.

**C.    Montoya's claims are barred by the statute of limitations under 28 U.S.C. § 2244(d).**

As it relates to Montoya's claims for federal habeas corpus relief, the AEDPA provides:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

11

Court and made retroactively applicable to cases on
collateral review; or

(D)    the date on which the factual predicate of the claim
or claims presented could have been discovered
through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent
judgment or claim is pending shall not be counted toward any
period of limitation under this subsection.

28 U.S.C. § 2244(d) (2001).

In addition to the fact that Montoya has failed to state a cognizable claim for federal

habeas corpus relief, he also failed to file his federal habeas corpus writ within the statute of

limitations under Section 2244(d) of the AEDPA. Since Montoya attacks four administrative

disciplinary proceedings, disciplinary cases 20000149580, 20000160050, 20000229898, and

20000260865, where he lost good time credits, the one year period of limitation ran from

"the date on which the factual predicate of the claim or claims presented could have been

discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D) (2001);

*Flanagan v. Johnson*, 154 F.3d 196, 198-199 (5th Cir. 1998).[6]  With respect to each

--------

[6] To the extent that Montoya alleges that the factual predicate of his claim could not
have been discovered until June 12, 2000, when Representative Hodge forwarded Dr.
Cherian's letter dated May 16, 2000, to Montoya, this allegation is without merit.
Respondent Cockrell's Motion for Summary Judgment with Brief in Support, at Exhibit C
at 17; Petitioner's Argument at Federal Evidentiary Hearing, August 8, 2002. In *Flanagan*,
the petitioner claimed that the factual predicate of his claim could not have been discovered
until he secured an affidavit from his trial counsel supporting his claim for ineffective
assistance of counsel based on an allegation that trial counsel failed to advise him of his right
not testify. 154 F.3d at 198. The Fifth Circuit rejected this argument and found that the
petitioner "is confusing his knowledge of the factual predicate of his claim with the time
permitted for gathering evidence in support of that claim." *Id.* In the instant case, with regard
to all of the disciplinary cases where he lost good time credits, it is clear that the factual
predicate of Montoya's claim occurred on the dates he lost the good time credits, the date of
the disciplinary hearings with regard to each case. Additionally, with regard to each
disciplinary case where Montoya lost good time credit, it should be noted that at the close
(continued...)

12

disciplinary case where Montoya lost good time credits, the Director respectfully shows the court the following:

> 1.   **Disciplinary case number 20000149580 is barred by the statute of limitations.**

Under 28 U.S.C. § 2244(d)(1)(D), the factual basis for Montoya's claim regarding disciplinary case 20000149580 occurred on January 20, 2000, the day that the disciplinary hearing occurred and punishment was assessed. Respondent Cockrell's Motion for Summary Judgment with Brief in Support, at Exhibit B at 16. Therefore, the running of the one-year limitation period expired on January 19, 2001, unless Montoya had a properly filed application for other collateral review to toll the running of the statute of limitation. *See* 28 U.S.C. § 2244(d)(2) (2001).

Under the AEDPA, "[t]he time during which a properly filed application for . . . other collateral review . . . is pending shall not count toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (West 2001). Montoya's step one grievance, grievance case number 2001030779, appealing disciplinary case number 20000149580, was pending from October 17, 2000 through November 21, 2000; thus, it tolled the statute of limitations for a total of thirty-five days. Respondent Cockrell's Motion for Summary Judgment with Brief in Support, at Exhibit C at 9; *see* 28 U.S.C. § 2244(d)(2) (2001). However, Montoya's step two grievance in grievance case number 2001030779 did not toll the statute of limitations in this case. Montoya's step two grievance was returned without any action taken due to the fact that Montoya appealed disciplinary case number 20000149580 after the allowable fifteen day grievance period and because Montoya appealed more than one disciplinary when "[o]nly one disciplinary case per grievance will be addressed." Respondent Cockrell's Motion for Summary Judgment with Brief in Support,

_____

[6](...continued)
of each disciplinary hearing, the hearing officer informed Montoya of his right to appeal the hearing officer's finding of guilt and punishment assessment. Disciplinary Hearing Tape, filed September 7, 2002.

at Exhibit C at 12; *see Villegas v. Johnson*, 184 F.3d 467, 469-470 (5th Cir. 1999) (holding that a properly filed application under Section 2244(d)(2) "is one that is submitted according to the state's procedural requirements, such as the rules governing notice and the time and place of filing") (citations omitted).

