

United States District Court
Southern District of Texas
ENTERED

FEB 18 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SANTOS MONTOYA, Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. B-01-205 |
| JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, Respondent. | § § § § § | |

## MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION

Petitioner Santos Montoya has filed a timely 28 U.S.C. Section 2254 petition for a writ of habeas corpus. Petitioner's writ should be DENIED, and Respondent's Motion for Summary Judgment (Doc. # 27) should be GRANTED.

### BACKGROUND

The Director of the Texas Department of Criminal Justice, Institutional Division has lawful custody of Petitioner Santos Montoya pursuant to a judgment and sentence in the 138th Judicial District Court of Cameron County, Texas, in cause number 90-CR-68-B. Petitioner pleaded not guilty to the first-degree felony offense of murder with a deadly weapon. On March 26, 1990, the trial court found Montoya guilty and punishment was assessed at eighty-five years imprisonment.

The Director also has lawful custody of Montoya pursuant to a fifteen year sentence assessed on November 17, 1989, after pleading guilty to the felony offense of possession of marijuana in the 138th Judicial District Court of Cameron County, Texas, in cause number 89-CR-911-B. Petitioner Montoya has brought this 28 U.S.C. Section 2254 proceeding, but he is not challenging the validity of his convictions. Rather, Petitioner is challenging the legality of

1

prison disciplinary hearings.

In disciplinary case number 20000131974, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On December 31, 1999, as a result of this disciplinary case, Montoya received seven days commissary restriction. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance, appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000144473, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On January 12, 2000, as a result of this disciplinary case, Montoya received thirty days cell restriction, thirty days commissary restriction, and suspended contact visitation. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000149568, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On January 20, 2000, as a result of this disciplinary case, Montoya's line class was reduced from S3 to S4, and he received a verbal reprimand. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000149580, Montoya was found guilty of refusing to work,

2

a level 2, code 25 violation. On January 20, 2000, as a result of this disciplinary case, Montoya's punishment was assessed at a loss of fifteen days of good time, a line class reduction from S4 to L1, and a twenty day commissary restriction was imposed. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000137804, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On January 23, 2000, as a result of this disciplinary case, Montoya received seven days commissary restriction, and a verbal reprimand. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000137808, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On January 23, 2000, as a result of this disciplinary case, Montoya received fifteen days commissary restriction, and a verbal reprimand. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000137811, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On January 23, 2000, as a result of this disciplinary case, Montoya

3

received thirty days cell restriction. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000160050, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On January 28, 2000, as a result of this disciplinary case, Montoya's punishment was assessed at a loss of forty-five days of good time, thirty days special cell restriction, thirty days commissary restriction, thirty days property restriction, and thirty days recreation restriction. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000160064, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On January 28, 2000, as a result of this disciplinary case, Montoya's line class was reduced from L1 to L2, and he received five days commissary restriction. On October 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000229898, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On April 5, 2000, as a result of this disciplinary case, Montoya's punishment was assessed at a loss of ninety days of good time, his line class was reduced from L2 to L3, and he received thirty days special cell restriction, thirty days commissary restriction,

thirty days property restriction, and thirty days recreation restriction. On April 17, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On May 16, 2000, Montoya's step one grievance was denied. On May 22, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On June 5, 2000, Montoya's step two grievance was denied. On October 17, 2000, Montoya filed a second step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

In disciplinary case number 20000260865, Montoya was found guilty of refusing to work, a level 2, code 25 violation. On May 3, 2000, as a result of this disciplinary case, Montoya's punishment was assessed at a loss of 120 days of good time, and he received thirty days special cell restriction, thirty days commissary restriction, thirty days property restriction, and thirty days recreation restriction. On May 5, 2000, Montoya filed a step one grievance appealing the disciplinary proceeding. On June 2, 2000, Montoya's step one grievance was denied. On June 12, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On June 22, 2000, Montoya's step two grievance was denied. On October 17, 2000, Montoya filed a second step one grievance appealing the disciplinary proceeding. On November 21, 2000, Montoya's step one grievance was denied. On November 29, 2000, Montoya filed a step two grievance appealing the disciplinary proceeding. On December 7, 2000, Montoya's step two grievance was denied.

After Petitioner Santos' disciplinary hearings, he was allowed to see a doctor. The doctor diagnosed Santos with chronic lymphedema. Petitioner claims that his severe medical condition was the reason that he refused to work. Santos has brought a 28 U.S.C. § 2254 petition. The

Director has countered with a Motion for Summary Judgment. An evidentiary hearing was held on August 8, 2002.

## ALLEGATIONS

Petitioner claims he is entitled to relief for the following reasons:

1) He received the disciplinary punishments for a medical condition unrecognized by TDCJ-ID;

2) He was subjected to the loss of good time credit for failure to perform work assignments which made his medical condition worse;

3) He was denied his request for relief because his medical condition was not in his medical records although it was evident that he suffered from medical problems; and

4) TDCJ-ID officials violated his constitutional rights although they were aware of the extent of his medical problems.

