33

United States District Court
Southern District of Texas
FILED

JUN 0 3 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

JUN - 1 2004

Michael N. Milby, Clerk of Court

SANTOS MONTOYA                            §

  petitioner                              §

                                §        CIVIL ACTION NO.B-01-205

v

JANIE COCKRELL,DIRECTOR
TEXAS DEPT.OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION
 Respondent

     F.R.C.P. MOTION UNDERRule 60 (b)(6) TO ORDER EQUITABLE

TOLLING DURING PENDENCY OF LITIGATION

To the honorable judge of said court:

  Comes now the petitioner Santos Montoya in the above case,

and he would show this court the following as grounds to grant

this motion,

### Statement of the case

Petitioner filed a habeas corpus under 28 U.S.C.§§2241,2254

on November 11,2001,and was Denied on January 8,2003 because

this court found that petitioner raised no claims in his application

which entitle him to relief on a federal writ of habeas corpus.

### STATEMENT OF FACTS

In the late part of 1999 up until the month of May 2000, the

petitioner received eleven disciplinary cases for refusing to

work,good time was lost in four of the cases. After petitioner

filed his step one and step two grievances,he then filed a time

resolution dispute;he then filed a state 11.07 writ of habeas

corpus,and finally a 2254 federal writ.

All of the procedures filed by the petitioner in trying to obtain relief incompass a period of over two years.

## ARGUMENT

Gartrell v.Gaylor,981 F2d 254,258-59(5th cir.1993)suggest that the pendency of prison grievance procedures,or other administrative remedies tolls the statute of limitations.Under the Anti-terrorism and Effective death penalty Act of April 1996 "the time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection."28 U.S.C.§§2244(D)(2).

In Rodriguez v Holmes 963 F.2d 799(5th Cir.1992)page 804-805 this court made a reference to Jackson v Johnson 950 F.2d 263, that Texas had a rule most relevant to this case "where a person is prevented from exercising his legal remedy by the pendency of legal proceedings,the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right."This Texas tolling provision enables a federal district court to dismiss the"civil rights/habeas action" without prejudice and to direct the litigate to pursue promptly state remedies.

## CONCLUSION

The petitioner would ask that after a careful review of the facts this court enter an order stating that the order of DENIAL dated January 9,2003 should be without prejudice,and that Equitable Tolling should toll the statute of limitations.

At this time the petitioner would also bring to the attention of this court that the enclosed exhibit marked exhibit #1 is a letter mailed to the attorney who represented him in this case,the letter indicates that the petitioner never learned about the case being denied by this court on January 8,2003 until the first week of June 2003,over four months after this court entered the order;for this reason the petitioner would ask that the one year deadline for filing a motion under Rule 60 of the Federal Rules of Civil Procedure be extended so that he may not be time barred.

PRAYER

Respectfully,
Santos Montoya # 544493

The petitioner would ask that this Honorable Majistrate Judge, who is familiar with this case,enter an order for the requested relief,and any other relief this court deems appropriate.

CERTIFICATE OF SERVICE

I,Santos Montoya do hereby state that a true and correct copy of this motion titled Motion For Equitable Tolling During Pendency of Litigation,has been served on the defendant's by mailing the same on this date the 24th day of May 2004 to the following address:

Stacey M.Goldstein
Assistant Attorney General
P.O.Box 12548,Capitol Station
Austin,Tx 78711

Respectfully,
Santos Montoya # 544493

May 24, 2004

CC:FILE

Exhibit I

Cameron County District Attorney's Office
C/O: Mr. David S. Gonzales, III, Assistant District Attorney
974 E. Harrison St.
Brownsville, Texas  78520

    RE: Santos Montoya v. Janie Cockrell
       Civil Action No. B-01-205

Dear Mr. Gonzales,

    My name is Santos Montoya currently confined at the Eastham Unit
TDCJ-ID. In August, 2002, you Sir, were appointed to represent me in
the above numbered and entitled cause. We had a hearing on the issues
but I never received a response from you. When I wrote to you I wrote
to at this address. Recently I was told that this was the Courthouse
address that housed the court, the District Clerk's Office and the
District Attorney's Office. I had it verified and yes, it was.

    My question is, "were you an Assistant District Attorney when you
were appointed to represent me at the federal hearing or were you
elected shortly thereafter." It strikes me odd that the federal court
would appoint an officer of the State to represent a civil litigant
that is filing a claim against the State of Texas.

    Either way, I wrote to you in November, 2002 and never got a res-
ponse from you concerning this matter. I was supposed to be bench
warranted back for another hearing but was precluded because of the
hurricane and flooding during the same period that I was scheduled
to be at the federal court for the second hearing. Did you attend in
my behalf?

    Attached you will find a copy of the letter that I mailed to the
federal court clerk. They were notified that a copy of same was sent
to you. I have someone that is helping me catch up with some undis-
closed matters that are relevant in me attaining the "justice" that
I am seeking, and mentioned to you in our previous discussion.

    Please write me back at the below listed address as soon as prac-
tical. Thank you.

                                 #544493
                        SANTOS MONTOYA--PETITIONER
                        05-09-03

## CERTIFICATE OF SERVICE

    I, hereby certify that a true and correct copy of the above and
foregoing numbered cause has been mailed to the above listed party
by placing in the United States Mail on this the 9th day of May, 2003.

                            Respectfully Submitted,

                                  #544493
                        MR. SANTOS MONTOYA
                        TDCJ-ID #544493
                        EASTHAM UNIT
                        P. O. BOX 16
                        LOVELADY, TEXAS 75851