OPINION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SANTOS MONTOYA,<br>Petitioner,<br><br>v.<br><br>JANIE COCKRELL, DIRECTOR<br>TEXAS DEPT. OF CRIMINAL JUSTICE,<br>INSTITUTIONAL DIVISION<br>Respondent. | §§§§§§§§§§§ | CIVIL ACTION NO. B-01-205 |

## CORRECTED MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Santos Montoya has filed a Fed. R. Civ. P. 60(b)(6) motion (Docket No. 33) requesting that the court amend its prior order in which his 28 U.S.C. § 2254 petition was denied (Docket No. 30). After due consideration of the matter the Court is of the opinion that Petitioner's motion should be DENIED.

### BACKGROUND

The Court will not revisit the complete history of this case preferring instead to focus its attention on the issues raised by the instant motion. For a complete history, please refer to the Magistrate Judge's Report and Recommendation attached hereto (Docket No.29).

### DISCUSSION

Generally, Fed. R. Civ. P. 60(b) provides six grounds for which relief may be granted within the discretion of the district court. Review upon appeal is for abuse of discretion. *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998); *cert. denied*. The grounds for relief are as follows:

(1) Mistake, inadvertence, surprise, or excusable neglect;
(2) New discovery evidence;

    (3) Fraud, misrepresentation, other adversary misconduct;
    (4) Void judgment;
    (5) Changed circumstances; and
    (6) In the interest of justice.

Ground six is a "catch-all" category and is reserved for extraordinary circumstances. *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) *cert. denied*, 526 U.S. 1040, 199 S.Ct 1336, 143 L.Ed.2d 500 (1999). In order to be eligible for relief under Rule 60(b)(6) a movant must show actual injury and the presence of circumstances beyond the movant's control that prevented timely action to protect his interests.

  The district court, after a de novo review of this Court's previous Report and Recommendation, granted the government's Motion for Summary Judgment and denied Petitioner's 28 U.S.C. § 2254 petition (Docket No. 30). Petitioner now asks that the order denying his § 2254 application be amended to specify that his petition be dismissed *without prejudice*.

  Petitioner's grounds for relief are less than clear. He asserts that his attorney did not inform him that the court had denied his § 2255 application until June 2003. He claims that the order was entered on January 8, 2004 and that the perceived four month delay in receiving word of the disposition in his case somehow prejudiced him. The record shows, however, that Petitioner is mistaken as to the dates. The Report and Recommendation was *filed* on January 8, 2003 (Docket No. 29) but was not adopted until March 14, 2003 (Docket No. 30).

  Whatever the dates, Petitioner does not "clearly" state how the delay injured him and supports his Rule 60(b)(6) motion. He makes vague references to the requirement that most Rule 60(b) motions should be filed within a year of the judgment, order, or proceeding in question. He claims that this limitations period should have been tolled due to the fact that he had prison grievance proceedings pending. Petitioner's position is premised on a misunderstanding of the law and the purpose of Rule 60(b)(6). The limitations period is not a relevant issue since he does not allege an injury contemplated

2

by the relief provisions of Rule 60(b)(6). Furthermore, as explained in this Court's previous report and recommendation, even if the Court could consider Petitioner's Rule 60(b)(6) claims it could not grant Petitioner's appellate requests because the Texas Legislature has specifically excluded Petitioner, and similarly situated individuals, from being eligible for relief (Docket No. 29).

## RECOMMENDATION

For the reasons stated above, Petitioner's motion (Docket No. 33) should be DENIED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this <u>19th</u> day of September 2005.

Felix Recio
United States Magistrate Judge