On the other hand, on May 15, 2001, Montoya filed a state habeas corpus petition wherein he sought the restoration of the fifteen days of good time credits taken away in this disciplinary case. *Ex parte Montoya*, Application No. 24,306-04, at 1-14. The Texas Court of Criminal Appeals denied his application without written order on September 19, 2001. *Id.* at cover; *but see Ex parte Brager*, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986) ("[t]his Court will not entertain claims concerning alleged violations of prison disciplinary procedures."). As a result, Montoya's state petition was pending for a total of 127 days. *See* 28 U.S.C. § 2244(d)(2) (2001).

With regard to disciplinary case number 20000149580, even though the statute of limitations was tolled for a total of 162 days, when Montoya filed his federal petition on November 29, 2001, he was 152 days too late under the statute of limitations; consequently, this claim is time-barred under the AEDPA.

## 2. Disciplinary case number 20000160050 is barred by the statute of limitations.

Under 28 U.S.C. § 2244(d)(1)(D), the factual bases for Montoya's claim regarding disciplinary case 20000160050 occurred on January 28, 2000, the day that the disciplinary hearing occurred and punishment was assessed. Respondent Cockrell's Motion for Summary Judgment with Brief in Support, at Exhibit B at 31.

Montoya's step one grievance appealing disciplinary case number 20000160050, grievance case number 2001030779, was pending from October 17, 2000 through November 21, 2000; therefore, it tolled the statute of limitations for thirty-five days. Respondent Cockrell's Motion for Summary Judgment with Brief in Support, at Exhibit C at 9; *see* 28 U.S.C. § 2244(d)(2) (2001). As stated *supra* Part IV.C.1, Montoya's step two grievance in

Respondent Cockrell's Motion for Summary Judgment with Brief in Support, at Exhibit C at 9. On November 21, 2000, this grievance was denied based on the finding that "no medical documentation to record that would entertain disciplinaries to be expunged per . . . issues raised in this grievance." Respondent Cockrell's Motion for Summary Judgment with Brief in Support, at Exhibit C at 10. The statute of limitations was tolled for another thirty-five days while this second step one grievance was pending. *See* 28 U.S.C. § 2244(d)(2) (2001). However, as stated *supra* Part IV.C.1, Montoya's second step two grievance in grievance case number 2001030779, attacking disciplinary case number 20000229898, did not toll the statute of limitations. *See id.*; Respondent Cockrell's Motion for Summary Judgment with Brief in Support, at Exhibit C at 12; *see Villegas*, 184 F.3d at 469-470.

Finally, Montoya's state habeas corpus petition filed on May 15, 2001 and denied on September 19, 2001 tolled the statute of limitation for another 127 days. *Ex parte Montoya*, Application No. 24,306-04, at 1-14, cover; *see* 28 U.S.C. § 2244(d)(2) (2001). Nevertheless, with regard to disciplinary case number 20000229898, Montoya filed his federal petition thirty-seven days after the statute of limitations expired on October 27, 2001; therefore, this claim must also be dismissed as time-barred under the AEDPA.

**4.    Disciplinary case number 20000260865 is barred by the statute of limitations.**

Finally, pursuant 28 U.S.C. § 2244(d)(1)(D), the factual bases for Montoya's claim regarding disciplinary case number 20000260865 occurred on May 3, 2000. Respondent Cockrell's Motion for Summary Judgment with Brief in Support, at Exhibit B at 53.

Montoya's step one grievance, grievance case number 20000108595, appealing disciplinary case number 20000260865, was pending a from May 5, 2000 through June 2, 2000; therefore, it tolled the statute of limitations for twenty-eight days. Respondent Cockrell's Motion for Summary Judgment with Brief in Support, at Exhibit C at 5-6; *see* 28 U.S.C. § 2244(d)(2) (2001). Additionally, Montoya's step two grievance in grievance case

16

number 20000108595, was pending from June 12, 2000 through June 22, 2000; therefore, it tolled the statute of limitations for ten days. Respondent Cockrell's Motion for Summary Judgment with Brief in Support, at Exhibit C at 7-8; *see* 28 U.S.C. § 2244(d)(2) (2001).