## ANALYSIS

This Court has previously stated that all of Petitioner's claims, except for his claim that he illegally lost good time credits, are frivolous and should be denied. This court now formally finds that all of Petitioner's claims except his loss of good time credit claim should be DENIED pursuant to Rule 4 of the Rules Governing Section 2254 cases.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be granted upon a finding that there exists "no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."[1] In deciding a Motion for Summary Judgment, the Court is not to weigh the evidence in an effort to determine the truth of the matter,

---

[1] Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

but rather, the Court's function is to determine if there exists a genuine issue for trial.[2]

"The Texas Code of Criminal Procedure, article 42.18 § 8(c) provides that 'a prisoner who is not on parole shall be released to mandatory supervision when his calendar time plus accrued good-conduct time equals the maximum term to which he was sentenced.'"[3] On March 26, 1990, Montoya was found guilty of the first degree felony offense of murder with a deadly weapon in violation of Section 19.02(a) of the Texas Penal Code.[4] On the same day, the jury assessed punishment at eighty-five years imprisonment.[5] The nature of Montoya's conviction precludes him from ever being eligible for release on mandatory supervision.[6] The mandatory supervision statute in effect when Montoya committed murder with a deadly weapon provides in pertinent part:

> [a] prisoner may not be released to mandatory supervision if the prisoner is serving a sentence for an offense and the judgment for the offense contains an affirmative finding under Subdivision (2), Subsection (a), Section 3g, Article 42.12, of this code or if the prisoner is serving a sentence for:
> (1) a first degree felony under Section 19.02, Penal Code (Murder);
> ...[7]

Additionally, under Section 8(c) of Article 42.18 of the Texas Code of Criminal Procedure, Montoya is also precluded from ever being released on mandatory supervision due to

---

[2] See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[3] TEX. CODE CRIM PRO. ANN., Art. 42.18 § 8(c) (Vernon Supp. 1990); see also Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997).

[4] See Ex parte Montoya, Application No. 24,306-01 at 23-35, 65-80, 89, 90-94, and 97.

[5] Id. at 86, 89, 90-94.

[6] See TEX. CODE CRIM PRO. ANN., Art. 42.18 § 8(c) (Vernon Supp. 1990).

[7] Id.

the fact that there was an affirmative finding of the use of a deadly weapon with regard to his conviction for murder.[8]

A petitioner is not entitled federal habeas corpus relief "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States."[9] Petitioner Montoya's claims regarding the restoration of good time credits fail to provide a cognizable basis for federal habeas corpus relief because the nature of Montoya's underlying conviction, murder with a deadly weapon, precludes him from ever being eligible for mandatory supervised release. Moreover, inmates in Texas have no right to release on parole. In *Sandlin v. Conner*, the Supreme Court, recognizing that a decision to release an inmate on parole rests on a "myriad of considerations," held that "the chance that a finding of misconduct will alter the balance is simply too attenuated to invoke procedural guarantees of the Due Process Clause."[10] "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law."[11] Therefore, the loss of good time credits in no way affects Montoya's eligibility towards release on mandatory supervision or parole. As a result, he has no liberty interest in the good time credits taken away as a result of disciplinary case numbers 20000149580, 20000160050, 20000229898, and 20000260865. Thus, the record establishes that Montoya has failed to state a claim for which this court can grant federal habeas corpus relief. Since the Texas Legislature has specifically excluded Montoya from being eligible for release on mandatory

---

[8] See Ex parte Montoya, Application No. 24,306-01 at 15, 71, and 79.

[9] Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995), cert. denied, 516 U.S. 1059 (1996).

[10] Sandlin v. Conner, 515 U.S. 472, 487 (1995).

[11] Id. at 485.

8

supervision, it necessarily follows that he has no liberty interest in his good time credits.[12] Petitioner does appear to have a disability that played a role in all of his disciplinary cases, but he is not entitled to relief under federal habeas corpus law.

### RECOMMENDATION

For the reasons stated above, it is recommended that Respondent's Motion for Summary Judgment (Doc. # 27) be GRANTED, and Petitioner's writ of habeas corpus pursuant to 28 U.S.C. Section 2254 be DENIED. Petitioner raises no claims in his application which entitle him to relief on a federal writ of habeas corpus.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[13]

DONE at Brownsville, Texas, this 13th day of February, 2003.

Felix Recio
United States Magistrate Judge

---

[12] See Campos v. Johnson, 958 F. Supp. 1180, 1189 (W.D. 1997).

[13] Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SANTOS MONTOYA,<br>Petitioner,<br><br>v.<br><br>JANIE COCKRELL, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, INSTITUTIONAL DIVISION,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-01-205 |

## ORDER ADOPTING MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Amended Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. Furthermore, Petitioner's 28 U.S.C. § 2254 Petition is hereby DENIED, and Respondent's Motion for Summary Judgment (Doc. # 27) is hereby GRANTED.

DONE at Brownsville, Texas this _____ day of _____, 2003.

                                                    Hilda Tagle
                                                  United States District Judge