Moreover, on October 17, 2000, Montoya filed a second step one grievance, grievance case number 2001030779, again appealing disciplinary case number 20000260865. Respondent Cockrell's Motion for Summary Judgment with Brief in Support, at Exhibit C at 9. On November 21, 2000 this grievance was denied. Respondent Cockrell's Motion for Summary Judgment with Brief in Support, at Exhibit C at 10. As a result, the statute of limitations was tolled for another thirty-five days while this second step one grievance was pending. *See* 28 U.S.C. § 2244(d)(2) (2001). However, as stated *supra* Part IV.C.1, Montoya's second step two grievance in grievance case number 20001030779, attacking disciplinary case number 20000229898, did not toll the statute of limitations. *See id.*; Respondent Cockrell's Motion for Summary Judgment with Brief in Support, at Exhibit C at 12; *see Villegas*, 184 F.3d at 469-470.

However, Montoya's state habeas corpus petition filed on May 15, 2001 and denied on September 19, 2001, tolled the statute of limitation for 127 days. *Ex parte Montoya*, Application No. 24,306-04, at 1-14, cover; *see* 28 U.S.C. § 2244(d)(2) (2001). However, with regard to disciplinary case number 20000260865, Montoya filed his federal petition ten days after the statute of limitations expired on November 11, 2001; therefore, this claim must also be dismissed as time-barred under the AEDPA.

Additionally, the record does not reflect that any unconstitutional "State action" impeded Montoya from filing his federal habeas corpus petition prior to the end of the limitations period or that there is any new constitutional right recognized by the Supreme Court and made retroactive to cases such as his on collateral review. 28 U.S.C. §§ 2244(d)(1)(B), (C) (West 2001).[7]

---

[7] *See also* text accompanying note 6 *supra*.

17

Lastly, any claims concerning the applicability of equitable tolling should be denied. "Equitable tolling applies . . . where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Grooms v. Johnson*, 208 F.3d 488, 489-90 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). As previously stated, there is no indication that the State has in any way mislead Montoya or that he was prevented in an extraordinary way from asserting his rights.[8] *Id.* "In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." *Coleman*, 184 F.3d at 403. In this case, the record establishes that Montoya has failed to diligently pursue such relief.[9] "[E]quity is not intended for those who sleep on their rights." *Fisher*, 174 F.3d at 713(citing *Covey v. Arkansas River Co.*, 865 F.2d

---

[8] *See also* text accompanying note 6 *supra.*

[9] It is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally does not excuse prompt filing. *Felder v. Johnson*, 204 F.3d at 172 (5th Cir.2000) (citing *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 121 S. Ct. 1124 (2001)); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (neither an inmate's illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to excuse an abuse of the writ); *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996) (a petitioner's lack of interest in challenging prior convictions was not cause to excuse a procedural default), *cert. denied*, 519 U.S. 1093, 117 S. Ct. 772 (1997); *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992) (holding neither prisoner's *pro se* status nor ignorance of the law constitutes "cause" for failing to include a legal claim in his prior petition); *see also Worthen v. Kaiser*, 952 F.2d 1266, 1268-68 (10th Cir. 1992) (petitioner's failure to discover the significance of the operative facts does not constitute cause); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.) (holding equitable tolling not warranted to prisoner claiming he lacked access to federal statutes and case law, and only learned of AEDPA's time limitations sometime after April 29, 1997), *cert. denied*, 525 U.S. 891, 119 S. Ct. 210, 142 L. Ed. 2d 173 (1998); *United States v. Griffin*, 58 F. Supp. 2d 863, 869 (N.D. Ill. 1999) (declining to toll because of petitioner's lack of awareness of AEDPA's enactment until he entered the federal prison system in 1997, and stating that "such a run-of-the-mill claim of ignorance of the law is insufficient to warrant equitable tolling," citing *Fisher*, 174 F.3d at 714); *Bilodeau v. Angelone*, 39 F. Supp. 2d 652, 659 n.1 (E.D. Va.) (concluding that ignorance of the law does not warrant tolling), appeal dismissed by 182 F.3d 906 (4th Cir. 1999); *Fadayiro v. United States*, 30 F. Supp. 2d 772, 781 (D.N.J. 1998) ("[t]hat Fadayiro may have been unaware of the new limitations period of Section 2255 also is not sufficient to toll the statute of limitations.").

660, 662 (5th Cir. 1989)). Therefore, equitable tolling is not warranted in this case.

With regard to the issue of whether or not Montoya's claims for the restoration of good time credits is barred by the statute of limitations under the AEDPA, the record clearly establishes that there is no genuine issue of material fact in dispute which would require a second evidentiary hearing. *See Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir. 1990), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Therefore, the Director respectfully requests that the second evidentiary hearing be cancelled and this that court dismiss Montoya's petition pursuant to the one-year statute of limitations contained in 28 U.S.C. § 2244(d).

**E.    Montoya's loss of good time credits did not violate the Due Process Clause and there was sufficient evidence of guilt with regard to each disciplinary case, thus the Director is entitled to summary judgment as a matter of law.**

A party moving for summary judgment bears the burden of informing the court of the basis for the motion and identifying pleadings and other record evidence that demonstrate the absence of any genuine issues of material fact. *Howell Hydrocarbons, Inc.*, 897 F.2d at 191. If the moving party makes the required showing, then the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). In the instant case, the record demonstrates that the Director is entitled to judgment as a matter of law.

Under Texas law, good time credits do not actually reduce an inmate's sentence. Rather, since 1977, good time credits affect the amount of a given sentence that an eligible inmate will have to serve before being released on parole or mandatory supervision. *See* TEX. CIV. STAT. art. 6181-1 § 4 (Vernon Supp. 1977) (good time credits "appl[y] only to eligibility for parole or mandatory supervision"), *currently* TEX. GOV'T. CODE ANN. § 498.003(a) (Vernon 1998); *see also* TEX CODE CRIM. PRO. Art. 41.18 § 8(c) (Vernon Ann. 1995).

Assuming *arguendo* that Montoya is eligible for mandatory supervised release and therefore has a liberty interest in his good time credits, the due process procedures set out in *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975 (1974), would be applicable to each case where Montoya lost good time credit.[10] *Malchi*, 211 F.3d at 958-5. As a result of disciplinary case numbers 20000149580, 20000160050, 20000229898, and 20000260865, Montoya was deprived of a total of 270 days of good time. *See* Respondent's Motion for Summary Judgment with Brief in Support, at Exhibit B at 16, 21, 31, 36, 45, 48, 53, 60.

Prison disciplinary proceedings do not form part of a criminal prosecution, and, therefore, "the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556, 94 S. Ct. at 2975. Due process requires that a prison inmate be provided with: (1) advanced written notice of the disciplinary charges, (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals, (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action, and (4) the aid of a fellow inmate or counsel substitute when the inmate is illiterate or when the case appears complex, thus requiring the inmate to be assisted in the presentation of evidence. *Id.* at 563-567, 94 S. Ct. at 2978-2982.

With respect to the due process standards set out in *Wolff*, the Director respectfully shows the court the following with regard to each disciplinary case where Montoya lost good time credits:

1. **In disciplinary case number 2000149580, the due process standards in *Wolff* were followed and there was sufficient evidence to support the hearing officer's finding of guilt.**

In disciplinary case number 2000149580, Montoya was notified of the disciplinary charges on January 18, 2000 and the hearing occurred on January 20, 2000. Respondent's

---

[10] As discussed above, Montoya does not possess a liberty interest in being released on parole. *Allison*, 66 F.3d at 73-74 (citations omitted); *Sandin*, 515 U.S. at 487, 115 S. Ct. at 2302.

20

Motion for Summary Judgment with Brief in Support, at Exhibit B at 16, 21; *see Wolff*, 418 U.S. at 563, 94 S. Ct. at 2978-79. Thus, Montoya received additional time in excess of the twenty-four hour advanced written notice of the charges required under *Wolff*, thus enabling him to "marshal the facts and prepare a defense. " *See Wolff*, 418 U.S. at 564, 94 S. Ct. at 2979. Second, Montoya was informed of his right to call witnesses and present documentary evidence prior to the hearing. Respondent's Motion for Summary Judgment with Brief in Support, at Exhibit B at 19-21 (indicating that counsel substitute informed Montoya of his right to call and question witnesses on January 18, 2000); *see Wolff*, 418 U.S. at 566-69, 94 S. Ct. at 2980-82. Moreover, Montoya was provided with a final report of the disciplinary hearing stating the evidence relied upon and the reason for the disciplinary action. Respondent's Motion for Summary Judgment with Brief in Support, at Exhibit B at 16; *see Wolff*, 418 U.S. at 564-66, 94 S. Ct. at 2979-80. Finally, Montoya was represented counsel substitute due to the fact that the complexity of the case warranted such aid. Respondent's Motion for Summary Judgment with Brief in Support, at Exhibit B at 16 (showing the absence of an explanation why substitute counsel was not present), 19 (indicates that Montoya requested the aid of substitute counsel and that the complexity of the case warrants the aid of counsel substitute); *see Wolff*, 418 U.S. at 570, 94 S. Ct. at 2982. Accordingly, with regard to disciplinary case number 20000149580, the due process rights mandated by *Wolff* were satisfied.

Moreover, there was sufficient evidence to support the hearing officer's finding of guilt in this disciplinary case. The Fifth Circuit has held that disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Due to the needs of prison security and protection, even "anonymous and merely generalized accusations [can] form the sole basis for disciplinary action against a prison inmate." *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied*, 455 U.S. 992, 102 S. Ct. 1619 (1982). The court's role on review is only to

"examine if the guilty finding has 'support of some facts' or 'any evidence at all.'" *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001) (quoting *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986)); *see also Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773 (1985).  Therefore, so long as there is "any evidence at all" to support the prison disciplinary hearing officer's findings, the results of the hearing will be upheld. *Hudson*, 242 F.3d at 536 (quoting *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied*, 455 U.S. 992, 102 S. Ct. 1619 (1982)).

In disciplinary case number 20000149580, Montoya's own admission, the charging officer's report, and documentation from disciplinary case number 20000149568 established that Montoya was guilty of refusing to work. Respondent's Motion for Summary Judgment with Brief in Support, at Exhibit B at 16, 17, 21; *Hudson*, 242 at 536-537 ("Officer M. Goolsby's identification of Hudson in her written report clearly constitutes 'some' or 'any' evidence to support the prison disciplinary board's guilty finding."). Thus, in this case, there was some evidence to support the hearing officer's finding of guilt. *See Banuelos*, 41 F.3d at 234; *Hudson*, 242 F.3d at 536-537.

> **2.    In disciplinary case number 2000160050, the due process standards in *Wolff* were followed and there  was sufficient evidence to support the hearing officer's finding of guilt.**

In disciplinary case number 2000160050, Montoya was notified of the disciplinary charges on January 27, 2000 at 1:12 p.m. Respondent's Motion for Summary Judgment with Brief in Support, at  Exhibit B at 31; *see Wolff*, 418 U.S. at 563, 94 S. Ct. at 2978-79.  The hearing occurred on January 28, 2000 at 2:00 p.m.; thus Montoya received the requisite twenty-four-hour advanced written notice of the charges against him in this disciplinary case. Respondent's Motion for Summary Judgment with Brief in Support, at  Exhibit B at 31, 36; *see Wolff*, 418 U.S. at 563, 94 S. Ct. at 2978-79.  Next, the record clearly establishes that Montoya was informed of his right to call witnesses and present documentary evidence prior

22

to the hearing. Respondent's Motion for Summary Judgment with Brief in Support, at Exhibit B at 34-35 (indicating that counsel substitute informed Montoya of his right to call and question witnesses on January 27, 2000); *see Wolff*, 418 U.S. at 566-69, 94 S. Ct. at 2980-82. Moreover, Montoya was provided with a final report of the disciplinary hearing stating the evidence relied upon and the reason for the disciplinary action. Respondent's Motion for Summary Judgment with Brief in Support, at Exhibit B at 31; *see Wolff*, 418 U.S. at 564-66, 94 S. Ct. at 2979-80. Finally, Montoya was represented by counsel substitute, again, due to the fact that the complexity of the case warranted such aid. Respondent's Motion for Summary Judgment with Brief in Support, at Exhibit B at 31 (showing the absence of an explanation why substitute counsel was not present), 34 (indicates that Montoya requested the aid of substitute counsel and that the complexity of the case warrants the aid counsel substitute); *see Wolff*, 418 U.S. at 570, 94 S. Ct. at 2982. Accordingly, with regard to disciplinary case number 20000160050, the due process rights mandated by *Wolff* were satisfied.

With regard to the hearing officer's finding of guilt in disciplinary case number 20000160050, the following evidence was used to establish that Montoya was guilty of refusing to work on January 22, 2000: (1) the testimony of Bachman, a physicians's assistant at the Ellis Unit, providing that he saw Montoya on January 21, 2000 and that no changes had been made to Montoya's medical classification; (2) Montoya's own admission guilt; and (3) the charging officer's report. Respondent's Motion for Summary Judgment with Brief in Support, at Exhibit B at 31, 32, 36; *Hudson*, 242 F.3d at 536-537. Thus, the record in disciplinary case number 20000160050 clearly shows that there was enough evidence to support the hearing officer's finding that Montoya was guilty of refusing to work. *See Banuelos*, 41 F.3d at 234; *Hudson*, 242 F.3d at 536-537.

23

**3.** **In disciplinary case number 2000229898, the due process standards in**
**_Wolff_ were followed and there  was sufficient evidence to support the**
**hearing officer's finding of guilt.**

In disciplinary case number 20000229898, Montoya was notified of the disciplinary

charges on April 4, 2000 at 10:30 a.m. Respondent's Motion for Summary Judgment with

Brief in Support, at  Exhibit B at 45; *see Wolff*, 418 U.S. at 563, 94 S. Ct. at 2978-79.  The

hearing was held on April 5, 2000 at 1:05 p.m.; thus Montoya again received the requisite

twenty-four hour advanced written notice of the charges against him in this disciplinary case.

Respondent's Motion for Summary Judgment with Brief in Support, at  Exhibit B at 45, 48;

*see Wolff*, 418 U.S. at 563, 94 S. Ct. at 2978-79.   The record also establishes that Montoya

was informed of his right to call witnesses and present documentary evidence prior to the

hearing.  Respondent's Motion for Summary Judgment with Brief in Support, at  Exhibit B

at 49-50 (indicating that counsel substitute informed Montoya of his right to call and

question witnesses on April 4, 2000); *see Wolff*, 418 U.S. at 566-69, 94 S. Ct. at 2980-82.

Montoya was also provided with a final report of the disciplinary hearing informing him of

the evidence relied upon and the reason for the disciplinary action.  Respondent's Motion for

Summary Judgment with Brief in Support, at Exhibit B at 45;  *see Wolff*, 418 U.S. at 564-66,

94 S. Ct. at 2979-80.  Finally, even though the record does not indicate that the this case was

so complex as to require the aid of substitute counsel, Montoya requested the aid and was

represented counsel substitute.  Respondent's Motion for Summary Judgment with Brief in

Support, at Exhibit B at 45 (showing the absence of an explanation why substitute counsel

was not present), 50 (indicates that Montoya requested the aid of substitute counsel and that

counsel substitute conducted an investigation where he interviewed Montoya on April 4,

2000); *see Wolff*, 418 U.S. at 570, 94 S. Ct. at 2982.  As a result, with regard to disciplinary

case number 20000229898, the due process rights required under *Wolff*  were satisfied.

Lastly, in disciplinary case number 20000229898, there was sufficient evidence that

Montoya was guilty.  Montoya's own admission that he did not even attempt to go to work,

the charging officer's report, and Bachman's testimony that Montoya's work restrictions

24

were not violated by his work assignment, established that Montoya was guilty of refusing to work on March 31, 2000. Respondent's Motion for Summary Judgment with Brief in Support, at Exhibit B at 45, 46, 48; *Hudson*, 242 F.3d at 536-537. Again, the record demonstrates that there was some evidence to support the hearing officer's finding that Montoya was guilty of the charges in this disciplinary case. *See Banuelos*, 41 F.3d at 234; *Hudson*, 242 F.3d at 536-537.

> **4.    Finally, in disciplinary case number 2000260865., the due process standards in *Wolff* were followed and there  was sufficient evidence to support the hearing officer's finding of guilt.**

In disciplinary case number 20000260865, Montoya was notified of the disciplinary charges on May 2, 2000 at 9:00 a.m. Respondent's Motion for Summary Judgment with Brief in Support, at  Exhibit B at 53; *see Wolff*, 418 U.S. at 563, 94 S. Ct. at 2978-79. The hearing was held on May 3, 2000 at 9:55 a.m.; as a result, Montoya received the required twenty-four hour advanced written notice of the charges against him in this disciplinary case. Respondent's Motion for Summary Judgment with Brief in Support, at Exhibit B at 53; *see Wolff*, 418 U.S. at 563, 94 S. Ct. at 2978-79.  The record also establishes that Montoya was informed of his right to call witnesses and present documentary evidence prior to the hearing. Respondent's Motion for Summary Judgment with Brief in Support, at Exhibit B at 61-62 (indicating that counsel substitute informed Montoya of his right to call and question witnesses on May 2, 2000); *see Wolff*, 418 U.S. at 566-69, 94 S. Ct. at 2980-82. Montoya was also provided with a final report of the disciplinary hearing informing him of the evidence relied upon and the reason for the disciplinary action. Respondent's Motion for Summary Judgment with Brief in Support, at Exhibit B at 53;  *see Wolff*, 418 U.S. at 564-66, 94 S. Ct. at 2979-80. Finally, even though the record does not indicate that the this case was so complex as to require the aid of substitute counsel, Montoya was again represented counsel substitute. Respondent's Motion for Summary Judgment with Brief in Support, at Exhibit B at 53 (showing the absence of an explanation why substitute counsel was not

25

present), 61-62 (indicates that counsel substitute conducted an investigation where he interviewed Montoya on May 2, 2000); *see Wolff*, 418 U.S. at 570, 94 S. Ct. at 2982. Consequently, the due process rights required under *Wolff* were satisfied in disciplinary case number 20000260865.

Lastly, the hearing officer's finding of guilt in this disciplinary case must be upheld. In this case, the hearing officer used Montoya's own admission that he did not even attempt to go to his work assignment on the medical squad as a basis for finding guilt. Additionally, his medical record, showing that his medical history does not preclude him from his work assignment, was also used to establish that Montoya was guilty of refusing to work on May 1, 2000. Respondent's Motion for Summary Judgment with Brief in Support, at Exhibit B at 53, 60; *Hudson*, 242 F.3d at 536-537. Again, the record demonstrates that there was some evidence to support the hearing officer's finding that Montoya was guilty. *See Banuelos*, 41 F.3d at 234; *Hudson*, 242 F.3d at 536-537.

## V.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that the second evidentiary hearing be cancelled and Montoya's federal habeas corpus petition be dismissed for failing to state a claim which would entitle him to federal habeas corpus relief. Moreover, in the event that this court denies the fact that Montoya has no liberty interest in the restoration of his good time credits and denies the time-bar, the Director requests that Montoya's petition be dismissed with prejudice on its merits. Lastly, in the interest of conservation of scarce judicial and state resources, the Director requests that any issues which the court deems to be in controversy be dealt with pursuant to a conference call including all necessary parties.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for
Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

\*Lead Counsel

STACEY M. GOLDSTEIN\*
Assistant Attorney General
State Bar No. 24031632

P. O. Box 12548, Capitol Station
Austin, Texas   78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT


## NOTICE OF SUBMISSION

TO: David S. Gonzales, III you are hereby notified that the undersigned attorney will

bring the foregoing Motion before the Court as soon as the business of the Court will permit.

STACEY M. GOLDSTEIN
Assistant Attorney General

27

## CERTIFICATE OF SERVICE

I, Stacey M. Goldstein, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent's Motion to Cancel the Second Evidentiary the Hearing and Second Motion for Summary Judgment with Brief in Support has been served by placing it in the United States Mail, postage prepaid, on this the 12th day of September, 2002, addressed to:

David S. Gonzales, III
Attorney at Law
501 E Tyler Ave
Harlingen, TX 78550

STACEY M. GOLDSTEIN
Assistant Attorney General

28

# Exhibit A

## AFFIDAVIT

**STATE OF TEXAS**                          §
                                            §
**COUNTY OF WALKER**                        §

With regard Texas state prisoner Santos Montoya, TDCJ-ID Number 544493, I, Susan L. Schumacher, Assistant Administrator of Offender Grievance for the Texas Department of Criminal Justice, hereby certify that I have no personal knowledge of the facts and/or investigation surrounding the following disciplinary case numbers: 20000131974; 20000137804; 20000137808; 20000137811; 20000144473; 20000149568; 20000149580; 20000160050; 20000160064; 20000229898; 20000260865. I further certify, with regard to Texas state prisoner Santos Montoya, TDCJ-ID Number 544493, that I have no personal knowledge of the facts and/or investigation concerning the following grievance case numbers: 2000099750; 2000108595; 2001030779. The only connection I have had to the disciplinary and grievance cases cited above was to gather, review, and certify in an affidavit, dated the 1st of March 2002, that the grievance documents relating to the above cited disciplinary cases were true and correct copies, made in the regular course of business, of the grievance records on file in my office, the Office of Offender Grievance for the Texas Department of Criminal Justice located in Huntsville, Texas. Finally, I certify that Assistant Attorney General, Stacey M. Goldstein, has explained the issues relating to the evidentiary hearing scheduled for September 16, 2002 at 8:30 a.m. in the United States District Court for the Southern District of Texas, Brownsville Division, and that based on the above information certified to in this affidavit, I possesses no relevant information with regard to this cause that would aid the court with regard to the disputed issues in this matter.

In witness whereof, I have hereto set my hand on this the 21st day of August 2002.

*Susan L Schumacher*

Susan L. Schumacher
Assistant Administrator Offender Grievance
Texas Department of Criminal Justice

Before me, the undersigned authority Linda R. Richey on this day personally appeared Susan L. Schumacher, known to me to be the person whose name is subscribed to the foregoing instrument, and having been by me duly sworn on oath, acknowledged that she had executed the same for the purpose and consideration therein expressed and that the foregoing statements are true and correct.



LINDA R. RICHEY
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 06-17-2003

*Linda R. Richey*

NOTARY PUBLIC in and for the State of Texas

# Exhibit B

# AFFIDAVIT

§

**STATE OF TEXAS**               §

§

**COUNTY OF WALKER**             §

§

§

§

With regard Texas state prisoner Santos Montoya, TDCJ-ID Number 544493, I, Keith Clendennen, Program Administrator of Offender Grievance for the Texas Department of Criminal Justice, hereby certify that I have no personal knowledge of the facts and/or investigation surrounding the following disciplinary case numbers: 20000131974; 20000137804; 20000137808; 20000137811; 20000144473; 20000149568; 20000149580; 20000160050; 20000160064; 20000229898; 20000260865.  I further certify, with regard to Texas state prisoner Santos Montoya, TDCJ-ID Number 544493, that I have no personal knowledge of the facts and/or investigation concerning the following grievance case numbers: 2000099750; 2000108595; 2001030779.  I have had no connection to the disciplinary and grievance cases cited above as our Assistant Administrator, Susan L. Schumacher, was the individual who gathered, reviewed, and certified in an affidavit, dated the 1st of March 2002, that the grievance documents relating to the above cited disciplinary cases were true and correct copies, made in the regular course of business, of the grievance records on file in my office, the Office of Offender Grievance for the Texas Department of Criminal Justice located in Huntsville, Texas.  Finally, I certify that Assistant Attorney General, Stacey M. Goldstein, has explained the issues relating to the evidentiary hearing scheduled for September 16, 2002 at 8:30 a.m. in the United States District Court for the Southern District of Texas, Brownsville Division, and that based on the above information certified to in this affidavit, I possesses no relevant information with regard to this cause that would aid the court with regard to the disputed issues in this matter.

In witness whereof, I have hereto set my hand on this the 22nd day of August 2002.

Keith Clendennen
Program Administrator, Offender Grievance
Texas Department of Criminal Justice

Before me, the undersigned authority Linda R. Richey on this day personally appeared Keith Clendennen, known to me to be the person whose name is subscribed to the foregoing instrument, and having been by me duly sworn on oath, acknowledged that she had executed the same for the purpose and consideration therein expressed and that the foregoing statements are true and correct.

Linda R. Richey

NOTARY PUBLIC in and for the State of Texas

LINDA R. RICHEY
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 06-17-2003

grievance case number 2001030779 did not toll the statute of limitations. Respondent Cockrell's Motion for Summary Judgment with Brief in Support, at Exhibit C at 12; *see Villegas*, 184 F.3d at 469-470.

However, Montoya's state habeas corpus petition filed on May 15, 2001 and denied on September 19, 2001, tolled the statute of limitation for 127 days. *Ex parte Montoya*, Application No. 24,306-04, at 1-14, cover; *see* 28 U.S.C. § 2244(d)(2) (2001). Therefore, with regard to disciplinary case number 20000149580, even though the statute of limitations was tolled for a total of 162 days, Montoya filed his federal petition 144 days after the statute of limitations expired on July 8, 2001. Therefore, this claim is also time-barred under the AEDPA.

### 3.    Disciplinary case number 20000229898 is barred by the statute of limitations.

Moreover, pursuant 28 U.S.C. § 2244(d)(1)(D), the factual basis for Montoya's claim regarding disciplinary case 20000229898 occurred on April 5, 2000, the day that the disciplinary hearing occurred and punishment was assessed. Respondent Cockrell's Motion for Summary Judgment with Brief in Support, at Exhibit B at 45.

Montoya's step one grievance appealing disciplinary case number 20000229898, grievance case number 2000099750, was pending from April 17, 2000 through May 16, 2000. Respondent Cockrell's Motion for Summary Judgment with Brief in Support, at Exhibit C at 1-2. Therefore, it tolled the statute of limitations for twenty-nine days. *See* 28 U.S.C. § 2244(d)(2) (2001). Additionally, Montoya's step two grievance in grievance case number 2000099750, was pending from May 22, 2000 through June 5, 2000; therefore tolling the statute of limitations for fourteen days. Respondent Cockrell's Motion for Summary Judgment with Brief in Support, at Exhibit C at 3-4; *see* 28 U.S.C. § 2244(d)(2) (2001).

On October 17, 2000, Montoya filed a second step one grievance, grievance case number 2001030779, wherein he again appealed disciplinary case number 20000229898.